POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movants The Phoenix Insurance
Company, Ltd. and The Phoenix Provident
Pension Fund Ltd. and Proposed Lead
Counsel for the Class*

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., a Delaware corporation; ANDREW PASCAL, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:22-cv-02164-VC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY<br><br><u>CLASS ACTION</u><br><br>Date:  July 28, 2022<br>Time:  2:30 p.m.<br>Judge:  Hon. Vince Chhabria<br>Courtroom:  5 – 17th Floor |

Lead Plaintiff Movant Phoenix[1] respectfully submits this memorandum of points and authorities in opposition to the Administrative Motion for Leave to File Sur-Reply in Support of Christian A. Felipe and James H. Dahl's Amended Motion for Appointment as Lead Plaintiffs, Approval of Selection of Lead Counsel, and in Opposition to Competing Motions (the "Sur-Reply Motion") (Dkt. No. 41).

Felipe and Dahl argue that sur-reply is necessary "because Phoenix raised a new argument in its Reply brief . . . to which Movants did not have the opportunity to respond." Dkt. No. 41 at 1. Felipe and Dahl are incorrect. The assertions that Felipe and Dahl reference are merely rebuttals to Felipe and Dahl's own assertions regarding loss calculations. As rebuttal arguments, they were thus appropriately raised in Phoenix's reply. *See*, *e.g.*, *Alaska Oil & Gas Ass'n v. Salazar*, No. 3:11-cv-0025-RRB *et al.*, 2012 U.S. Dist. LEXIS 192434, at \*8 (D. Ak. July 10, 2012) (holding that "a rebuttal argument raised in a reply brief . . . is proper."); *Evans v. Scribe One Ltd. LLC*, No. CV-19-04339-PHX-DLR, U.S. Dist. LEXIS 11600, at \*5 (D. Ariz. Jan. 20, 2022) (evidence "designed to contravene [opposing party's] arguments . . . qualifies as rebuttal evidence (which is appropriate), rather than new evidence (which is not)."). Because the assertions in Phoenix's reply that Felipe and Dahl characterize as "new arguments" are merely rebuttal arguments, their inclusion in Phoenix's reply is entirely proper and gives Felipe and Dahl no basis to seek leave for sur-reply.

Moreover, Felipe and Dahl's proposed Sur-Reply consists entirely of an explanation of the loss-calculation methodology underlying their claimed financial interest in this litigation. *See generally* Dkt. No. 41-1. As such, their claim that they have had no prior opportunity to address these points rings false. Felipe and Dahl might have chosen to explain their loss-calculation

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in Phoenix's moving, opposition and reply briefs. *See* Dkt. Nos. 24, 30, 36.

methodology in their motion brief (Dkt. No. 28), in their opposition brief (Dkt. No. 31), or in their reply brief (Dkt. No. 35), but they opted not to do so.  Indeed, as Phoenix has observed in its prior briefing in this matter, Felipe and Dahl's papers to date have been conspicuously bereft of any meaningful explanation of the basis for their claimed financial interest.  In its opposition brief, Phoenix noted that "Dahl's Certification fails to provide the most basic information regarding" Dahl's PIPE investment, "such as the date of the PIPE offering, the date of the acquisition, which of the several Dahl entities purchased these shares, or any sales of the shares purchased from this offering."  *See* Dkt. No. 30 at 13-14.  In Phoenix's reply brief, it again noted that among other failings, Felipe and Dahl's loss-calculation methodology remained largely unexplained.  *See* Dkt. No. 36 at 1 ("Felipe and Dahl's methodology, to the extent that it can be discerned, is neither rational ***nor*** consistently applied[.]") (emphasis in original).  Phoenix respectfully submits that Felipe and Dahl are not entitled to a fourth round of briefing merely to explain the basis for their claimed losses, which they easily could have done at any point during the first three rounds of motion briefing.

Finally, with respect to the substance of their proposed Sur-Reply, Felipe and Dahl are in any event wrong:

***First***, Felipe and Dahl argue that "[t]he PIPE offering was not a pre-Class Period acquisition" because PIPE investors received Playstudios common stock for $10.00 per share on June 21, 2021, "when the merger closed[.]"  Dkt. No. 41-1 at 1.  However, "***the point at which the parties become irrevocably bound*** is used to determine the timing of a purchase and sale" of a security.  *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 68 (2d Cir. 2012).  Here, the Subscription Agreements comprising the PIPE offering, pursuant to which Dahl and other PIPE investors became irrevocably bound to acquire Playstudios common stock subject to

the terms and conditions set forth therein, were entered into on February 1, 2021—**before** the Class Period. *See* Dkt. No. 36-2 at *7 ("On February 1, 2021, Acies entered into subscription agreements (the 'Subscription Agreements') with certain investors (collectively, the 'PIPE Investors') . . ."). Having made his investment decision and becoming irrevocably bound to purchase Playstudios stock on the terms and conditions set forth in the Subscription Agreements on February 1, 2021, Dahl's PIPE offering investments thus plainly constituted pre-Class Period acquisitions.

*Second*, Felipe and Dahl incorrectly argue that Phoenix is "manipulat[ing] the assumed 'purchase' figure for converted shares and warrants to pre-Class Period prices" in its own loss calculations. Yet Felipe and Dahl fail to explain how Phoenix's calculation of losses with reference to the actual purchase price of its pre-Class Period purchases constitutes manipulation. As the Complaint alleges, the Merger was announced on February 1, 2021, and Playstudios filed its Registration Statement with the SEC on February 16, 2021. *See* Dkt. No. 1 ¶¶ 29, 32. These statements, which are alleged to have been false and misleading, clearly would have artificially inflated the price of Acies stock pre-Merger—and these shares were damaged by the Defendants' false and misleading statements. There is thus no reason whatsoever not include the actual purchase prices of these securities.

Phoenix also notes that Felipe and Dahl's argument represents a change in their position, from initially arguing (incorrectly) in their reply brief that Phoenix erred in "count[ing] as 'purchases' the Playstudios stock it acquired by exchanging shares of Acies Acquisition Corp.—which it acquired *before* the class period began" (Dkt. No. 31 at 4) to now disputing the appropriate price to use for these pre-Class Period Purchases. Felipe and Dahl thus appear to have effectively conceded that Phoenix's pre-Class Period acquisitions of Acies securities should

indeed count toward its financial interest in this litigation, but merely quibble with the purchase price used in order to manufacture the largest financial interest in this litigation.

*Third*, Felipe and Dahl continue to urge the Court to assess the competing movants' losses on an inconsistent basis, by insisting that Dahl's shares acquired pre-Class Period via his PIPE investment be valued at $10.00 per share yet accusing Phoenix of "manipulat[ing]" its financial interest submission by valuing its own securities acquired prior to the Class Period at their pre-Class Period acquisition prices.  As Phoenix has previously argued, Felipe and Dahl's apples-to-oranges methodology is squarely at odds with *Cavanaugh's* mandate to assess financial interest by using a method that is "both rational and ***consistently applied***".  *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002) (emphasis added).

As stated in Phoenix's reply brief (Dkt. No. 36 at 3-4), Phoenix has a larger financial interest than Felipe and Dahl under any consistently applied methodology.  Consistently valuing all securities acquired pre-Merger at their actual pre-Merger purchase prices, Phoenix would have incurred a loss of roughly $4.9 million, compared to Felipe and Dahl's loss of roughly $4.19 million.  In the alternative, valuing all such securities at the Class Period acquisition price (*i.e.*, the June 22, 2021 closing price of $8.40 per share), then Phoenix would have incurred a loss of approximately $3.33 million, compared to Felipe and Dahl's loss of only $3.28 million.  Under either analysis, Phoenix possesses the largest financial interest in this litigation.

For the foregoing reasons, Phoenix respectfully submits that Felipe and Dahl's Sur-Reply Motion should be denied.

Dated:  July 11, 2022                          Respectfully submitted,


                                                          POMERANTZ LLP

                                                          */s/ Jennifer Pafiti*
                                                          Jennifer Pafiti (SBN 282790)

OPPOSITION TO ADMINISTRATIVE MOTION FOR SUR-REPLY - 3:22-cv-02164-VC

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Orly Guy
Eitan Lavie
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Movants The Phoenix Insurance Company, Ltd. and The Phoenix Provident Pension Fund Ltd. and Proposed Lead Counsel for the Class*

OPPOSITION TO ADMINISTRATIVE MOTION FOR SUR-REPLY - 3:22-cv-02164-VC

PROOF OF SERVICE

I hereby certify that on July 11, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                                                    */s/ Jennifer Pafiti*
                                                    Jennifer Pafiti

OPPOSITION TO ADMINISTRATIVE MOTION FOR SUR-REPLY - 3:22-cv-02164-VC