DEAN S. KRISTY *(admitted pro hac vice)*
dkristy@fenwick.com
JENNIFER C. BRETAN *(admitted pro hac vice)*
jbretan@fenwick.com
SOFIA RITALA *(admitted pro hac vice)*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:   415.281.1250

PATRICK G. BYRNE (Nevada Bar No. 7636)
pbyrne@swlaw.com
BRADLEY T. AUSTIN (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile:  702.784.5252

*Attorneys for Defendants*
*PLAYSTUDIOS, Inc., Andrew Pascal, Edward King,*
*Daniel Fetters, James Murren, Zach Leonsis, Brisa*
*Carleton, Andrew Zobler, Sam Kennedy, Christopher*
*Grove, William J. Hornbuckle, Joe Horowitz, Jason*
*Krikorian, and Judy K. Mencher*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01159-RFB-NJK<br><br>**DEFENDANTS' NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants' public statements constitute the subject matter of plaintiffs' Amended Complaint (the "AC") for alleged violations of the federal securities laws, and thus it is appropriate to look at "what representations [the Company] made to the market." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018), *aff'd*, 985 F.3d 1180 (9th Cir. 2021).  As shown below, the Court may consider the documents attached as Exhibits 1 through 19 to the accompanying Appendix of Exhibits to Defendants' Motion to Dismiss Amended Complaint ("Appendix") and described in the Declaration of Jennifer Bretan (the "Bretan Declaration") because they fall into the following categories: (i) defendants' public statements filed with the Securities and Exchange Commission ("SEC") that are challenged in this action, including those subject to plaintiff's claims for alleged violations of Section 11 of the Securities Act of 1933 (the "1933 Act") and Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act") and the surrounding context of those challenged statements; (ii) defendants' public statements in earnings releases, earnings calls, and related quarterly or yearly filings with SEC, including every statement that is alleged to be false and misleading in connection with plaintiff's claim for alleged violation of Section 10(b) of the 1934 Act and the surrounding context of those statements; and (iii) limited other materials, such as a stock price run and Forms 4 filed with the SEC.  The Court may take judicial notice of these materials pursuant to Rule 201 of the Federal Rules of Evidence, the "incorporation by reference" doctrine, and/or the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The documents are listed below.

1.    Acies' Schedule 14A Proxy Statement and Prospectus (the "Proxy/Prospectus"), dated May 25, 2021, attached as **Exhibit 1** to the Appendix.  Plaintiff refers to or quotes from **Exhibit 1** at AC ¶¶ 1, 2, 3, 5, 6, 7, 8, 9, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 43, 46, 47, 49, 50, 52, 55, 57, 58, 63, 71, 72, 73, 79, 81, 83, 87, 88, 89, 90, 91, 92, 93, 94, 102, 103, 108, 112, 114, 122, 123, 124, 125, 126, 131, 135, 136, 137, 138, 139, and 140.

2.    Acies's Form S-4/A Amended Registration Statement, dated May 20, 2021, attached as **Exhibit 2** to the Appendix.  Plaintiff refers to **Exhibit 2** at AC ¶ 1 and, together with the Proxy/Prospectus, throughout the AC, including at the referenced cites listed in paragraph 1 above.

3.    PLAYSTUDIOS' earnings releases during the alleged Section 10(b) class period, which were filed with the SEC, attached as **Exhibits 3, 6 and 9** to the Appendix.  Plaintiff refers to or quotes from **Exhibits 3** and **9** at AC ¶¶ 9, 91, 96, 97 and 108.

4.    PLAYSTUDIOS' earnings conference call transcripts during the alleged Section 10(b) class period, which are attached as **Exhibits 4, 7** and **10** to the Appendix.  Plaintiff refers to or quotes from **Exhibits 4, 7** and **10** at AC ¶¶ 9, 69, 91, 98, 99, 100, 101 and 104.

5.    PLAYSTUDIOS Forms 10-K and Forms 10-Q filed during the alleged Section 10(b) class period, which are attached as **Exhibits 5, 8** and **11** to the Appendix.  These SEC filings are incorporated by reference in each of the earnings calls (and earnings releases) that plaintiffs allege are misleading.  In addition, certain documents containing challenged statements refer to the cautionary statements and risk factors contained in **Exhibits 5, 8** and **11**.

6.    Acies' and PLAYSTUDIOS' February 1, 2021 joint press release, entitled "PLAYSTUDIOS to Become the First Publicly Listed Mobile Games Company Offering Players Real-World Rewards," which was filed with the SEC as an attachment to Acies' Form 8-K on February 2, 2021, attached as **Exhibit 12** to the Appendix.  Plaintiff refers to **Exhibit 12** at AC ¶ 44.

7.    A February 2, 2021 investor presentation which was filed with the SEC as an attachment to Acies' Form 8-K on that same date, attached as **Exhibit 13** to the Appendix.  Plaintiff refers to or quotes from **Exhibit 13** at AC ¶¶ 74, 77 and 78.

8.    A transcript of the February 2, 2021 conference call which was filed with the SEC on Form 425 on that same date, attached as **Exhibit 14** to the Appendix.  Plaintiff refers to or quotes from **Exhibit 14** at AC ¶¶ 73, 74, 75, 76, 77, and 78.

9.    A transcript of the April 7, 2021 Fantini Research interview with Andrew Pascal which was filed with the SEC on Form 425 on April 7, 2021, attached as **Exhibit 15** to the Appendix.  Plaintiff refers to or quotes from **Exhibit 15** at AC ¶¶ 79 and 80.

10.    A May 11, 2021 earnings release entitled "PLAYSTUDIOS, Inc. Announces First Quarter 2021 Results," which was filed with the SEC on Form 425 on that same date, attached as **Exhibit 16** to the Appendix.  Plaintiff refers to or quotes from **Exhibit 16** at AC ¶¶ 81 and 82.

11.   A Form 8-K filed by Acies with the SEC on June 21, 2021, attached as **Exhibit 17** to the Appendix.

12.   Copies of PLAYSTUDIOS' Forms 4 filed with the SEC on behalf of Andrew Pascal, which are attached as **Exhibit 18** to the Appendix.

13.   A table reflecting PLAYSTUDIOS' common stock closing prices from June 22, 2021 to May 5, 2022, attached as **Exhibit 19** to the Appendix.  Plaintiffs refer to PLAYSTUDIOS stock price at AC ¶¶ 2, 109 and 111.

A.   **The Court Should Deem Materials Quoted, Referenced, and Relied Upon in the Amended Complaint Incorporated by Reference**

Because plaintiffs refer to, rely on, quote, and/or expressly base their claims on portions of **Exhibits 1, 2, 3, 4, 7, 9, 10, 12, 13, 14, 15, 16** and **19**, the incorporation by reference doctrine allows the Court to consider such documents on a motion to dismiss.  *See*, *e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *In re Mikohn Gaming Corp. Sec. Litig.*, 2006 WL 2547095, at *7 (D. Nev. Sep 1, 2006) ("[A] court may consider … documents incorporated by reference in the complaint").  The Court may consider the full contents of such documents, even if a complaint only relies on certain portions.  *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (doctrine of incorporation by reference prevents plaintiff from omitting portions of "documents that weaken—or doom—their claims" in favor of only those that support them); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."); *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

The Court may assume that the contents of a document incorporated by reference in a complaint are true for the purposes of a motion to dismiss.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  As such, because **Exhibits 1, 2, 3, 4, 7, 9, 10, 12, 13, 14, 15, 16** and **19** are

expressly incorporated by reference into the AC, the Court may consider them as if part of the complaint. See *Khoja*, 899 F.3d at 1002 ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.").

Similarly, given that the AC extensively quotes and refers to PLAYSTUDIOS' conference calls – during which PLAYSTUDIOS referenced its 10-K and 10-Q filings with the SEC – the Court may also consider those 10-K and 10-Q filings (attached as **Exhibits 5, 8** and **11** to the Appendix) on a motion to dismiss under the incorporation by reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[i]n evaluating the context in which [a] statement appeared, [courts] must take into account 'all parts of the communication that are ordinarily heard or read with it.'") (citation omitted).

**B.    The Court May Take Judicial Notice of SEC filings And Other Public Documents**

The Court may also take judicial notice of public documents whose authenticity cannot be questioned. Fed. R. Evid. 201(b); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). **Exhibits 1, 2, 3, 5, 6, 8, 9, 11, 12, 13, 14, 15, 16, 17** and **18** are all materials filed with the SEC, and courts routinely take judicial notice of such documents, especially when deciding a motion to dismiss in cases under the federal securities laws, even when such filings are not referenced in the Complaint. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings was proper); *Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Form 10-K filed with the SEC); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) (taking judicial notice of SEC Forms 4 not directly referenced in complaint where scienter claims relied on stock sales); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statement not referenced in pleadings where relevant to evaluating scienter); *Fosbre v. Las Vegas Sands Corp.*, 2011 WL 3705023, at *2 (D. Nev. Aug. 24, 2011) ("When ruling on [12(b)(6)] motions, the Court may take into account matters of public record"); *Richardson v. Oppenheimer & Co.*, 2014 WL

1304343, at *3 (D. Nev. Mar. 31, 2014) ("SEC filings are judicially noticeable documents which may be considered on a motion to dismiss.").

In addition, in securities cases where a plaintiff alleges that the "fraud on the market" doctrine is applicable, courts may take judicial notice of publicly available information about a company, such as financial press releases, filings on Forms 10-Q and 10-K, and the publicly reported financial results contained therein (**Exhibits 3, 5, 6, 8, 9** and **11)**, and earnings conference call transcripts (**Exhibits 4, 7** and **10**).  *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news articles); *In re Edward D. Jones & Co., Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (taking judicial notice of defendant's SEC filings and public comments and analyst reports to "determin[e] what information was disclosed to the public"); *Juniper*, 880 F. Supp. 2d at 1058-59 (taking judicial notice of defendant's SEC filings and earnings call transcripts).

Moreover, **Exhibit 19** reflects PLAYSTUDIOS' publicly reported stock price and is properly subject to judicial notice.  *See Bank of Stockton v. Verizon Commc'ns, Inc.*, 375 F. App'x 746, 747 (9th Cir. 2010); *In re MGM Mirage Sec. Litig.*, 2013 WL 5435832, at *4 (D. Nev. Sep. 26, 2013).

### C.      Cautionary Statements Relevant to the Safe Harbor

Finally, as indicated above, the Court may consider **Exhibits 1, 2, 5, 8** and **11** for the independent reason that the PSLRA "safe harbor" for forward-looking statements is at issue, and the Court must consider "any cautionary statement accompanying [a] forward-looking statement, which [is] not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e); *In re Allied Nevada Gold Corp.*, 2016 WL 4191017, at *9 (D. Nev. Aug. 8, 2016) ("The safe harbor provision of the PSLRA provides that 'the court shall consider any statement cited in the complaint and any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant'") (citation omitted).

///

///

///

---

NOT. OF DOCUMENTS INCORPORATED BY
REFERENCE AND RJN ISO DEFS.' MOT. TO DISMISS

5

Case No.: 2:22-cv-01159-RFB-NJK

Dated:  December 21, 2022

FENWICK & WEST LLP

By:  _/s/  Jennifer C. Bretan_
              Jennifer C. Bretan

Dean S. Kristy (admitted *pro hac vice*)
Jennifer C. Bretan (admitted *pro hac vice*)
Sofia Ritala (admitted *pro hac vice*)
FENWICK & WEST, LLP
555 California Street, 12th Floor
San Francisco, CA 94104

Patrick G. Byrne (Nevada Bar No. 7636)
Bradley T. Austin (Nevada Bar No. 13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

Attorneys for Defendants *PLAYSTUDIOS, Inc.,*
*Andrew Pascal, Edward King, Daniel Fetters,*
*James Murren, Zach Leonsis, Brisa Carleton,*
*Andrew Zobler, Sam Kennedy, Christopher Grove,*
*William J. Hornbuckle, Joe Horowitz,*
*Jason Krikorian, and Judy K. Mencher*

Not. Of Documents Incorporated By
Reference and RJN ISO Defs.' Mot. to Dismiss

6

Case No.: 2:22-cv-01159-RFB-NJK

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on December 21, 2022, a true and correct copy of **DEFENDANTS' NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

/s/ Jennifer C. Bretan
Jennifer C. Bretan
Fenwick & West LLP