ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Ste. 104
Las Vegas, NV 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com

**POMERANTZ LLP**
Omar Jafri (admitted *pro hac vice*)
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
ojafri@pomlaw.com

*Attorneys for Lead Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>                    Plaintiff,<br><br>          vs.<br><br><br>PLAYSTUDIOS, INC., et al.,<br><br>                    Defendants. | CASE NO.: 2:22-cv-01159-RFB-NJK<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

PLF.'S OPP. TO DEFS.' RJN and IBR
CASE NO. 2:22-cv-01159-RFB-NJK

The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. (collectively, the "Lead Plaintiff") respectfully submit this Opposition to the Notice of Documents Incorporated by Reference and Request for Judicial Notice (hereafter the "Notice and Request") filed by Defendants Playstudios, Inc. ("Playstudios" or the "Company"), Andrew Pascal ("Pascal"), Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove ("Grove"), William J. Hornbuckle, Joe Horowitz, Jason Krikorian, and Judy K. Mencher (collectively the "Defendants").

As a preliminary matter, Defendants' Notice and Request fails to identify what specific facts contained in their 250-page Appendix are the proper subject of judicial notice or can be appropriately deemed incorporated by reference into the Amended Class Action Complaint for Violations of the Securities Laws (the "Complaint"). ECF No. 73. The Notice and Request runs through a laundry list of Exhibits, and then claims that the Complaint quotes from them or refers to them or that the Exhibits are otherwise the proper subject of judicial notice. ECF No. 94 at 1-5. However, except for irrelevant boilerplate contained in certain SEC filings that Defendants rely upon to take shelter under the safe harbor, which does not apply, Pascal's trading history, and the Company's stock prices, Defendants do not explain what specifically in the Appendix can be introduced at the pleading stage to contradict the Complaint's well-pled allegations without violating the cardinal rule that a defendant cannot insert his or her own version of the facts at the pleading stage and must assume that a plaintiff's allegations are true.

"Judges are not like pigs, hunting for truffles buried in briefs." *Ferris v. Wynn Resorts Ltd.*, No. 2:18-cv-00479-APG-DJA, 2021 U.S. Dist. LEXIS 141616, at *18-19 (D. Nev. July 28, 2021) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). In *Wynn Resorts Ltd.*, Judge Gordon declined to take judicial notice of certain documents where, like here, the defendants failed to identify the specific facts that they claimed were incorporated by reference into the complaint or otherwise subject to judicial notice. 2021 U.S. Dist. LEXIS 141616, at *18-19. The Court should do the same here, and deny the request in full because Defendants failed to identify what specific facts should be judicially noticed or deemed incorporated into the Complaint with respect to the vast majority of Exhibits appended to the Notice and Request.

-1-

Even if the Court indulged the Notice and Request, it should be denied because this is yet another clear case where a defendant seeks to abuse judicial notice and the incorporation by reference doctrine in a futile effort to contradict the Complaint's allegations and conduct a trial by paper without discovery or an actual trial. Even when the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") are at issue, a plaintiff's allegations are presumed to be true, construed in a light most favorable to the plaintiff, and courts do not credit a defendant's counterfactuals or entertain affirmative defenses on a motion to dismiss. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts must accept all allegations in the complaint as true and draw all inferences in plaintiffs' favor in securities fraud cases); *In re CV Scis., Inc.*, No. 2:18-cv-01602-JAD-BNW, 2019 U.S. Dist. LEXIS 212562, at *5 (D. Nev. Dec. 10, 2019) (striking exhibits that were otherwise subject to judicial notice because defendants abused them to support factual assertions at the pleading stage); *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558-GMN-VCF, 2013 U.S. Dist. LEXIS 139356, at *15 (D. Nev. Sep. 26, 2013) (refusing to consider documents that defendants abused to support defenses as inappropriate on a motion to dismiss).

The federal Circuits have universally condemned the abusive use of exhibits in securities fraud cases where a defendant can hide documents pursuant to the discovery stay of the PSLRA, but simultaneously flood the court's docket with inappropriate evidence to try to improperly topple cognizable claims. In a recent decision, the Ninth Circuit emphasized that this risk is greatest in securities class actions. It held that:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. ***This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access***. (citations omitted). ***If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief***. (citations omitted and emphasis added).

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607-08 (4th Cir. 2015) (reversing dismissal when the district court improperly took judicial notice of defendants' trading history to draw a pleading inference in their favor and disregarded complaint allegations of deliberate recklessness).

Amazingly, defendants in securities cases now increasingly rely on *Khoja* to justify further abuse, *see, e.g.*, ECF No. 94 at 3, even though that decision categorically precludes the misuse of judicial notice and the incorporation by reference doctrine to dispute complaint allegations or build defenses at the pleading stage. *See*, *e.g.*, *Khoja*, 899 F.3d at 1014 ("Although incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, *we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint*. The incorporation-by-reference doctrine *does not override* the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage.") (emphasis added).

The Notice and Request here improperly uses the Exhibits to contradict the Complaint's well-pleaded allegations and support Defendants' "alternative facts" and defenses. The false narrative begins with a conclusory assertion that Grove was not "listed as an Acies director or as a director of the Company (*and never held such positions*)," ECF No. 91 at 3 n.5 (emphasis added), but neglects to inform the Court that Grove was identified as a "Director" of Acies in a draft of the Defective Proxy/Registration Statement ("DP/R") filed with the SEC on Form S-4 on February 16, 2021. *See* Acies Acquisition Corp. Form S-4 at 201, filed with the SEC on February 16, 2021, available at https://www.sec.gov/Archives/edgar/data/1823878/000110465921023693/tm216054-1_s4.htm. By that point, numerous misstatements that constitute proxy solicitations under the SEC's rules had already been made in early February 2021. ECF No. 73 at ¶¶73-78.

The false narrative then totally derails from there with a "Factual Background" section that never once accepts the Complaint's allegations as true, but instead liberally relies on and cites Defendants' chosen Exhibits in defiance of the pleading standards. ECF No. 91 at 4-10. Even worse, the "Factual Background" section contains empty boasts about the reception of Playstudios'

casino games that do not even cite anything to support the assertions—not even a self-serving document prepared by the Defendants. ECF No. 91 at 4. Obviously, this is an overly defensive reaction to the Complaint's well-pled allegation that Pascal is a man of extreme privilege propped up by ultra-rich relatives, friends, and neighbors—allegations that Defendants do not, and cannot, deny. ECF No. 73 at ¶¶40-41.

Defendants then launch into a discussion about "related party disclosures," hoping that the Court will accept as true both that Pascal did not profit from his misconduct, though Defendants do not assert that Pascal made less money from his stock exchange before the merger, and that the merger with Playstudios was conflict free and legal because Defendants said so in certain SEC filings already alleged to contain material misstatements and omissions. ECF No. 91 at 7-8. Finally, Defendants rely on Exhibit 17 to contend "that a majority of Acies shareholders chose to redeem their shares for cash," ECF No. 91 at 8, 28, but do not explain why the Court should accept this as true when the Complaint pleads the opposite. ECF No. 73 at ¶90. Regardless, Defendants' contention is false and contradicted by the self-serving documents that they created themselves. At the Extraordinary General Meeting, 61.73% of the ordinary shares outstanding, or 16,610,150 ordinary shares, were allegedly represented in person or by proxy. ECF No. 93-17 at 211. That means there were 26,907,743 total shares outstanding. Holders of 11,333,489 shares, or 42.12% of all outstanding shares, exercised their right to redeem. ECF No. 93-17 at 213. That means "a majority of Acies shareholders," ECF No. 91 at 8, 28, **did not** redeem their shares just as the Complaint alleged. ECF No. 73 at ¶90. For these reasons, Lead Plaintiff respectfully requests the Court to disregard all factual assertions made in the MTD. *See, e.g.*, *Johnson v. Knapp*, No. CV 02-9262-DSF (PJW), 2008 U.S. Dist. LEXIS 125001, at *10 (C.D. Cal. Dec. 17, 2008) ("[T]he Court ignores Defendants' version of the facts and relies, instead, on Plaintiff's version contained in the Complaint and any inferences that can be drawn from it.").

The problems progressively get worse as Defendants attempt to defend their clear misrepresentations and omissions. Defendants improperly invoke the safe harbor with a lengthy discussion of boilerplate contained in the DP/R, but the Court should ignore the boilerplate in its entirety because the safe harbor does not apply. *See, e.g.*, *Livid Holdings Ltd. v. Salomon Smith*

*Barney, Inc.*, 416 F.3d 940, 947-48 (9th Cir. 2005) (holding that the bespeaks caution doctrine only applies to forward-looking statements); *Iowa Pub. Employees' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 142 (2d Cir. 2010) (holding that a defendant cannot hide behind purported disclosures when misrepresentations of current fact or omissions of existing fact are alleged).

As another example—perhaps the most egregious abuse of judicial notice and the incorporation by reference doctrine in the case at bar—Defendants request the Court to assume that Kingdom Boss successfully and "globally" launched as expected in late 2021. ECF No. 91 at 2, 9, 14, 17, 18, 20. This bogus claim is based on a conclusory assertion made in Playstudios' Annual Report filed on Form 10-K for fiscal year 2021 (the "2021 10-K"). *Id.* (repeatedly citing Defs.' Ex. 11 at 186). The 2021 10-K states that certain selling, marketing, depreciation and amortization expenses were incurred in connection with the alleged "global launch of Kingdom Boss." Defs.' Ex. 11 at 186. In defiance of the pleading standards, Defendants rely on their own representations made in the 2021 10-K to assume not only that the game launched "globally," but that the launch was meaningful enough to render their statements true as a matter of law. ECF No. 91 at 2, 9, 14, 17, 18, 20.

Recognizing that the Complaint never quoted from or referred to the 2021 10-K, Defendants assert that the 2021 10-K is nevertheless incorporated by reference because the Complaint quotes from Playstudios' conference calls "during which Playstudios referenced its 10-K and 10-Q filings." ECF No. 94 at 4. This assertion is false. As Defendants themselves recognize, the 2021 10-K was released on March 3, 2022. *See* Cover Page to Defendants' Exhibit 11, ECF No. 93-11. The Complaint does not include quotations from any conference call held after March 3, 2022, and the 2021 10-K could not be "referenced" in documents published before it was even created or filed. ECF No. 73 at ¶¶98-101, 104-05, 108.

Even so, there is no basis to extend the incorporation by reference doctrine to the unreasonable extent that Defendants seek in a desperate effort to insert their own version of the facts at the pleading stage. Playstudios' conference calls during the Class Period referred to its SEC filings for further information about the "risks that could impact [the Company's] future

operating results and financial condition." Defs.' Ex. 4 at 110.  They did not refer the listener to information about Kingdom Boss's expenses and its alleged "global" launch.  *Id.*

Defendants also know that they have no legal basis to advance this frivolous position.  They cite the Ninth Circuit's decision in *Knievel v. ESPN* to justify the abuse, but courts in the Circuit have repeatedly rejected similar attempts to mischaracterize that precedent.  393 F.3d 1068, 1076 (9th Cir. 2005).  In *Knievel*, the Ninth Circuit affirmed incorporation by reference of webpages that provided context to an image and caption that the plaintiff alleged was defamatory.  *Id.* Without examining the webpages, the Court could not determine whether the image and caption were defamatory.  *Id.*  "Here, there is no issue with the completeness of an otherwise admissible document.  It is a new document altogether."  *Al-Ahmed v. Twitter, Inc.*, No. 21-cv-08017-EMC, 2022 U.S. Dist. LEXIS 91204, at *14-15 (N.D. Cal. May 20, 2022).  As such, Defendants' attempt to misconstrue *Knievel* fails.  *Id.*; *see also In re CV Scis., Inc.*, 2019 U.S. Dist. LEXIS 212562, at *5 n.15 (rejecting reliance on *Knievel* and refusing to incorporate a document that was not central to plaintiff's claim or necessary to provide context); *Rhodeman v. Ocwen Loan Servicing, LLC*, No. EDCV 18-2363 JGB (KKx), 2019 U.S. Dist. LEXIS 197944, at *5 n.1 (C.D. Cal. Nov. 12, 2019) (refusing to apply *Knievel* because, like here, plaintiff did not refer to or rely on the document); *Clark v. Hershey Co.*, No. C 18-06113 WHA, 2019 U.S. Dist. LEXIS 29700, at *23-24 (N.D. Cal. Feb. 25, 2019) (noting that the exception created in *Knievel* applies only in the rarest of circumstances); *Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-cv-05370-MEJ, 2018 U.S. Dist. LEXIS 100227, at *10-11 (N.D. Cal. June 14, 2018) (refusing to apply *Knievel* because defendants failed to show that the viewer must have seen the document).

The tendency of a corporate defendant to defy the applicable pleading standards and/or exaggerate the requirements of the PSLRA in securities litigation is a longstanding problem, but the trend now is to clamp down on a defendant's abuse.  *See, e.g.*, *Khoja*, 899 F.3d at 998-99; *Zak*, 780 F.3d at 607-08; *Torres v. Berry Corp. et al.*, No. 20-cv-03464-KGS, at ECF No. 82 (N.D. Tex. Sep. 13, 2022) (denying request for judicial notice and incorporation by reference in full when defendants similarly crossed lines).

For all of these reasons, Lead Plaintiff respectfully requests the Court to follow these wise decisions and deny the Notice and Request in full.

Dated: February 21, 2023                    Respectfully submitted,

               **MUEHLBAUER LAW OFFICE, LTD.**

               */s/ Andrew R. Muehlbauer*
               ANDREW R. MUEHLBAUER, ESQ.
               Nevada Bar No. 10161
               7915 West Sahara Avenue, Suite 104
               Las Vegas, Nevada 89117
               Telephone: 702-330-4505
               Fax: 702-825-0141
               Email: andrew@mlolegal.com

               *Local Counsel for Lead Plaintiff*

                 *-and-*

               **POMERANTZ LLP[1]**

               */s/ Omar Jafri*

               Joshua B. Silverman
               Omar Jafri
               Ten South La Salle Street, Suite 3505
               Chicago, Illinois 60603
               Telephone: (312) 377-1181
               Facsimile: (312) 377-1184
               E-mail: jbsilverman@pomlaw.com
                  ojafri@pomlaw.com

                 *-and-*

               Jeremy A. Lieberman
               600 Third Avenue, 20th Floor
               New York, New York 10016
               Telephone: (212) 661-1100
               Facsimile: (212) 661-8665
               E-mail: jalieberman@pomlaw.com

               *Lead Counsel for Lead Plaintiff and the Class*

---

[1] Orly Guy and Eitan Lavie, who are Of Counsel to Pomerantz and admitted to practice in Israel, also provide advice to Lead Plaintiff in connection with this matter.