ANDREW R. MUEHLBAUER
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
        sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on behalf of all those similarly situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>                Defendants. | Case No. 2:22-cv-01159-RFB-NJK<br><br><br>**UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES** |

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES

The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. (collectively referred to herein as the "Lead Plaintiff") file this Motion to take Notice of Supplemental Authorities decided after Lead Plaintiff filed an Opposition to Defendants' Motion to Dismiss the Amended Complaint. This Motion is unopposed for the purpose of taking notice of the supplemental authorities itself, but Defendants may not necessarily agree with Lead Plaintiff's interpretation of the supplemental authorities.

On March 10, 2023, a motion to dismiss was partially denied in a similar SPAC related case captioned *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.*, No. 4:21-cv-08943-KAW, ECF No. 81 (N.D. Cal. Mar. 10, 2023), attached hereto as Exhibit A. In *Bernstein*, the court found that even general allegations of due diligence alone were sufficient to plead a negligence claim under Section 14(a) of the Securities Exchange Act of 1934 (hereafter the "Exchange Act"). *Id.* at 15-16. There, Defendants had touted due diligence in connection with the de-SPAC yet omitted to disclose material facts in the Defective Proxy/Registration Statement. *Id.*

On March 16, 2023, the Ninth Circuit reversed the dismissal of plaintiffs' claims brought under Section 10(b) of the Exchange Act in *Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, No. 21-16876, 2023 U.S. App. LEXIS 6285, __ F.4th __ (9th Cir. 2023), attached hereto as Exhibit B. In this published decision, the Ninth Circuit rejected many of the arguments that corporate defendants have rinsed and repeated in securities class actions for years, and held or found the following instead:

- Courts cannot "comingle" the lower standard for falsity with the higher standard for scienter in securities cases. *Id.* at *31-32.

- The Private Securities Litigation Reform Act ("PSLRA") was intended to prevent sham litigation, not meritorious lawsuits, and courts must be careful not to impose an "impossibly high burden on" plaintiffs that only serves to allow fraudsters to evade accountability. *Id.* at *40-41.

- Not one Confidential Witness ("CW") is required to talk to or hear from a defendant to be credited given that not one did such a thing for the reversed claims. *Id.* at *34-51. Nor

1

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES

does a CW need to provide evidence of facts known to the defendant before a particular statement is made, *id.* at *51, and CW accounts that report facts cannot be disregarded based on evidence-free presumptions such as a subjective disagreement of opinion, *id.* at *47-48.

- A defendant's direct response to analyst questions concerning the specific nature of the fraud cannot be mischaracterized as puffery.  *Id.* at *43-44.

- A defendant cannot rely on months-stale boilerplate to escape liability for a failure to disclose that he or she already has information suggesting that an event "***might not***" occur.  *Id.* at *69-70.

- Regardless of whether a statement is forward-looking, a risk does not need to materialize for cautionary language to be ineffective. A defendant's awareness of a "significant likelihood" that the risk would materialize is enough.  *Id.* at *72-73.

- Regardless of whether a statement is forward-looking, awareness of omitted facts that render a statement misleading is sufficient to demonstrate "actual knowledge" and overcome the PSLRA's safe harbor.  *Id.*

Dated:  April 5, 2023

Respectfully submitted,

*/s/ Andrew R. Muehlbauer*
ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
        sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES

*-and-*

**POMERANTZ LLP**

Joshua B. Silverman (*admitted PHV*)
Omar Jafri (*admitted PHV*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
          ojafri@pomlaw.com

*-and-*

Jeremy A. Lieberman (*admitted PHV*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

*Lead Counsel for Lead Plaintiff*

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Andrew R. Muehlbauer
Andrew R. Muehlbauer

4
UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES