DEAN S. KRISTY *(admitted pro hac vice)*
dkristy@fenwick.com
JENNIFER C. BRETAN *(admitted pro hac vice)*
jbretan@fenwick.com
SOFIA RITALA *(admitted pro hac vice)*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:   415.281.1250

PATRICK G. BYRNE (Nevada Bar No. 7636)
pbyrne@swlaw.com
BRADLEY T. AUSTIN (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile:  702.784.5252

*Attorneys for Defendants*
*PLAYSTUDIOS, Inc., Andrew Pascal, Edward King,*
*Daniel Fetters, James Murren, Zach Leonsis, Brisa*
*Carleton, Andrew Zobler, Sam Kennedy, Christopher*
*Grove, William J. Hornbuckle, Joe Horowitz, Jason*
*Krikorian, and Judy K. Mencher*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 2:22-cv-01159-RFB-NJK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |

　　　　　　　　　Case No.: 2:22-cv-01159-RFB-NJK

At the same time that plaintiff claims defendants "never address the full statements pled in the [Amended] Complaint or examine them in their full context" (ECF No. 99, Opposition at 14-15), plaintiff objects to defendants' submission of materials doing precisely that. By submitting these materials – including the very statements plaintiff has put at issue in this case – the Court can appropriately assess the statements and inferences to be drawn therefrom. Doing so merely embodies the well-established principle that statements are to be evaluated in context under the rigorous pleading standards for securities fraud. The documents submitted in support of defendants' motion to dismiss are properly before the Court and the request should be granted.

Defendants' Notice of Documents Incorporated by Reference and Request for Judicial Notice ("RJN") established that Exhibits 1-19 are properly considered by the Court under the doctrines of incorporation by reference, judicial notice, or both. Plaintiff's response in opposition ("RJN Opposition" or "RJN Opp.") does not dispute that 13 of the 19 documents are ***directly referenced*** in the Amended Complaint ("AC") and thus incorporated by reference. Nor does plaintiff contest that courts routinely take judicial notice of documents filed with the Securities and Exchange Commission ("SEC") (which covers the remaining six exhibits and provides an additional basis for consideration of the majority of the others). Despite the undeniable legal basis for the Court considering these documents, plaintiff repeats the tired refrain (made in many cases) that defendants are seeking to introduce "alternative facts" and a "false narrative" to resolve factual disputes. RJN Opp. at 2, 3. In reality, defendants have done no more than ask the Court to evaluate the statements in context, which is entirely consistent with governing law and the Private Securities Litigation Reform Act of 1995 ("PLSRA").[1]

***First,*** plaintiff's argument ignores that Exhibits 1-5, 7-16, and 19 are properly subject to the incorporation by reference doctrine.[2] *See* RJN at 3-4; *In re NVIDIA Corp. Sec. Litig.*, 768

---

[1] Plaintiff also uses the RJN Opposition to introduce additional arguments on the merits that did not fit within the confines of its 28-page Opposition brief. *See* L.R. 7-3(c). For this further reason, the objections should be disregarded.

[2] As noted in the RJN, Exhibits 5, 8 and 11 (Forms 10-Q and 10-K) are SEC filings referenced in conference calls that are extensively quoted in the AC, and those exhibits are also deemed incorporated by reference in the AC. *See* RJN at 4; *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[i]n evaluating the context in which [a] statement appeared, [courts] must take into account 'all parts of the communication that are ordinarily heard or read with it.'") (citation

F.3d 1046, 1058 n.10 (9th Cir. 2014).  As the Ninth Circuit has held, "[o]nce a document is deemed incorporated by reference, the ***entire document is assumed to be true*** for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *NVIDIA*, 768 F.3d at 1058 n.10 (emphasis added, citation omitted).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

*Second,* whether incorporated by reference or subject to judicial notice, consideration of each of defendants' exhibits is fully consistent with the Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007).  *Tellabs* requires plaintiff to show that: (i) all relevant facts support a cogent and compelling theory of fraud; and (ii) the inference of fraud is at least as convincing as "any opposing inference of nonfraudulent intent." *Id.* at 313-14.  To weigh the legal sufficiency of a complaint, the court considers *all* reasonable inferences to be drawn (including those ***adverse*** to plaintiffs' theory) based on the complaint and "other sources" typically considered in connection with a motion to dismiss, including "documents ***incorporated into the complaint by reference***, and ***matters of which a court may take judicial notice.***" *Id.* at 322-26 (emphasis added).  Given the holistic assessment required by the PSLRA, this approach makes sense.  The "strength of an inference cannot be decided in a vacuum." *Id.* at 323; *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002).

*Third,* and underscoring the conclusion that consideration of these documents is proper, plaintiff broadly alleges that the AC is based on, *inter alia*, "public statements and filings made" with the SEC; "wire and press releases issued by or regarding Playstudios [] and Acies Acquisition Corp.;" and other "information readily available on the Internet" concerning

---

omitted).  Plaintiff's effort to sidestep *Knievel* fails.  Each of the cases plaintiff cites (RJN Opp. at 6) finds no incorporation because the documents at issue were not necessary to ascertain the proper context of the statement or document referred to in the complaint.  *See e.g.*, *Rhodeman v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 197944, at *5 n.1 (C.D. Cal. Nov. 12, 2019) (refusing to incorporate non-public letter because it did not provide key context to statements relied upon in the complaint).  Here, to evaluate the context of the challenged conference call statements, the Court must necessarily examine the documents referred to in those conference calls, including Exhibits 5, 8 and 11.

defendants.  AC at 1.  As the AC's preamble makes clear (*id.*), plaintiff refers to those purported sources in an effort to bolster its allegations.  *See* 15 U.S.C. § 78u-4(b)(1) ("if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed"); *see also Rok v. Identiv, Inc.*, 2016 WL 4205684, at *1 (N.D. Cal. Aug. 10, 2016) (noting that a substantially similar preamble was designed to show compliance with Rule 11).  In light of the preamble that plaintiff chose to include in the AC, any protest that consideration of the Company's actual public statements is somehow "improper" (RJN Opp. at 3) falls flat, as defendants are clearly permitted to cite (and the Court to consider) the "publicly available information" on which the AC is purportedly based.  *See Rok*, 2016 WL 4205684, at *1 (relying on plaintiffs' preamble to deny motion to strike).  Plaintiff's request that the Court ignore the contents of the ***very documents plaintiff purportedly relied upon in an effort to satisfy its pleading burden*** lacks merit.

***Fourth,*** plaintiff makes the odd assertion that the Court should not review the Company's actual risk disclosures (in Exhibits 1, 2, 5, 8 and 11) based purely on its conclusory allegation that the safe harbor does not apply because the risk factors were somehow inadequate.  RJN Opp. at 4-5.  But the Court cannot determine the sufficiency of a risk factor without examining the risk factor itself.  That is why the PSLRA mandates that the Court review the risk disclosures as a part of its safe harbor analysis.  *See* 15 U.S.C. § 78u-5(e); *In re Allied Nevada Gold Corp.*, 2016 WL 4191017, at *9 (D. Nev. Aug. 8, 2016); *see also Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1059 (9th Cir. 2014) (evaluating risk factors on a motion to dismiss and finding them adequate); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112 (9th Cir. 2010) (same).

***Fifth***, plaintiff does not dispute the authenticity of Exhibits 1-3, 5-6, 8-9, and 11-18 – all of which were publicly filed with the SEC (and many of which are also subject to incorporation by reference).  Courts routinely take judicial notice of SEC filings to demonstrate what defendants publicly reported and said to investors – which is precisely the purpose for defendants submitting the documents here.  *See* RJN at 4-5; *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Sgarlata v. PayPal, Inc.*, 2018 WL 6592771, at *6 (N.D. Cal. Dec. 13, 2018) (taking judicial notice of press releases, not for the truth of the matters asserted,

but to show what was reported publicly).[3]  Notwithstanding, plaintiff takes defendants to task for purportedly using the exhibits to submit disputed "alternative facts" that "contradict" the AC. RJN Opp. at 3.  For example, plaintiff asks the Court to ignore the fact that the Company publicly disclosed in Exhibit 11[4] that it had launched *Kingdom Boss* in December 2021.  *Id.* at 5.  But there is no dispute that *Kingdom Boss* launched in December 2021 – the AC agrees that it did.  *See* AC ¶ 66.  What plaintiff really objects to is the competing inferences defendants draw from that undisputed fact, which is not a proper basis for the objection here.  *See In re LeapFrog Enters., Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1041 n.3 (N.D. Cal. 2007) (taking judicial notice of documents that plaintiffs claimed were "irrelevant," and noting that "plaintiffs' dispute appear[s] to be with the arguments defendants[] make in reliance on some of the submitted documents"); *Wozniak v. Align Tech., Inc.*, 850 F. Supp. 2d 1029, 1039 n.6 (N.D. Cal. 2012) (granting request for judicial notice when plaintiff's sole objection was to the "'unreasonable inferences' defendants seek to draw").[5]

The Court can consider the full context of the documents showing what defendants actually said publicly and to evaluate plaintiff's claims accordingly.  Plaintiff's objections should be overruled, and defendants' requests should be granted.

[3] Plaintiff's citation to *Ferris v. Wynn Resorts, Ltd.*, 2021 U.S. Dist. LEXIS 3216462 (D. Nev. July 28, 2021) for the proposition that defendants' exhibits must be rejected in their totality because the RJN "failed to identify what specific facts" are properly the subject of judicial notice or incorporation by reference (RJN Opp. at 1) is unavailing.  To begin, *Ferris* does not apply this reasoning to documents subject to incorporation by reference.  *Ferris*, 2021 U.S. Dist. LEXIS 3216462, at *18.  Nor could it – as discussed above, Ninth Circuit authority holds that once a document is incorporated by reference, the contents of that document are assumed to be true and the parties are free to refer to any of its contents on a motion to dismiss.  *See NVIDIA*, 768 F.3d at 1058 n.10.  Nor does *Ferris* cite to any rule or Ninth Circuit precedent that requires an itemization of specific facts to be judicially noticed.  In any event, plaintiff does not appear to be confused about which facts and statements defendants seek judicial notice of – the RJN Opposition spends three pages arguing that the Court cannot take judicial notice of specific facts.  RJN Opp. at 3-5.

[4] Plaintiff asserts that Exhibit 11 – a Form 10-K for the fiscal year ended December 31, 2021, filed with the SEC on or about March 3, 2022 – is not incorporated by reference by any conference call referenced in the AC.  RJN Opp. at 5.  Not so.  Exhibit 10 – the February 24, 2022 conference call specifically refers investors to "our SEC filings" which would include the 10-K filed shortly thereafter.  *See* Ex. 10 at 166.  At any rate, the Form 10-K is an SEC filing which is subject to judicial notice.

[5] The only other exhibit plaintiff expressly disputes is Exhibit 17, a Form 8-K filed with the SEC. RJN Opp. at 4.  There again, plaintiff's issue is with the conclusions defendants draw from the document – that many Acies shareholders redeemed their shares for cash – not the numbers as reported in the Form 8-K itself.  *Id.*

Dated:    April 7, 2023

FENWICK & WEST LLP

By: /s/        *Dean S. Kristy*
            Dean S. Kristy

Attorneys for Defendants PLAYSTUDIOS, Inc., Andrew Pascal, Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove, William J. Hornbuckle, Joe Horowitz, Jason Kirkorian, and Judy K. Mencher.

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on April 7, 2023, a true and correct copy of **REPLY IN SUPPORT OF DEFENDANTS' NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

*/s/ Dean S. Kristy*
Dean S. Kristy
Fenwick & West LLP