DEAN S. KRISTY *(admitted pro hac vice)*
dkristy@fenwick.com
JENNIFER C. BRETAN *(admitted pro hac vice)*
jbretan@fenwick.com
SOFIA RITALA *(admitted pro hac vice)*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:   415.281.1250

PATRICK G. BYRNE (Nevada Bar No. 7636)
pbyrne@swlaw.com
BRADLEY T. AUSTIN (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile:  702.784.5252

*Attorneys for Defendants*
*PLAYSTUDIOS, Inc., Andrew Pascal, Edward King,*
*Daniel Fetters, James Murren, Zach Leonsis, Brisa*
*Carleton, Andrew Zobler, Sam Kennedy, Christopher*
*Grove, William J. Hornbuckle, Joe Horowitz, Jason*
*Krikorian, and Judy K. Mencher*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01159-RFB-NJK<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES (ECF NO. 102)** |

While defendants did not object to the filing of plaintiff's motion as a procedural matter, neither of the "supplemental authorities" plaintiff references cures the deficient allegations in ***this case***.  If anything, they illustrate why the claims here fail and should be dismissed.

*Bernstein v. Ginkgo Bioworks Holdings, Inc.*, No. 4:21-cv-08943-KAW (N.D. Cal. Mar. 10, 2023) (attached to plaintiff's motion as Ex. A), illustrates the point. Unlike the case here, which involves ***forward-looking statements*** about the anticipated launch of *Kingdom Boss,* there were no forward-looking statements at issue in *Bernstein*.  Instead, the case addressed statements regarding the company's ***existing*** business, including that (a) most of the company's revenues were derived from related party entities (with which the company intermingled employees and shared headquarters), rather than external customers, thus rendering false statements that revenues were "legitimate vendor-customer transaction[s]," and (b) failed to disclose that its revenues included recycling $30 million of the company's own funds back to it rather than being true sales. *Id.* *5-6, 11-12.  The allegations also had extensive support, including 21 research interviews of former employees, executives, and related party customers. *Id.* at *6-7.  Given these specifics, the court held that plaintiffs had pleaded both falsity and scienter, and sustained claims under Sections 10(b) and 14(a) of the Securities Exchange Act. *Id.* at *10-15.

The allegations here are a far cry from what was alleged in *Bernstein*.  And while plaintiff offers *Bernstein* for the proposition that "even general allegations of due diligence" by individual defendants (directors of a SPAC) over the target company's business will suffice under Section 14(a) (ECF No. 102 at 1), nothing in the case so holds.  To the contrary, in discussing Section 14(a), *Bernstein* held that "private plaintiffs must meet the heightened pleading standards of the PSLRA." *Id.* at *15.  The *Bernstein* plaintiffs cleared that bar there; plaintiff here has not.[1]

The second authority plaintiff references, *Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, __ F.4th _, 2023 U.S. App. LEXIS 6285 (9th Cir. Mar. 16, 2023) (attached to plaintiff's motion as Ex. B) was cited in defendants' reply brief because it supports dismissal of the claims

---

[1] In any event, as noted in defendants' motion, while plaintiff makes a few allegations about due diligence in the Amended Complaint ("AC") (ECF No. 73) (¶¶ 44-49), it tellingly does not challenge any statement in the proxy on that basis and omits any mention of due diligence statements in the AC's list of supposed misstatements (¶¶ 71-81). *See* Def. Mot. at 7-8 n.8 (ECF No. 91).  Thus, nothing in *Bernstein* could even arguably save plaintiff's Section 14(a) claim.

alleged here. *See* ECF No. 103 at 9. In *Glazer,* the Ninth Circuit affirmed dismissal of many claims, including those challenging forward-looking statements, finding they were accompanied by meaningful cautionary language in SEC filings and within the safe harbor. 2023 U.S. App. LEXIS 6285, at *33-34, 53-54, 72-73.[2] As further noted in defendants' reply, *Glazer* firmly rejects the argument, also made here, that the "temporal proximity" between a statement (in *Glazer*, that a merger "might" result in lost business) and an adverse event (loss of three major channel partners shortly thereafter) was sufficient to plead scienter, relying on its prior decision in *Twitter*. *Id.* at *63-66, citing *Weston Fam. P'ship LLP v. Twitter, Inc.,* 29 F.4th 611, 622 (9th Cir. 2022).

Besides mischaracterizing the case as an outright "reversal," plaintiff asserts that the *Glazer* court somehow held that there was a "lower standard for falsity" that should not be commingled "with the higher standard for scienter." ECF No. 102 at 1. The court did not suggest that falsity was subject to a "lower standard," however. Rather, in the pages plaintiff references, the court merely held that, because falsity and scienter are separate elements of a claim under Section 10(b), they should be assessed separately, even if some facts may bear on both elements. 2023 U.S. App. LEXIS 6285, at *31-32. In doing so, the court again reiterated that the PSLRA imposes "formidable pleading requirements," including the express requirement that ***both*** falsity and scienter be pleaded with particularity. *Id.* at 30. The remaining aspects of *Glazer* simply applied well-established principles to the allegations in that particular case.

Dated:  April 18, 2023

FENWICK & WEST LLP

By: /s/    *Dean S. Kristy*
Dean S. Kristy

Attorneys for Defendants PLAYSTUDIOS, Inc., Andrew Pascal, Edward King, Daniel Fetters, James Murren, Zach Leonis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove, William J. Hornbuckle, Joe Horowitz, Jason Kirkorian, and Judy K. Mencher.

---

[2] The court found that only one forward-looking statement was not protected by the safe harbor – a May 11, 2020 statement that the company still expected to close a merger even though the merger partner had advised days earlier (on May 8) that it was considering not closing. *Id.* at *68-69. While the court held that risk factors about the merger were sufficient prior to May 11, 2020, they were no longer meaningful given the undisclosed new development. *Id.* at *72-73.

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on April 18, 2023, a true and correct copy of **RESPONSE TO PLAINTIFF'S MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES (ECF NO. 102)** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

/s/ Dean S. Kristy
Dean S. Kristy
Fenwick & West LLP