ANDREW R. MUEHLBAUER
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
         sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01159-RFB-NJK<br><br><br>**REPLY IN SUPPORT OF MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES** |

REPLY IN SUPPORT OF MOTION TO TAKE NOTICE

The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. (collectively referred to herein as the "Lead Plaintiff") file this Reply in support of the Motion to Take Notice of Supplemental Authorities.

It is well-settled that parties cannot raise arguments for the first time in a reply brief, and the failure to raise an issue in a motion to dismiss constitutes a waiver. *See, e.g.*, *Tilcock v. Budge*, No. 3:03-CV-0037-ECR-RAM, 2006 U.S. Dist. LEXIS 107772, at *8 n.3 (D. Nev. Mar. 24, 2006) (ruling that arguments were waived because defendants did not raise them in their motion to dismiss); *Somers v. Dig. Realty Tr., Inc.*, No. C-14-5180 EMC, 2015 U.S. Dist. LEXIS 64178, at *41-42 (N.D. Cal. May 15, 2015) ("Because Digital Realty did not make this argument in its initial motion to dismiss, the argument is waived."); *Sony Biotechnology, Inc. v. Chipman Logistics & Relocation*, No. 17-CV-1292-AJB-WVG, 2017 U.S. Dist. LEXIS 134440, at *5 n.3 (S.D. Cal. Aug. 22, 2017) (same). Defendants did not address the Amended Complaint's well-pled allegation that claiming to conduct due diligence yet still omitting material facts in the Defective/Proxy Registration Statement is alone sufficient to plead negligence under Section 14(a) of the Securities Exchange Act of 1934. *See* ECF No. 99 at 21-23 (hereafter the "Opp."). Defendants cannot misuse a response to this motion to resuscitate abandoned arguments. *See, e.g.*, *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 31 F. Supp. 3d 237, 267-68 (D.D.C. 2014) (enforcing forfeiture and refusing to allow a party to resurrect abandoned arguments at summary judgment because they were waived at the pleading stage); *Regal W. Corp. v. Nguyen*, 412 F. Supp. 3d 1305, 1310 (W.D. Wash. 2019) (similar).[1]

---

[1] Also waived are arguments concerning Pascal's false statements before the merger, Opp. at 19-20, the shift in the launch timeline between drafts of the Registration Statement, *id.*, claims based on Regulation S-K violations, *id.* at 18-19, and Pascal's affirmative misrepresentation that Kingdom Boss was complete "from a future perspective," and simply needed some perfection. *id.* at 24. The new arguments lack merit even if they were considered. For example, Plaintiff has a transcript from Bloomberg to show Pascal said exactly what the Amended Complaint alleges, which is another reason to deny the request for judicial notice in full since that doctrine is clearly being abused here. The same is true for Defendants' tracing arguments in reliance on new, out-of-circuit authority that, unlike here, does not involve cancelled shares that were exchanged and fails to address, let alone, distinguish binding Supreme Court authority. Opp. at 20-21. Defendants

Nevertheless, even if the Court indulged the new arguments, the response demonstrates that Defendants are not only at war with indisputable facts, but are now at war with the law.  Like many federal decisions, Opp. at 22 (citing cases), *Bernstein v. Ginkgo Bioworks Holdings, Inc., et al.* concluded that a director may be found negligent for omitting material facts from a Proxy/Registration Statement if the director claims to have conducted due diligence in connection with the preparation of that document.  No. 4:21-cv-08943-KAW, ECF No. 81 at 15-16 (N.D. Cal. Mar. 10, 2023).  Defendants cannot wish this away with denial.  ECF No. 107 at 1.

As for the circumlocutions, the safe harbor does not apply to self-described blank check companies, *Compare* Opp. at 15 (citing *In re AT&T Corp. Sec. Litig.*, No. 01-1883 (GEB), 2004 U.S. Dist. LEXIS 29588, *36 n.6 (D.N.J. Sept. 2, 2004)) *with* ECF No. 103 at 6 (ignoring *AT&T* and waiving another argument).  Even if it did, pleading negligence is sufficient to overcome it. Opp. at 10 (citing *NECA-IBEW Pension Tr. Fund v. Precision Castparts Corp.*, No. 3:16-cv-01756-YY, 2017 U.S. Dist. LEXIS 165139, at *37-38 (D. Or. Oct. 3, 2017)).  The Amended Complaint here also challenges numerous false representations of current fact as explained in the Opposition, many of which were again not addressed in the motion to dismiss.  The allegedly "extensive support," ECF No. 107 at 1, for the allegations in *Bernstein* was based on a single short seller report, which is weak sauce compared to the well-corroborated allegations here that rest on significant Confidential Witness ("CW") accounts based on personal knowledge and Defendants' own admissions.  Nor is there anything "telling" about the fact that the Amended Complaint does not contain any misstatements concerning due diligence.  ECF No. 107 at 1 n.1.  This argument is nonsensical and illogical.  The Amended Complaint presumes that the Directors here ***did conduct due diligence*** on Kingdom Boss ***just as the Defective/Proxy Registration stated***.  That is ***why*** they

---

also failed to again disclose adverse authority from this Circuit that undermines their arguments on this issue. *See In re Cciv/Lucid Motors Sec. Litig.*, No. 4:21-cv-09323-YGR, 2023 U.S. Dist. LEXIS 11415, at *29-30 (N.D. Cal. Jan. 11, 2023).  Lead Plaintiff is prepared to refute and rebut all the other new, meritless arguments should the Court hear oral argument on the motion to dismiss.

REPLY IN SUPPORT OF MOTION TO TAKE NOTICE

were negligent in failing to ensure material facts were not omitted. Holding the Directors to their word does not undermine, but strengthens, the Section 14(a) claims predicated on negligent conduct.

As for *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, Defendants struggle mightily to distinguish the case. 63 F.4th 747 (9th Cir. 2023). Defendants do not contest that a careful reading of *Forescout* exposes the deeply flawed nature of their arguments concerning the pleading standards in a securities fraud case or how courts should treat CW accounts or the formidable hurdles they must face in relying on boilerplate to escape liability regardless of whether or not the safe harbor applies. With respect to the self-selected issues discussed, Defendants fail to recognize that, just like *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130 (9th Cir. 2017), *Forescout* involved misrepresentations of current fact used to support guidance for future revenues. Hence, a defendant cannot seek shelter under the safe harbor for omitting material facts merely because the statements are made to support bogus claims about a "global launch" in the future. Most of the challenged statements pled in the complaint in *Forescout* and the dismissal of which was reversed were ***not*** forward-looking. *Compare* ECF No. 107 at 2 n.2 *with* 63 F.4th at 760-62. Aggrieved by the Ninth Circuit's adverse holding in *Forescout*, Defendants accuse Lead Plaintiff of "mischaracterizing" the decision as an "outright" reversal. ECF No. 107 at 2. Lead Plaintiff did not use the word "outright" or claim that the dismissal of every statement was reversed. Still, the dismissal of most of the challenged statements was, indeed, "reversed and remanded." *Id.* at 782. Moreover, only a sliver of the class period was trimmed by the Ninth Circuit's decision, and the class-wide damages are almost the same as the one for the original class period alleged. Lead Plaintiff knows this with certainty, but Defendants do not, because its counsel serves as Lead Counsel in the *Forescout* litigation.

Again, in denial of the adverse implications, Defendants disregard that pursuant to *Forescout*, falsity requires only that a "***reasonable inference" of plausibility*** be pled, but scienter requires a higher standard of a "***strong inference" of plausibility***. 63 F.4th at 766 (emphasis added); *see also Weston v. Docusign, Inc.*, No. 22-cv-00824-WHO, 2023 U.S. Dist. LEXIS 70366,

3

REPLY IN SUPPORT OF MOTION TO TAKE NOTICE

at *51 (N.D. Cal. Apr. 18, 2023) (agreeing that falsity is subject to a lower standard pursuant to *Forescout*).

As for the one tangential claim that Defendants misleadingly fixate on, dismissal of that statement was affirmed because temporal proximity alone was held insufficient to plead it. *Forescout*, 63 F.4th at 777-78. Lead Plaintiff does not rely on temporal proximity alone, has never claimed to do so in this litigation, and that factor can, and should, be considered in combination with all of the Amended Complaint's allegations under controlling Supreme Court and Ninth Circuit precedent. Opp. at 14, 26-27.

The motion to dismiss was dead on arrival. Every new document that Defendants file only reinforces that conclusion.

Dated: April 25, 2023

Respectfully submitted,

*/s/ Andrew R. Muehlbauer*

**MUEHLBAUER LAW OFFICE, LTD.**

ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
          sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

*-and-*

REPLY IN SUPPORT OF MOTION TO TAKE NOTICE

**POMERANTZ LLP**

Joshua B. Silverman (*admitted PHV*)
Omar Jafri (*admitted PHV*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
        ojafri@pomlaw.com

*-and-*

Jeremy A. Lieberman (*admitted PHV*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

*Lead Counsel for Lead Plaintiff*

REPLY IN SUPPORT OF MOTION TO TAKE NOTICE

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer

6
REPLY IN SUPPORT OF MOTION TO TAKE NOTICE