ANDREW R. MUEHLBAUER
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
         sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

[*Additional Counsel on Signature Page*]

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01159-RFB-NJK<br><br><br>**RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITIES** |

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE

The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. (collectively referred to herein as the "Lead Plaintiff") respectfully submit this Response to Defendants' Unopposed Motion to take Notice of Supplemental Authorities.

The Supreme Court's recent decision in *Slack Techs., LLC v. Pirani* cannot save Defendants. No. 22-200, 2023 U.S. LEXIS 2301 (June 1, 2023). *Pirani* involved the unique circumstance of a direct listing[1] where there is no underwriter or a lockup agreement for existing shareholders, and "holders of preexisting unregistered shares were free to sell them to the public right away." *Id.* at *10. "Slack's direct listing offered for purchase 118 million registered shares and 165 million unregistered shares." *Id.* The plaintiff in *Pirani **never alleged that he bought shares traceable*** to the misleading registration statement, *id.* at *10-11, and the Ninth Circuit held that he did not need to do so given that both registered and unregistered shares were sold at the same time the registration statement became effective, *id.* at *6. *See also Pirani v. Slack Techs., Inc.*, 13 F.4th 940, 948-49 (9th Cir. 2021). The Supreme Court reversed, holding that there was no exception for direct listings, and remanded the case for a determination of whether the plaintiff's shares were ***purchased or traceable*** to the registration statement. *See Pirani*, 2023 U.S. LEXIS 2301, at *18. As such, the Supreme Court simply restored the status quo, and *Pirani* is yet another instance over the last ten years where a corporate defendant wins some insignificant battle yet loses the war in securities litigation at the court of last resort regardless of that court's composition.

This case does not involve a direct listing and Lead Plaintiff pled in the very beginning of the Amended Complaint that all Class A Ordinary Shares of Playstudios Inc. ("Playstudios" or "the Company") are traceable to the Defective Proxy/Registration Statement because shareholders, including Lead Plaintiff, who did not redeem had their Acies Acquisition Corp. shares ***cancelled in exchange for the right to receive Class A Ordinary Shares of the Company***. ECF No. 73 at ¶3; *see also id.* at ¶16. Unlike the plaintiff in *Pirani*, Lead Plaintiff further alleged that all other shareholders were subject to a considerable lockup period. *Id.*; *but see Pirani*, 2023 U.S. LEXIS 2301, at *8-10 (observing that direct

---

[1] Between 2018 and March 2023, there were only 15 direct listings (including Spotify, Coinbase, and Slack). During that same period there have been 984 traditional Initial Public Offerings, including 379 "deSPAC transactions."

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE

listings are not subject to lockup agreements, allowing tens of millions of unregistered shares with no connection to the registration statement to trade immediately).

Unlike *Pirani*, which has no application here whatsoever, *SEC v. Nat'l Sec., Inc.* obliterates the meritless arguments Defendants continue to press in this case.  393 U.S. 453 (1969).  That Supreme Court precedent holds that an ***exchange of shares in a merger***, like here, qualifies as a ***purchase*** or sale under the securities laws.  *Id.* at 467-68.  The Court is bound by *Nat'l Sec., Inc.*.  It is not bound by the opinion of a lower court that fails to address and distinguish *Nat'l Sec., Inc.*.  Defendants' feeble attempt to run away from *Nat'l Sec., Inc.* fails.  ECF No. 103 at 14.  It is of no moment that *Nat'l Sec., Inc.* concerned claims brought under Section 10 of the Securities Exchange Act of 1934 ("Exchange Act").  *Id.*  If anything, that fact only weakens Defendants' hyper technical arguments here because only actual ***purchasers*** or ***sellers*** of securities can sue under the Exchange Act, but standing to sue under Section 11 of the Securities Act of 1933 encompasses all "***acquisition***[***s***]," *see Pirani*, 2023 U.S. LEXIS 2301, at *12, not just "purchases."  *See, e.g.*, *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013) (holding that a plaintiff does not need to purchase shares, so long as the shares are traceable to a registration statement).

For these reasons, Defendants' attempt to break new ground on traceability still fails even though they refuse to give up this ghost.

*Mehedi v. View, Inc.*, yet another lower court opinion that fails to address *Nat'l Sec., Inc.*, also cannot help Defendants even on its own terms.  No. 21-cv-06374-BLF, 2023 U.S. Dist. LEXIS 89106, (N.D. Cal. May 22, 2023).  In *Mehedi*, the district court dismissed for lack of standing with leave to amend because plaintiffs simply alleged that shares were traceable without providing any explanation why that was so.  *Id.* at *21-23.  As discussed here once again, Lead Plaintiff has explained the basis for traceability, and Defendants' attempt to flout Supreme Court precedent cannot support dismissal.  Nor can *Mehedi* support Defendants' request to incorrectly elevate Lead Plaintiff's burden for the Section 14(a) claims.  Lead Plaintiff does not rely on a disclaimer of fraud alone to support application of the minimal pleading burden for those claims, and Andrew Pascal's statements are not "the same" as the statements made in the Defective Proxy/Registration Statement.  *Id.* at *40-41.  Defendants' conclusory

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE

reliance on the scienter and loss causation analysis in *Mehedi* also fails. Lead Plaintiff's allegations based on the core operations inference are not "generalized," and the Amended Complaint did not rely on accounting violations, restatements, investigations or resignations to plead scienter. *Id.* at *48-58. The district court's ruling on loss causation in *Mehedi* also has nothing to do with this case. There, it simply applied existing Ninth Circuit precedent to rule that the mere announcement of an investigation is not sufficient to plead loss causation. *Id.* at *62-64. Lead Plaintiff does not rely on any investigation to plead loss causation. Nor can the circular argument that loss causation cannot be pled because a plaintiff fails to plead falsity help Defendants when the Amended Complaint exceeds the standard for pleading falsity. *Id.* at *69-70. Finally, unlike here, there was no dispute between the parties in *Mehedi* that the challenged statement was a forward-looking projection. *Id.* at *68-69.

Dated: June 14, 2023

Respectfully submitted,

*/s/ Andrew R. Muehlbauer*

**MUEHLBAUER LAW OFFICE, LTD.**

ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
             sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

*-and-*

**POMERANTZ LLP**

Joshua B. Silverman (*admitted PHV*)

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE

Omar Jafri (*admitted PHV*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
        ojafri@pomlaw.com

*-and-*

Jeremy A. Lieberman (*admitted PHV*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

*Lead Counsel for Lead Plaintiff*

4

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 14, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer

PLAINTIFFS' RESPONSE TO DEFENDANTS' UNOPPOSED MOTION TO TAKE NOTICE