DEAN S. KRISTY *(admitted pro hac vice)*
dkristy@fenwick.com
JENNIFER C. BRETAN *(admitted pro hac vice)*
jbretan@fenwick.com
SOFIA RITALA *(admitted pro hac vice)*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel:  415.875.2300

PATRICK G. BYRNE (Nevada Bar No. 7636)
pbyrne@swlaw.com
BRADLEY T. AUSTIN (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Tel: 702.784.5200

Attorneys for Defendants
*PLAYSTUDIOS, Inc., Andrew Pascal, Edward King,*
*Daniel Fetters, James Murren, Zach Leonsis, Brisa*
*Carleton, Andrew Zobler, Sam Kennedy, Christopher*
*Grove, William J. Hornbuckle, Joe Horowitz, Jason*
*Krikorian, and Judy K. Mencher*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01159-RFB-NJK<br><br>**REPLY IN SUPPORT OF MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY** |

Plaintiff's response to defendants' unopposed motion to submit supplemental authority reads more like an effort to repeat or recast its earlier arguments than a meaningful explanation as to why these two recent cases should not be considered. The cases are on point and should be considered by the Court in evaluating defendants' pending motion to dismiss.

In *Slack Techs., LLC v. Pirani*, --- S. Ct. ---, 2023 WL 3742580 (U.S. Sup. Ct. June 1, 2023), the Supreme Court held that, to state a claim under Section 11 of the Securities Act of 1933 (the "1933 Act"), a plaintiff must demonstrate that its shares were directly traceable to the challenged registration statement, and not some other source (such as an earlier registration statement). *Id.* at \*5-6. While plaintiff tries to distinguish *Slack* on the grounds that the other source at issue there was a "direct" listing, if anything, that distinction weighs ***against*** plaintiff. The Court enforced Section 11's tracing requirement even though the direct listing and registered offering were made ***on the same day***, meaning plaintiff was required to show that the source of its shares was the registration statement and not the direct listing in order to have statutory standing. The Court rejected the argument that the tracing requirement could be ignored even where the competing sources were contemporaneous, holding that claims under Section 11 need to be narrowly construed. 2023 WL 3742580, at \*2-6.

Here, the construction of Section 11 in *Slack* compels dismissal. Plaintiff was a shareholder of Acies long before the merger,[1] and thus it is beyond debate that the origin of its shares was Acies' IPO registration statement in 2020 (which is not challenged in this case). When Acies later acquired the private company referred to as Old PlayStudios in June 2021, it issued new shares to the Old PlayStudios stockholders, which were subject to the 2021 Registration Statement (at issue on the Section 11 claim). Thus, after the merger, there were ***two*** sources of shares: (1) Acies' 2020 IPO registration statement; and (2) for the new shares to Old PlayStudios stockholders, Acies' 2021 Registration Statement. While plaintiff asserts that certain newly issued shares were subject to a lock-up during which they could not be traded (ECF No.

---

[1] In the lead plaintiff process, plaintiff indicated, under oath, that it purchased Acies shares as early as February 10, 2021 (many months before the June 22, 2021 merger). *See* ECF No. 24-4 at 4. Indeed, its Section 14(a) claim is premised entirely on the notion that it was an Acies stockholder prior to the merger.

FENWICK & WEST LLP

108 at 1), other shares continued to trade continuously because their origin was the 2020 IPO Registration Statement and, in fact, plaintiff continued to trade thereafter. *See* ECF No. 24-4 at 4. The only difference, as noted in defendants' moving and reply briefs, was that Acies' existing shares converted automatically (with no action by stockholders) to trade under the new post-merger name, PLAYSTUDIOS. *See* ECF No. 91 at 26; ECF No. 103 at 14. But trading under a new name does not make plaintiff's shares traceable to the challenged Registration Statement (as opposed to the earlier one that was the actual source of those shares) and therefore, consistent with the principles enunciated in *Slack*, plaintiff lacks standing to sue under Section 11

Nor is it any "response" for plaintiff to repeat the same argument it made in opposition to the motion to dismiss regarding *SEC v. Nat'l Sec., Inc.*, 393 U.S. 453 (1969). That case was not about tracing or a claim under Section 11. Rather, it resolved only the "narrow question" of whether, given the broad remedial purposes of the anti-fraud provisions of Section 10(b) of the Securities Exchange Act of 1934 (the "1934 Act"), **the SEC** could assert that an exchange of shares in a merger could be considered a purchase or sale under Section 10(b). *Id.* at 466-69. The Court specifically contrasted claims under Section 10(b) with those under the 1933 Act (*id.* at 466) and emphasized that its holding was limited to SEC enforcement actions, not to private actions under Section 10(b) (*id.* at 467 n.9). Indeed, in *Slack,* the Court made a similar observation, holding that Section 11 is much "narrower" than claims under the 1934 Act. 2023 WL 3742580, at *2-3, 5-6). Plaintiff's citation to *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013) is equally misplaced. That case expressly dismissed a Section 11 claim where, as here, multiple offerings were at issue, rendering plaintiff's tracing averments implausible on their face. *Id.* at 1107-08. Notably, although this case was cited in defendants' moving papers, plaintiff did not even mention it in its opposition to the motion to dismiss.

Finally, with respect to defendants' second supplemental authority, *Mihedi v. View, Inc.*, 2023 WL 3592098 (N.D. Cal. May 22, 2023), plaintiff merely repeats its incorrect assertion regarding *SEC v. Nat'l Sec, Inc.,* and otherwise laments that the case was wrongly decided or inconsistent with unspecified Ninth Circuit law. In reality, Judge Freeman carefully applied Ninth Circuit law, including an extensive discussion of *Century Aluminum,* when dismissing all

**FENWICK & WEST LLP**

claims in that case. *Id*. at *5-7.

Dated:  June 20, 2023                         FENWICK & WEST LLP

By:   */s/ Dean S. Kristy*
              Dean S. Kristy

Dean S. Kristy (admitted *pro hac vice*)
Jennifer C. Bretan (admitted *pro hac vice*)
Sofia Ritala (admitted *pro hac vice*)
FENWICK & WEST, LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile:  415.281.1350
Email: dkristy@fenwick.com
Email: jbretan@fenwick.com
Email: sritala@fenwick.com

Patrick G. Byrne (Nevada Bar No. 7636)
Bradley T. Austin (Nevada Bar No. 13064)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Email: pbyrne@swlaw.com
Email: baustin@swlaw.com

Attorneys for Defendants *PLAYSTUDIOS, Inc.,*
*Andrew Pascal, Edward King, Daniel Fetters,*
*James Murren, Zach Leonsis, Brisa Carleton,*
*Andrew Zobler, Sam Kennedy, Christopher Grove,*
*William J. Hornbuckle, Joe Horowitz,*
*Jason Krikorian, and Judy K. Mencher*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on June 20, 2023, a true and correct copy of **REPLY IN SUPPORT OF MOTION TO SUBMIT SUPPLEMENTAL AUTHORITY** was transmitted electronically through the Court's CM/ECF e-filing electronic notice system to all attorneys associated with the above-captioned case.

*/s/ Dean S. Kristy*
Dean S. Kristy
Fenwick & West LLP