ANDREW R. MUEHLBAUER
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
        sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

[*Additional Counsel on Signature Page*]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01159-RFB-NJK<br><br><br>**UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY** |

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY

The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. (collectively referred to herein as the "Lead Plaintiff") file this Motion to take Notice of Supplemental Authority decided after the completion of briefing on Defendants' Motion to Dismiss the Amended Complaint. This Motion is unopposed for the purpose of taking notice of the supplemental authority, but Defendants may not necessarily agree with Lead Plaintiff's arguments.

On August 25, 2023, the Ninth Circuit reversed the dismissal of a securities fraud complaint brought under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") in *E. Ohman J v. NVIDIA Corp.*, No. 21-15604, __ F.4th __, 2023 U.S. App. LEXIS 22473 (9th Cir. 2023), attached hereto as Exhibit A. In reversing dismissal, this is the second time in less than six months that the Circuit has warned courts not to mistake heightened pleading standards for "impossible" ones. *Id.* at *54-55 (citing *Glazer Capital Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 769 (9th Cir. 2023)). It again emphasized that the Private Securities Litigation Reform Act ("PSLRA") was never intended to "impose an insurmountable standard." *Id.* at *67 (citing *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 708 (9th Cir. 2012)).

As for the specifics, *NVIDIA* held that falsity was sufficiently alleged in a securities fraud action principally based on an expert's post-hoc analysis, which was corroborated by an analyst report, lower-level employees' anecdotes, and highly general statements made by defendants suggestive of knowledge. *Id.* at *19-28, 47-56. Notably, the expert had no access to any internal documents and did not talk to or hear from the defendants or any employees at the company, but the majority held that the PSLRA does not require that a plaintiff plead such evidence. *Id.* at *54-56.

*NVIDIA* yet again demonstrates that the basis for falsity and scienter can come from any source, and the allegations here are far stronger regardless of which standard the Court applies to test the sufficiency of the Complaint. Here, the Complaint relies on the accounts of gamers with personal knowledge who reported on the game's defects both before and throughout the Class

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY

Period. ¶¶57-67.[1]  The best Defendants could muster is to dismiss these accounts as the complaints of "beta testers," ECF No. 103 at 5 n.7, 7, but that excuse is unconvincing given that Confidential Witness ("CW") 2 tested the game, corroborated their accounts, and confirmed that the game was still not ready to launch weeks before the so-called "global" launch took place only to result in total failure in a matter of days.  ¶¶68, 108.

Key to the majority's scienter analysis in *NVIDIA* was a CW account from an employee who left the company before the class period even started.  2023 U.S. App. LEXIS 22473, at *42-50.  The majority correctly observed that the account was probative of how Defendants paid attention to details, and received information regularly about the subject of the fraud, rejecting claims that CW accounts must be contemporaneous with a false statement to be considered.  *Id.*; *but see* ECF No. 103 at 7 (urging the Court to disregard CW2's account because the account related to events that took place after some false statements were made).

In *NVIDIA*, general statements suggestive of knowledge were also deemed sufficient to infer scienter.  2023 U.S. App. LEXIS 22473, at *47-48.  These included "recit[ing] revenue figures," *id.* at *55, and telling investors that defendants stayed close to the market and understood its dynamics, *id.* at *47-48.  Here, Pascal made far more specific statements.  On the first day of the class period for the Exchange Act claims, Pascal admitted that the game's "time line" had "shifted out," ECF No. 93-4 at 112, because of the time needed to "optimize the experience," ¶105, yet Defendants ask the Court to shut its eyes, ignore common sense, and presume that Pascal would be oblivious to the defects known to virtually every gamer at that moment.  ECF No. 103 at 9-10; *but see NVIDIA*, 2023 U.S. App. LEXIS 22473, at *65 (agreeing that such a CEO is "unlikely to exist" under similar circumstances).

Perhaps most significantly, the dissent in *NVIDIA* matters in this Action because it shows the wrong way of assessing the sufficiency of a securities fraud complaint.  The dissent honed in on the absence of evidentiary minutia, including what the CWs could have said or should have

---

[1] All "¶__" or "¶¶__" citations are to the Amended Complaint filed at ECF No. 73.

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY

said, or what the CWs did not say, as opposed to what they actually said. 2023 U.S. App. LEXIS 22473, at *80-81 & n.5, 84-85, 95-98; *see also* ECF No. 103 at 8-9 (attempting to punch holes in CW1's account based on what CW1 did not say despite not knowing anything about CW1's views). It dismissed a key CW account credited by the majority because the CW was "five levels removed from [the defendant] and ***never interacted with him***." *Id.* at *97-98 (emphasis added); *see also* ECF No. 103 at 9 (arguing the exact same thing concerning CW2's account). It scoffed at the majority's reliance on defendants' general statements suggestive of knowledge perhaps in the belief that a defendant must admit to fraud before a court considers the statements as another piece of the scienter puzzle. *Id.* at *98 n.8. And it credited the false assumption that a defendant would not commit a foolish fraud. *Id.* at *102; *see also* ECF No. 103 at 9 (relying on the same presumption and the same authority). None of these arguments could win enough votes to prevent reversal in *NVIDIA*. They also cannot help Defendants evade accountability in this case.

Dated:  September 8, 2023

<div style="margin-left: 50%;">

Respectfully submitted,

*/s/ Andrew R. Muehlbauer*

**MUEHLBAUER LAW OFFICE, LTD.**

ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL
Nevada Bar No. 7311
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Fax: 702-825-0141
Email: andrew@mlolegal.com
        sean@mlolegal.com

*Local Counsel for Lead Plaintiff*

*-and-*

</div>

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY

**POMERANTZ LLP**

Joshua B. Silverman (*admitted PHV*)
Omar Jafri (*admitted PHV*)
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
         ojafri@pomlaw.com

*-and-*

Jeremy A. Lieberman (*admitted PHV*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

*Lead Counsel for Lead Plaintiff*

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ Andrew R. Muehlbauer
Andrew R. Muehlbauer

UNOPPOSED MOTION TO TAKE NOTICE OF SUPPLEMENTAL AUTHORITY