Dean S. Kristy (admitted *pro hac vice*)
dkristy@fenwick.com
Jennifer Bretan (admitted *pro hac vice*)
jbretan@fenwick.com
Sofia Ritala (admitted *pro hac vice*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:  415.281.1250

Patrick G. Byrne (Nevada Bar No. 7636)
pbyrne@swlaw.com
Bradley T. Austin (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252

*Attorneys for PLAYSTUDIOS, Inc., Andrew Pascal,*
*William J. Hornbuckle, Joe Horowitz, Jason*
*Krikorian, and Judy K. Mencher*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>Defendants. | Case No.:  2:22-cv-01159-RFB-NJK<br><br>**ANSWER OF DEFENDANTS PLAYSTUDIOS, INC., ANDREW PASCAL, WILLIAM J. HORNBUCKLE, JOE HOROWITZ, JASON KRIKORIAN, AND JUDY K. MENCHER TO AMENDED COMPLAINT**<br><br>**<u>JURY DEMAND</u>** |

ANSWER OF PLAYSTUDIOS DEFS. TO
AMENDED COMPLAINT

Case No. 2:22-cv-01159-RFB-NJK

Defendants PLAYSTUDIOS, Inc. ("PLAYSTUDIOS" or the "Company"), Andrew Pascal, William (Bill) J. Hornbuckle, Joe Horowitz, Jason Krikorian, and Judy K. Mencher (together, "Defendants"), hereby answer plaintiffs' Amended Class Action Complaint for Violations of the Federal Securities Laws (the "AC") (ECF No. 73).

The Court's March 31, 2024 Order dismissed all claims related to statements made in connection with the February 2, 2021 conference call. *See* ECF Nos. 136 at 34. Therefore, no response to any such claims or allegations is required. Except as expressly admitted herein, Defendants deny the allegations set forth in the AC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the AC. To the extent the paragraphs in the AC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, Defendants deny each heading and sub-heading in the AC and incorporate by reference this response in each paragraph below as if fully set forth therein. Any allegations contained in the AC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied. Defendants generally deny any averments in the AC's unnumbered paragraphs, footnotes, and prayer for relief. Defendants deny any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context. Defendants generally deny any allegation in the AC that purports to characterize the Form S-4 registration statement, filed by Acies Acquisition Corp. ("Acies") on February 16, 2021, amended on March 26, May 10, May 18, and May 20, and effective as of May 25, 2021 ("Registration Statement"), and the Schedule 14A Proxy Statement and Prospectus, filed by Acies on May 25, 2021 and which became part of the Registration Statement ("Proxy/Prospectus"), as defective in any way and respectfully refer the Court to those documents for their contents, which documents speak for themselves. Defendants object to plaintiffs' definition of the Registration Statement and Proxy/Prospectus as the "Defective Proxy/Registration Statement" and object to plaintiffs' use of the defined term throughout the AC. Defendants deny that either the Registration Statement or Proxy/Prospectus

was defective or misleading.

Subject to the foregoing, Defendants answer as follows:

Plaintiffs purport to characterize their claims and this case in the introductory paragraph of the AC, to which no response is required. To the extent a response is required, Defendants deny the allegations in the introductory paragraph of the AC.

1. Defendants deny the allegations in paragraph 1 of the AC, except state that plaintiffs purport to bring a putative federal class action lawsuit against numerous defendants with three proposed classes: (i) a class which asserts claims pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") (the "Securities Act Class"); (ii) a class which assert claims pursuant to Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (the "14(a) Class"); and (iii) a class which asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC (the "10(b) Class"), subject to certain enumerated exclusions.

2. Defendants deny the allegations in paragraph 2 of the AC, except state that information regarding the price of PLAYSTUDIOS common stock is a matter of public record, and admit that PLAYSTUDIOS and Acies, a special purpose acquisition company ("SPAC"), completed a merger in June 2021 ("Merger") after which certain PLAYSTUDIOS shares began publicly trading on June 22, 2021.

3. Defendants deny the allegations in paragraph 3 of the AC, except state that plaintiffs purport to characterize the Registration Statement and the Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. Defendants further state that the allegations in paragraph 3 of the AC state a legal conclusion to which no response is required.

4. Defendants deny the allegations in paragraph 4 of the AC, except admit that PLAYSTUDIOS is a mobile gaming company founded in 2011, that PLAYSTUDIOS offers free-to-play social casino games, casual games, and puzzle games, that PLAYSTUDIOS entered into a development agreement with Boss Fight Entertainment, Inc. ("Boss Fight") to develop PLAYSTUDIOS' first role-playing game ("RPG"), *Kingdom Boss*, and state that Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' beliefs about RPGs and what they consider "prominent mobile RPGs" and "critical to keep users engaged and dedicated to an RPG," and on that basis deny each and every such allegation.

5. Defendants deny the allegations in paragraph 5 of the AC, except state that plaintiffs purport to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

6. Defendants deny the allegations in paragraph 6 of the AC, and also state that plaintiffs do not identify the source of the allegations regarding the "hundreds of players" who purportedly had "personal knowledge and experience" of *Kingdom Boss*, which renders those allegations unduly vague and improperly forces Defendants to speculate about the supposed basis for plaintiffs' claim, and on that further basis, the claim is denied.

7. Defendants deny the allegations in paragraph 7 of the AC, except state that plaintiffs purport to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

8. Defendants deny the allegations in paragraph 8 of the AC, except admit that 61.73% of the ordinary shares outstanding and entitled to vote as of the record date of May 14, 2021 were represented in person or by proxy at the June 17, 2021 shareholder meeting, and approximately 97% of the shares represented at that meeting voted to approve the Merger.

9. Defendants deny the allegations in paragraph 9 of the AC, except state that plaintiffs purport to characterize PLAYSTUDIOS' quarterly financial results and statements from PLAYSTUDIOS' conference calls, and respectfully refer the Court to those documents and calls for their contents, which documents and statements speak for themselves.

10. Defendants deny the allegations in paragraph 10 of the AC.

11. Defendants deny the allegations in paragraph 11 of the AC.

12. Defendants deny the allegations in paragraph 12 of the AC, except admit that

plaintiffs purport to assert claims that arise under the statutes and rules cited in paragraph 12 of the AC.

13.     Defendants admit the allegations in paragraph 13 of the AC.

14.     Defendants deny the allegations in paragraph 14 of the AC, except admit the allegations in the first sentence of paragraph 14 of the AC, and admit that PLAYSTUDIOS' principal place of business is in Las Vegas, Nevada.

15.     Defendants state that the allegations in paragraph 15 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15 of the AC.

16.     Defendants deny the allegations in paragraph 16 of the AC, except state that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' purported purchases or acquisitions, and on that basis deny the allegations.

17.     Defendants deny the allegations in paragraph 17 of the AC, except admit the allegations in the first and second sentences in paragraph 17 of the AC and admit that after the Merger, PLAYSTUDIOS' common stock publicly traded on NASDAQ, and that before the Merger, Acies' Class A ordinary shares traded on NASDAQ under the symbol "ACAC."

18.     Defendants admit the allegations in paragraph 18 of the AC, except deny that the Registration Statement and Proxy/Prospectus were defective.

19.     Defendants admit the allegations in paragraph 19 of the AC, except deny that the Registration Statement and Proxy/Prospectus were defective.

20.     Defendants deny the allegations in paragraph 20 of the AC, except admit that James Murren was the Chairman of Acies' Board of Directors, the Registration Statement and Proxy/Prospectus identified Mr. Murren as one of the nominees for PLAYSTUDIOS' Board after the Merger, Mr. Murren signed the Registration Statement, and Mr. Murren has served as a director of PLAYSTUDIOS after the Merger.

21.     Defendants deny the allegations in paragraph 21 of the AC, except admit that Zach Leonsis was a director of Acies and signed the Registration Statement.

22. Defendants deny the allegations in paragraph 22 of the AC, except admit that Brisa Carleton (f/k/a Brisa Trinchero) was a director of Acies and signed the Registration Statement.

23. Defendants deny the allegations in paragraph 23 of the AC, except admit that Andrew Zobler was a director of Acies and signed the Registration Statement.

24. Defendants deny the allegations in paragraph 24 of the AC, except admit that Sam Kennedy was a director of Acies and signed the Registration Statement.

25. Defendants deny the allegations in paragraph 25 of the AC, except admit that Christopher Grove was the Executive Vice President of Acquisitions of Acies.

26. Defendants deny the allegations in paragraph 26 of the AC, except admit that Mr. Pascal co-founded and held a publicly disclosed economic interest in Acies and is the co-founder, Chairman, and CEO of PLAYSTUDIOS.

27. Defendants deny the allegations in paragraph 27 of the AC, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Hornbuckle as one of the nominees for PLAYSTUDIOS' Board after the Merger, and Mr. Hornbuckle served as a director of Playstudios after the Merger until December 20, 2021.

28. Defendants deny the allegations in paragraph 28 of the AC, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Horowitz as one of the nominees for PLAYSTUDIOS' Board after the Merger, and Mr. Horowitz has served as a director of PLAYSTUDIOS after the Merger.

29. Defendants deny the allegations in paragraph 29 of the AC, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Krikorian as one of the nominees for PLAYSTUDIOS' Board after the Merger, and Mr. Krikorian has served as a director of PLAYSTUDIOS after the Merger.

30. Defendants deny the allegations in paragraph 30 of the AC, except admit that the Registration Statement and Proxy/Prospectus identified Ms. Mencher as one of the nominees for PLAYSTUDIOS' Board after the Merger, and Ms. Mencher has served as a director of PLAYSTUDIOS after the Merger.

31. Defendants admit that plaintiffs purport to state a definition of "Individual

Defendants" for purposes of the AC in paragraph 31 of the AC.

32.    Defendants admit that plaintiffs purport to state a definition of "Defendants" for purposes of the AC in paragraph 32 of the AC.

33.    Defendants deny the allegations in paragraph 33 of the AC.

34.    Defendants admit the allegations in the first sentence of paragraph 34 of the AC, except state that plaintiffs purport to characterize a Form S-1 filed by Acies with the SEC on September 21, 2020 ("Acies September 21, 2020 Form S-1"), and respectfully refer the Court to that document for its contents, which speaks for itself, and state that, to the extent plaintiffs purport to state a legal conclusion regarding what constitutes a "blank check company," no response is required, and that allegation is accordingly denied.

35.    Defendants deny the allegations in paragraph 35 of the AC, except state that plaintiffs purport to characterize an April 8, 2021 statement from John Coates, identified as the SEC's Acting Director of the Division of Corporation Finance, and respectfully refer the Court to that statement for its contents, which speaks for itself.

36.    Defendants deny the allegations in paragraph 36 of the AC, and in particular deny the vague and ambiguous nature of the allegations and the suggestions that all SPAC structures and transactions are the same, and further state that they lack knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegations regarding the purported incentives of unnamed "founders and managers" of unspecified SPACs, and on that basis deny the allegations.

37.    Defendants deny the allegations in paragraph 37 of the AC, and in particular deny the vague and ambiguous nature of the allegations and the suggestions that all SPAC structures and transactions are the same, and further state that they lack knowledge or information sufficient to form a belief as to the truth of plaintiffs' allegations regarding the purported incentives of unspecified "SPAC sponsors and merger targets," and on that basis deny the allegations.

38.    Defendants deny the allegations in paragraph 38 of the AC, and in particular deny the vague and ambiguous nature of the allegations and the suggestions that all SPAC structures and transactions are the same, and further state that plaintiffs purport to characterize and quote statements from Mr. Coates and testimony of Gary Gensler, Chair of the SEC, and respectfully

refer the Court to those statements and testimony for their contents, which speak for themselves.

39.    Defendants deny the allegations in paragraph 39 of the AC, except state that plaintiffs purport to characterize and quote from the Acies September 21, 2020 Form S-1, and respectfully refer the Court to that document for its contents, which document speaks for itself.

40.    Defendants deny the allegations in paragraph 40 of the AC, except state that plaintiffs purport to characterize, paraphrase, and take out of context a February 1, 2021 article in the Las Vegas Review-Journal, and respectfully refer the Court to that document for its contents, which article speaks for itself.

41.    Defendants admit that Mr. Hornbuckle is the current CEO of MGM Resorts International ("MGM") and served as a director of PLAYSTUDIOS after the Merger until December 20, 2021, and that Mr. Murren has served as director of PLAYSTUDIOS after the Merger and owns PLAYSTUDIOS shares.  Defendants further admit that MGM is a PLAYSTUDIOS rewards partner and shareholder, and state that information regarding MGM's share ownership is a matter of public record.  Defendants deny the remaining allegations in paragraph 41 of the AC, except state that plaintiffs purport to characterize, paraphrase, and take out of context certain statements from a March 5, 2021 episode of the Absolute Return Podcast, and respectfully refer the Court to that episode for its contents, which statements speak for themselves.

42.    Defendants deny the allegations in paragraph 42 of the AC, except state that plaintiffs purport to characterize a May 11, 2022 Reuters article, and respectfully refer the Court to that document for its contents, which document speaks for itself, and admit that J.P. Morgan Securities LLC ("J.P. Morgan") acted as an underwriter in Acies' initial public offering ("IPO") and that J.P. Morgan's M&A financial advisory group acted as one of the advisors to PLAYSTUDIOS in connection with the Merger.

43.    Defendants deny the allegations in paragraph 43 of the AC.

44.    Defendants deny the allegations in paragraph 44 of the AC, except admit the first and third sentences in paragraph 44 of the AC and admit that PLAYSTUDIOS was a private company prior to the Merger.

45. Defendants deny the allegations in paragraph 45 of the AC, and in particular deny the suggestion that all SPAC transactions are the same, except admit that the Merger was contingent upon Acies shareholders' approval and that, if approved and regardless of how they voted, Acies shareholders had the option to redeem shares for a per-share price equal to the pro rata portion of the trust account, which was approximately $10 per share.

46. Defendants deny the allegations in paragraph 46 of the AC, except state that plaintiffs purport to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and further state that they lack knowledge of information sufficient to form a belief as to the truth of the allegations concerning the Acies Board, and on that basis deny each and every such allegation.

47. Defendants deny the allegations in paragraph 47 of the AC, except state that plaintiffs purport to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

48. Defendants deny the allegations in paragraph 48 of the AC, except state that plaintiffs purport to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and further deny knowledge of information sufficient to form a belief as to the truth of the allegations concerning Acies' Board of Directors and thus deny such allegations.

49. Defendants deny the allegations in paragraph 49 of the AC, except state that plaintiffs purport to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

50. Defendants deny the allegations in paragraph 50 of the AC, except state that plaintiffs purport to mischaracterize and quote selectively and out of context the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

51.    Defendants admit the second and third sentences of paragraph 51 of the AC and admit that in July 2011, Mr. Pascal and others founded PLAYSTUDIOS, which secured a strategic investment from MGM, and admit that PLAYSTUDIOS primarily generates its revenue from the sale of in-game purchases of virtual currency used in mobile games.  Defendants deny the remaining allegations in paragraph 51 of the AC, except state that plaintiffs do not identify the relevant time frame(s) when referring to PLAYSTUDIOS' "historical[]" revenue and "most of [PLAYSTUDIOS'] existence," which renders those allegations unduly vague and improperly forces Defendants to speculate about plaintiffs' supposed basis for those claims.

52.    Defendants deny the allegations in paragraph 52 of the AC, except admit the first and second sentences of paragraph 52 of the AC, and state that plaintiffs purport to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

53.    Defendants deny the allegations in paragraph 53 of the AC, except admit that PLAYSTUDIOS entered into a development agreement with Boss Fight in 2020 to develop *Kingdom Boss*, an RPG game that would allow players to build their empire, forge alliances, command an army, and rescue their subjects from exiled kingdoms, and that Boss Fight was a Texas-based game development studio that has produced RPGs, but state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' other general characterizations of Boss Fight and RPG games, and on that basis deny each and every such allegation.

54.    Defendants deny the allegations in paragraph 54 of the AC, except admit that Boss Fight developed *Kingdom Boss* and that PLAYSTUDIOS published and distributed the game and was responsible for acquiring users and generating revenues.

55.    Defendants deny the allegations in paragraph 55 of the AC, except state that plaintiffs purport to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, except admit that the launch of Kingdom Boss in the second half of 2021 was identified as a material assumption therein.  Defendants further state that no response is required

to the allegations in the last sentence of paragraph 55 of the AC, which purport to characterize statements from the February 2, 2021 conference call, because the Court dismissed all related claims (*see* Dkt. No. 136 at 34), and because such statements speak for themselves.

56. Defendants deny the allegations in paragraph 56 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the Confidential Witness 1 ("CW1"), and on that basis deny each and every such allegation, and further state that plaintiffs purport to characterize, quote, and take out of context statements from PLAYSTUDIOS' August 11, 2021 and November 11, 2021 conference calls, and respectfully refer the Court to those calls for their contents, which statements speak for themselves.

57. Defendants deny the allegations in paragraph 57 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' purported investigation or review, and on that basis deny each and every such allegation.

58. Defendants deny the allegations in paragraph 58 of the AC, except state that plaintiffs purport to present and characterize examples of comments by *Kingdom Boss* players while the game was still in development.

59. Defendants deny the allegations in paragraph 59 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that plaintiffs purport to characterize, selectively quote, and/or take out of context statements from November 2020 posts on the *Kingdom Boss* Facebook page and from November and December 2020, and January 2021 on the Similar Play forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

60. Defendants deny the allegations in paragraph 60 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was

still in development, and on that basis deny each and every such allegation.

61.   Defendants deny the allegations in paragraph 61 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that plaintiffs purport to characterize, selectively quote, and/or take out of context a statement from a November 6, 2020 post on the Android Republic forum, and respectfully refer the Court to that public post for its contents, which post speaks for itself.

62.   Defendants deny the allegations in paragraph 62 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation.

63.   Defendants deny the allegations in paragraph 63 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation.

64.   Defendants deny the allegations in paragraph 64 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation.

65.   Defendants deny the allegations in paragraph 65 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation.

66.   Defendants deny the allegations in paragraph 66 of the AC, and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW1, and on that basis deny each and every such allegation, except admit that *Kingdom Boss* was launched in the final quarter of 2021, and further

state that no response is required to the allegations in the last sentence of paragraph 66, which reflect plaintiffs' proffered definition of the term "soft launch" and attempt to characterize an internet webpage of a third party, to which no response is required, and respectfully refer the Court to that webpage for its contents, which webpage speaks for itself.

67.    Defendants deny the allegations in paragraph 67 of the AC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of persons claiming to be *Kingdom Boss* players around the time of its launch, and on that basis deny each and every such allegation.

68.    Defendants deny the allegations in paragraph 68 of the AC, except state that plaintiffs purport to characterize and quote statements from PLAYSTUDIOS' November 11, 2021 and February 24, 2022 conference calls, and respectfully refer the Court to those calls for their contents, which statements speak for themselves, and further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of Confidential Witness 2 ("CW2"), and on that basis deny each and every such allegation.

69.    Defendants deny the allegations in paragraph 69 of the AC, except admit the first sentence, and state that plaintiffs purport to characterize statements from PLAYSTUDIOS' February 24, 2022 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves.

70.    Defendants deny the allegations in paragraph 70 of the AC, except state that plaintiffs purport to characterize and take out of context statements from an April 7, 2022 post on the *Kingdom Boss* Facebook page, and respectfully refer the Court to that public post for its contents, which post speaks for itself.

71.    Defendants deny the allegations in paragraph 71 of the AC, except state that plaintiffs purport to characterize and quote out of context the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

72.    Defendants deny the allegations in paragraph 72 of the AC.

73.     Defendants deny the allegations in paragraph 73 of the AC, except state that plaintiffs purport to characterize and quote out of context statements made during a February 2, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves, and Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

74.     Defendants deny the allegations in paragraph 74 of the AC, except state that plaintiffs purport to excerpt from a presentation made in connection with the February 2, 2021 conference call, and respectfully refer the Court to that document for its contents, which document speaks for itself, and Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

75.     Defendants deny the allegations in paragraph 75 of the AC, except state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

76.     Defendants deny the allegations in paragraph 76 of the AC, except state that plaintiffs purport to characterize and quote out of context statements from the February 2, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves, and Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

77.     Defendants deny the allegations in paragraph 77 of the AC, except state that plaintiffs purport to excerpt a presentation made in connection with the February 2, 2021 conference call, and respectfully refer the Court to that document for its contents, which document speaks for itself, and Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

78.     Defendants deny the allegations in paragraph 78 of the AC, except state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

79.     Defendants deny the allegations in paragraph 79 of the AC, except state that plaintiffs purport to characterize and quote selectively and out of context statements from an April

7, 2021 interview of Mr. Pascal by Fantini Research, and a transcript of the interview filed on Form 425, and respectfully refer the Court to that interview and transcript for their contents, which statements and transcript speak for themselves.

80.    Defendants deny the allegations in paragraph 80 of the AC.

81.    Defendants deny the allegations in paragraph 81 of the AC, except admit the first sentence of paragraph 81 of the AC, and further state that plaintiffs purport to characterize and quote from PLAYSTUDIOS' May 11, 2021 press release and May 13, 2021 Form 425 filing, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

82.    Defendants deny the allegations in paragraph 82 of the AC.

83.    Defendants deny the allegations in paragraph 83 of the AC, except state that plaintiffs purport to characterize and quote from 17 C.F.R. § 229.303 under Regulation S-K ("Item 303") and SEC Release Nos. 33-8056; 34-45321; FR-61 (the "SEC Releases"), and respectfully refer the Court to Item 303 and the SEC Releases for their contents, which statute and documents speak for themselves, and further state that the allegations in paragraph 83 of the AC state legal conclusions to which no response is required.

84.    Defendants deny the allegations in paragraph 84 of the AC, except state that plaintiffs purport to characterize and quote from Release Nos. 33-6835 and 33-8350 issued by the SEC, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and further state that the allegations in paragraph 84 of the AC state legal conclusions to which no response is required.

85.    Defendants deny the allegations in paragraph 85 of the AC, except state that plaintiffs purport to misquote from (and miscite) 17 C.F.R. § 229.105 under Regulation S-K ("Item 105") and to characterize and quote from Release Nos. 33-8501 and 33-7558 issued by the SEC, and respectfully refer the Court to that regulation and those documents for their contents, which speak for themselves, and further state that the allegations in paragraph 85 of the AC state legal conclusions to which no response is required.

86.    Defendants state that the allegations in paragraph 86 of the AC states a legal

conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 86 of the AC.

87. Defendants deny the allegations in paragraph 87 of the AC, except state that plaintiffs purport to characterize the Registration Statement and Proxy/Prospectus in the first sentence of paragraph 87 of the AC, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and state that the second sentence of paragraph 87 of the AC states a legal conclusion to which no response is required.

88. Defendants deny the allegations in paragraph 88 of the AC.

89. Defendants deny the allegations in paragraph 89 of the AC, except admit that 61.73% of the ordinary shares outstanding and entitled to vote as of the record date of May 14, 2021 were represented in person or by proxy at the June 17, 2021 shareholder meeting, approximately 97% of the shares represented at that meeting voted to approve the Merger, and that certain PLAYSTUDIOS shares began publicly trading on June 22, 2021.

90. Defendants deny the allegations in paragraph 90 of the AC, except admit that all public shareholders of Acies had the right to redeem their public shares for a per-share price equal to the pro rata portion of the trust account, which was approximately $10.00 per share, regardless of how they voted on the Merger.

91. Defendants deny the allegations in paragraph 91 of the AC, except state that plaintiffs purport to characterize and quote out of context from statements in PLAYSTUDIOS' August 11, 2021 and February 24, 2022 earnings releases and conference calls, and respectfully refer the Court to those documents and calls for their contents, which documents and statements speak for themselves.

92. Defendants state that the allegations in paragraph 92 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 92 of the AC.

93. Defendants state that the allegations in paragraph 93 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 93 of the AC.

94.    Defendants deny the allegations in paragraph 94 of the AC, except state that plaintiffs purport to characterize their claims and state a definition of "Section 10(b) Defendants," to which no response is required.

95.    Defendants state that the allegations in paragraph 95 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 95 of the AC.

96.    Defendants admit the first sentence of paragraph 96 of the AC, and state that plaintiffs purport to characterize and quote from PLAYSTUDIOS' August 11, 2021 earnings release, and respectfully refer the Court to that document for its contents, which document speaks for itself.

97.    Defendants deny the allegations in paragraph 97 of the AC.

98.    Defendants admit the first sentence, but otherwise deny the allegations in paragraph 98 of the AC, except state that plaintiffs purport to characterize and quote out of context from statements from PLAYSTUDIOS' August 11, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves.

99.    Defendants deny the allegations in paragraph 99 of the AC.

100.    Defendants admit the first sentence, but otherwise deny the allegations in paragraph 100 of the AC, except state that plaintiffs purport to characterize and quote out of context from statements from PLAYSTUDIOS' November 11, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves.

101.    Defendants deny the allegations in paragraph 101 of the AC.

102.    Defendants incorporate by reference and reassert their responses to paragraphs 56 through 70 of the AC as if fully set forth herein.  Defendants deny the allegations in paragraph 102 of the AC, except state that plaintiffs purport to characterize the Registration Statement and amendments thereto, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

103.    Defendants deny the allegations in paragraph 103 of the AC, except state that plaintiffs purport to characterize and/or quote from the Registration Statement and amendments

thereto, from statements from PLAYSTUDIOS' August 11, 2021 conference call, and from unspecified post(s) on the *Kingdom Boss* Facebook page, and respectfully refer the Court to those documents, call, and public posts for their contents, which documents, statement and posts speak for themselves.

104.   Defendants deny the allegations in paragraph 104 of the AC, except state that plaintiffs purport to characterize and quote out of context from statements from PLAYSTUDIOS' August 11, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves, and admit that PLAYSTUDIOS' second quarter of 2021 ended June 30, 2021.

105.   Defendants deny the allegations in paragraph 105 of the AC, except state that plaintiffs purport to characterize and quote out of context from statements from PLAYSTUDIOS' August 11, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves; and further state that plaintiffs do not identify when or in what context Mr. Pascal allegedly "discussed the Company's revenue projections, the RPG market, and the game play features of Kingdom Boss at length," which renders the allegations vague and improperly forces Defendants to speculate about the supposed basis for plaintiffs' claims; and further state that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of CW1, and on that basis deny each and every such allegation.

106.   Defendants deny the allegations in paragraph 106 of the AC.

107.   Defendants deny the allegations in paragraph 107 of the AC, and lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' communications with Christian Felipe's counsel, and on that basis deny each and every such allegation.

108.   Defendants deny the allegations in paragraph 108 of the AC, except admit that the Company announced its full fiscal year revenues for 2021 on February 24, 2022, admit the second sentence, admit that the Company disclosed it would suspend *Kingdom Boss* and take an associated write off that day, and state that plaintiffs purport to characterize and/or quote from

PLAYSTUDIOS' February 24, 2022 earnings release and statements from its conference call and presentation the same day, and respectfully refer the Court to those documents and call for their contents, which documents and statements speak for themselves.

109. Defendants deny the allegations in paragraph 109 of the AC, except state that the trading price of PLAYSTUDIOS' common stock is a matter of public record.

110. Defendants deny the allegations in paragraph 110 of the AC, except state that plaintiffs purport to characterize PLAYSTUDIOS' May 5, 2022 earnings release and certain analysts' coverage of PLAYSTUDIOS, and respectfully refer the Court to those documents and reports for their contents, which documents and reports speak for themselves.

111. Defendants deny the allegations in paragraph 111 of the AC, except state that the trading price of PLAYSTUDIOS' common stock is a matter of public record.

112. Defendants deny the allegations in paragraph 112 of the AC, except state that plaintiffs purport to bring this lawsuit as a class action on behalf of three putative classes: the Securities Act Class, the 14(a) Class, and the 10(b) Class, subject to certain enumerated exclusions.

113. Defendants state that the allegations in paragraph 113 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that PLAYSTUDIOS' common stock traded on NASDAQ, and otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' knowledge of the number of purported Class members or how they may be identified or notified, and on that basis deny each and every such allegation.

114. Defendants state that the allegations in paragraph 114 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 114 of the AC.

115. Defendants state that the allegations in paragraph 115 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the AC, and on that basis deny the allegations.

116. Defendants state that the allegations in paragraph 116 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the AC, and on that basis deny the allegations.

117. Defendants state that the allegations in paragraph 117 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 117 of the AC.

118. Defendants state that the allegations in paragraph 118 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 118 of the AC, except admit that PLAYSTUDIOS' common stock traded on NASDAQ, that PLAYSTUDIOS made public statements to investors, and that analysts, journalists, and industry commentators covered the Company.

119. Defendants state that the allegations in paragraph 119 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 119 of the AC.

120. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 93 and 112 through 119 as if fully set forth herein.

121. Defendants state that the allegations in paragraph 121 of the AC state a legal conclusion and reflect plaintiffs' characterization of their purported claim, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 121 of the AC.

122. Defendants deny the allegations in paragraph 122 of the AC, except admit that plaintiffs purport to assert this Count pursuant to Section 11 of the Securities Act against the Company and each of the individual Defendants.

123. Defendants state that the allegations in paragraph 123 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 123 of the AC.

124. Defendants deny the allegations in paragraph 124 of the AC, except state that no

response is required to the extent the allegations in paragraph 124 of the AC state a legal conclusion, and admit that Mr. King was the Co-CEO and Principal Executive Officer of Acies; Mr. Fetters was the Co-CEO and Principal Financial and Accounting Officer of Acies; Mr. Grove was the Executive Vice President of Acquisitions of Acies; Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, and Mr. Kennedy were directors of Acies; and Mr. King, Mr. Fetters, Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, and Mr. Kennedy signed the Registration Statement.

125. Defendants deny the allegations in paragraph 125 of the AC, except state that no response is required to the extent the allegations in paragraph 125 of the AC state a legal conclusion, and admit that the Registration Statement and the Proxy/Prospectus identified Mr. Pascal, Mr. Murren, Mr. Hornbuckle, Mr. Horowitz, Mr. Krikorian, and Ms. Mencher as nominee directors for PLAYSTUDIOS' Board after the Merger.

126. Defendants incorporate by reference and reassert their responses to paragraphs 73, 74, 76, 77, 79, and 81 as if fully set forth herein. Defendants state that the allegations in paragraph 126 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 121 of the AC and state that the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

127. Defendants state that the allegations in paragraph 127 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 127 of the AC. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of plaintiffs and members of the alleged Securities Act Class, and on that basis deny the allegations.

128. Defendants state that the allegations in paragraph 128 of the AC state a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations.

129. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 93 and 112 through 128 as if fully set forth herein.

130. Defendants deny the allegations in paragraph 130 of the AC, except admit that plaintiffs purport to assert this Count pursuant to Section 15 of the Securities Act against Mr. Pascal.

131. Defendants deny the allegations in paragraph 131 of the AC, including on the ground that the allegations are vague and ambiguous as drafted, except admit that Mr. Pascal fulfilled his responsibilities in accordance with his role as the CEO of PLAYSTUDIOS.

132. Defendants state that the allegations in paragraph 132 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 132 of the AC. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of plaintiffs and members of the alleged Securities Act Class, and on that basis deny each and every such allegation.

133. Defendants incorporate by reference and reassert their responses to paragraphs 1 through 93 and 112 through 132 as if fully set forth herein.

134. Defendants deny the allegations in paragraph 130 of the AC, except admit that plaintiffs purport to assert this Count pursuant to Section 14(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder, against the Company and Mr. King, Mr. Fetters, Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, Mr. Kennedy, and Mr. Grove.

135. Defendants admit that plaintiffs purport to quote part of SEC Rule 14a-9, 17 C.F.R. §240.14a-9, which Rule speaks for itself.

136. Defendants state that the allegations in paragraph 136 of the AC state a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations in paragraph 136 of the AC.

137. Defendants state that the allegations in paragraph 137 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 137 of the AC.

138. Defendants state that the allegations in paragraph 138 of the AC state a legal conclusion to which no response is required. To the extent a response is required, Defendants

deny the allegations in paragraph 138 of the AC.

139.  Defendants deny the allegations in paragraph 139 of the AC.

140.  Defendants state that the allegations in paragraph 140 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 140 of the AC.

141.  Defendants deny the allegations in paragraph 141 of the AC.

142.  Defendants incorporate by reference and reassert their responses to each and every foregoing Paragraph of the AC as if fully set forth herein.

143.  Defendants state that the allegations in paragraph 143 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 143 of the AC.

144.  Defendants state that the allegations in paragraph 144 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 144 of the AC.

145.  Defendants state that the allegations in paragraph 145 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 145 of the AC.

146.  Defendants state that the allegations in paragraph 146 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 146 of the AC.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the states of mind of plaintiffs and other members of the alleged 10(b) Class, and on that basis deny the allegations.

147.  Defendants state that the allegations in paragraph 147 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 147 of the AC.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the states of mind of plaintiffs and other members of the alleged 10(b) Class, and on that basis deny the

allegations.

148.    Defendants state that the allegations in paragraph 148 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 148 of the AC.

149.    Defendants deny the allegations in paragraph 149 of the AC.

150.    Defendants incorporate by reference and reassert their responses to each and every foregoing paragraph of the AC as if fully set forth herein.

151.    Defendants deny the allegations in paragraph 151 of the AC, except state that no response is required to the extent the allegations in paragraph 151 of the AC state a legal conclusion, and admit that Mr. Pascal fulfilled his responsibilities in accordance with his role as the CEO of PLAYSTUDIOS.

152.    Defendants state that the allegations in paragraph 152 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 152 of the AC.

153.    Defendants state that the allegations in paragraph 153 of the AC state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 153 of the AC.

With respect to the AC's "Prayer for Relief," it asserts legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny that this action is properly maintained as a class action under Rule 23 in whole or in part and deny that plaintiffs or any other members of any putative class are entitled to any form of recovery from any defendant in connection with the allegations set forth in the AC.

With respect to the AC's "Demand for Trial by Jury," Defendants admit that plaintiffs demand a jury trial, as do Defendants.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to a defendant as to any element of plaintiffs' purported claims, whether individual or

on behalf of a putative class, Defendants assert the following defenses to the allegations set forth in the AC.

### FIRST AFFIRMATIVE DEFENSE

### (No Attribution of Knowledge or Intent)

To the extent that it may be determined that any defendant is responsible for the alleged losses of plaintiffs and the members of any alleged putative class, and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed or imputed to any other defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Reliance)

To the extent plaintiffs attempt to assert a class-wide presumption of reliance, the claims of plaintiffs and the members of any alleged putative class are barred, in whole or in part, because plaintiffs and the alleged putative class members did not actually, justifiably, reasonably or otherwise rely upon any of the alleged misstatements or omissions set forth in the AC, and have not established sufficient facts to avail themselves of the fraud on the market doctrine.

### THIRD AFFIRMATIVE DEFENSE

### (Negative Causation)

The alleged losses of plaintiffs and the alleged putative classes, if any, were caused by market factors, superseding or intervening causes, or other factors for which defendants are not responsible and thus any losses were not actually or proximately caused by defendants. *See* 15 U.S.C. § 77k(e).

### FOURTH AFFIRMATIVE DEFENSE

### (Due Diligence)

The purported claims are barred, in whole or in part, because, upon reasonable investigation, defendants had reasonable grounds to believe, and did believe, that there was no material misstatement or omission in the Registration Statement. *See* 15 U.S.C. § 77k(b)(3).

### FIFTH AFFIRMATIVE DEFENSE

**(Actual Knowledge)**

The purported claims are barred, in whole or in part, to the extent individuals had actual knowledge of information alleged to be false or omitted.

**SIXTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The alleged losses of plaintiffs and the members of any alleged putative class, if any, were caused by plaintiffs' and the alleged putative classes' assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Truth on the Market)**

The claims of plaintiffs and the members of any alleged putative class are barred, in whole or in part, because information that defendants allegedly concealed was in fact already or contemporaneously disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all times reflected in the price of the Company's stock. In other words, the truth was in the market.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Control Person Status)**

The claims of plaintiffs and the members of any alleged putative class are barred, in whole or in part, to the extent any defendant did not have the ability to, and did not in fact, exercise control over any other defendant, and as a result cannot be liable under Section 15 of the Securities Act and Section 20(a) of the Exchange Act.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Inducement and Good Faith Conduct under Section 20(a) of the Exchange Act)**

The claims of plaintiffs and the members of any alleged putative class are barred, in whole or in part, because defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a). Defendants believed at all relevant times, based on information available to them, that

PLAYSTUDIOS' statements were accurate when made and did not contain any material misstatement or omission of fact.  In this respect, and at all times, defendants had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## TENTH AFFIRMATIVE DEFENSE

## (No Liability of Controlling Persons)

The claims of plaintiffs and the members of any alleged putative class are barred, in whole or in part, to the extent any defendant had no knowledge of or reasonable grounds to believe in the existence of facts that are the basis of liability for any controlled person.  *See* 15 U.S.C. § 77o.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Reliance Upon Advice)

Defendants were entitled to act, and in fact acted, in good faith reliance upon the work, opinions, information, representations, and advice of professionals and experts upon whom they were entitled to rely.

## TWELTH AFFIRMATIVE DEFENSE

## (Offset of Damages)

Any harm suffered or damages incurred by plaintiffs or the members of any alleged putative class is subject to offset in the amount of any benefit received by plaintiffs or the members of any alleged putative class through their investments, including but not limited to any insurance, indemnification, or proceeds received from selling shares at allegedly inflated prices.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Contribution and/or Indemnity and Proportional Allocation)

Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur and any recovery for damages or loss allegedly incurred must be reduced, diminished, and/or eliminated as set forth in 15 U.S.C. § 78u-4(f).

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Unjust Enrichment)

Plaintiffs and the members of any alleged putative class would be unjustly enriched if they

were permitted to obtain any recovery in this action.

## FIFTEENTH FOURTH AFFIRMATIVE DEFENSE

### (Safe Harbor For Forward Looking Statements)

To the extent that the claims asserted in the AC are based on predictions, forecasts, expectations, expressions of opinion, or other forward-looking statements, plaintiffs and the members of any alleged putative class are barred from recovery by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c). Such statements were identified as forward looking, accompanied by meaningful cautionary language, and were not made with actual knowledge of falsity, and thus protected.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

The purported claims are barred in whole or in part because any allegedly actionable statements were made in the context of sufficient cautionary language or risk disclosures and are thus non-actionable under the "bespeaks caution" doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The purported claims are barred in whole or in part because plaintiffs and the members of any alleged putative class lack standing to assert any such claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

The purported claims are barred, in whole or in part, by the applicable statutes of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein, to the extent applicable.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend or supplement their Answer, raise any and all additional defenses, crossclaims, counterclaims, and third-party claims not asserted herein

---

ANSWER OF PLAYSTUDIOS DEFS. TO AMENDED COMPLAINT

- 27 -

Case No. 2:22-cv-01159-RFB-NJK

of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1.    That the Court refuse to certify this suit as a class action;

2.    That plaintiffs and the members of any alleged putative class take nothing by reason of the claims asserted herein;

3.    That judgment be entered in favor of all defendants on all claims asserted herein;

4.    For costs of suit herein; and

5.    For such other and further relief as the Court may deem just and proper.

Dated: May 15, 2024                                  Respectfully submitted,

**FENWICK & WEST LLP**

By:  /s/ *Jennifer Bretan*
          Jennifer Bretan

Jennifer Bretan (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Email: jbretan@fenwick.com

**SNELL & WILMER L.L.P**
Patrick G. Byrne, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Email: pbyrne@swlaw.com

*Attorneys for Defendants PLAYSTUDIOS, Inc.,*
*Andrew Pascal, William J. Hornbuckle, Joe*
*Horowitz, Jason Krikorian, and Judy K.*
*Mencher*

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all claims and issues so triable.

Dated: May 15, 2024

**FENWICK & WEST LLP**

By: /s/ *Jennifer Bretan*
      Jennifer Bretan

Jennifer Bretan (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Email: jbretan@fenwick.com

**SNELL & WILMER L.L.P**
Patrick G. Byrne, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Email: pbyrne@swlaw.com

*Attorneys for Defendants PLAYSTUDIOS, Inc.,
Andrew Pascal, William J. Hornbuckle, Joe
Horowitz, Jason Krikorian, and Judy K.
Mencher*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ *Jennifer Bretan*
Jennifer Bretan
Fenwick & West LLP