CAMPBELL & WILLIAMS
J. Colby Williams (Nevada Bar #5549)
710 South Seventh Steet, Suite A
Las Vegas, NV 89169
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

LATHAM & WATKINS LLP
Kristin N. Murphy (pro hac vice forthcoming)
Ryan A. Walsh (pro hac vice forthcoming)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 7558290

*Counsel for Defendants Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al.*<br><br>Defendants. | Case No: 2:22-CV-01159-RFB-NJK<br><br>Hon. Richard F. Boulware, II<br><br>**THE ACIES DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES LAWS**<br><br>**JURY DEMAND** |

Defendants Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, and Christopher Grove (collectively, the "Acies Defendants"), by and through their counsel, hereby submit their Answer and Affirmative Defenses to Lead Plaintiffs The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. ("Phoenix" or "Lead Plaintiff") Amended Class Action Complaint for Violations of the Securities Laws ("Amended Complaint").

### PREAMBLE

The Acies Defendants generally deny the allegations in the Amended Complaint, which fail to include any specific facts suggesting that the Acies Defendants received any communications (including from the alleged confidential witnesses), received any reports, or attended any meetings regarding Kingdom Boss that would have suggested the statements in the Registration Statement were untrue or misleading. Nor does the Amended Complaint allege that the two Acies Defendants who remained on the board of Playstudios post-closing were (or should have been) aware of facts undermining the Company's public statements regarding Kingdom Boss.

The Acies Defendants' responses herein are made based on their present knowledge, information, or belief, and may change subject to further investigation. The Acies Defendants expressly reserve the right to amend or supplement the answers and affirmative defenses. By responding to any allegation in the Amended Complaint, the Acies Defendants do not admit that such allegation is relevant to Phoenix's claims or is an appropriate subject of discovery.

The Court's March 31, 2024 Order dismissed all claims related to statements made in connection with the February 2, 2021 conference call. *See* Dkt. No. 136 at 34. Therefore, no response to any such claims or allegations is required.

Except as expressly admitted herein, the Acies Defendants deny the allegations set forth in the Amended Complaint. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the Amended Complaint. To the extent the paragraphs in the Amended Complaint are grouped

under headings and sub-headings, the Acies Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, the Acies Defendants deny each heading and sub-heading in the Amended Complaint and incorporate by reference this response in each paragraph below as if fully set forth therein. Any allegations contained in the Amended Complaint that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied. The Acies Defendants generally deny any averments in the Amended Complaint's unnumbered paragraphs, footnotes, and prayer for relief. The Acies Defendants deny any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context. The Acies Defendants generally deny any allegation in the Amended Complaint that purports to characterize the Registration Statement and Proxy/Prospectus as defective, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants object to Phoenix's definition of the Registration Statement and Proxy/Prospectus as the "Defective Proxy/Registration Statement" and object to Phoenix's use of the defined term throughout the Amended Complaint. The Acies Defendants deny that either the Registration Statement or Proxy/Prospectus was defective or misleading.

Subject to the foregoing, the Acies Defendants state on information and belief as follows:

The introductory paragraph of the Amended Complaint is a statement of the case to which no response is required.

<strong><u>NATURE OF THE ACTION</u></strong>

1. The Acies Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except state that Phoenix purports to bring a putative federal class action lawsuit against the Acies Defendants with three proposed classes (i) a class which asserts claims pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") (the "Securities Act Class"); (ii) a class which assert claims pursuant to Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (the "14(a) Class"); and (iii) a class

which asserts claims pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC (the "10(b) Class"), subject to certain enumerated exclusions.

2. The Acies Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except state that information regarding the price of Playstudios common stock is a matter of public record, and admit that Playstudios and Acies Acquisition Corp. ("Acies"), a special purpose acquisition company ("SPAC"), completed a merger in June 2021 ("Merger") after which certain Playstudios shares began publicly trading on June 22, 2021.

3. The Acies Defendants deny the allegations in Paragraph 3 of the Amended Complaint, except state that Phoenix purports to characterize the Form S-4 registration statement, filed by Acies on February 16, 2021, amended on March 26, May 10, May 18, and May 20, and effective as of May 25, 2021 ("Registration Statement") and the Schedule 14A Proxy Statement and Prospectus, filed by Acies on May 25, 2021 and which became part of the Registration Statement ("Proxy/Prospectus"), and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants further state that the allegations in Paragraph 3 of the Amended Complaint state a legal conclusion to which no response is required.

4. The Acies Defendants deny the allegations in Paragraph 4 of the Amended Complaint, except admit that Playstudios is a mobile gaming company founded in 2011, that Playstudios offers free-to-play social casino games, casual games, and puzzle games, that Playstudios entered into a development agreement with Boss Fight Entertainment, Inc. ("Boss Fight") to develop Playstudios' first role-playing game ("RPG"), *Kingdom Boss*, and state that the Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phoenix's beliefs regarding RPGs and what they consider "prominent mobile RPGs" and "critical to keep users engaged and dedicated to an RPG," and on that basis deny each and every such allegation.

5. The Acies Defendants deny the allegations in Paragraph 5 of the Amended

Complaint, except state that Phoenix purports to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

6. The Acies Defendants deny the allegations in the first and third sentences of Paragraph 6 of the Amended Complaint. As to the second sentence in Paragraph 6, the Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "hundreds of players with personal knowledge and experience confirmed that Kingdom Boss suffered from intractable technical defects including glitches, inordinate lags, and constant crashes" and on that basis deny such allegations. The Acies Defendants deny the remaining allegations in the second sentence in Paragraph 6.

7. The Acies Defendants deny the allegations in Paragraph 7 of the Amended Complaint, except state that Phoenix purports to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.

8. The Acies Defendants deny the allegations in Paragraph 8 of the Amended Complaint, except admit that 61.73% of the ordinary shares outstanding and entitled to vote as of the record date of May 14, 2021 were represented in person or by proxy at the June 17, 2021 shareholder meeting, and approximately 97% of the shares represented at that meeting voted to approve the Merger.

9. The Acies Defendants deny the allegations in Paragraph 9 of the Amended Complaint, except state that Phoenix purports to characterize Playstudios' quarterly financial results and earnings call transcripts, and respectfully refer the Court to those documents for their contents, which speak for themselves.

10. The Acies Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11. The Acies Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

**JURISDICTION AND VENUE**

12. The Acies Defendants deny the allegations in Paragraph 12 of the Amended Complaint, except admit that Phoenix purports to assert claims that arise under the statutes and rules cited in Paragraph 12 of the Amended Complaint.

13. The Acies Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14. The Acies Defendants deny the allegations in Paragraph 14 of the Amended Complaint, except admit the allegations in the first sentence of Paragraph 14 of the Amended Complaint, and admit that Playstudios' principal place of business is in Las Vegas, Nevada.

15. The Acies Defendants state that the allegations in Paragraph 15 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

**PARTIES**

16. The Acies Defendants deny the allegations in Paragraph 16 of the Amended Complaint, except state that the Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phoenix's purported purchases or acquisitions, and on that basis deny the allegations.

17. The Acies Defendants deny the allegations in Paragraph 17 of the Amended Complaint, except admit the allegations in the first and second sentences in Paragraph 17 of the Amended Complaint and admit that after the Merger Playstudios common stock publicly traded on NASDAQ, and that before the Merger Acies' Class A ordinary shares traded on NASDAQ under the symbol "ACAC."

18. The Acies Defendants admit the allegations in Paragraph 18 of the Amended Complaint, but deny the Registration Statement and Proxy/Prospectus were defective.

19. The Acies Defendants admit the allegations in Paragraph 19 of the Amended Complaint, except deny the Registration Statement and Proxy/Prospectus were defective.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

Case No. 2:22-cv-01159-RFB-NJK
THE ACIES DEFENDANTS' ANSWER TO
AMENDED COMPLAINT

20.     The Acies Defendants deny the allegations in Paragraph 20 of the Amended Complaint, except admit that James Murren was the Chairman of Acies' Board of Directors, the Registration Statement and Proxy/Prospectus identified Mr. Murren as one of the nominees for Playstudios' Board after the Merger, Mr. Murren signed the Registration Statement, and Mr. Murren has served as a director of Playstudios after the Merger.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

21.     The Acies Defendants deny the allegations in Paragraph 21 of the Amended Complaint, except admit that Zach Leonsis was a director of Acies and signed the Registration Statement.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

22.     The Acies Defendants deny the allegations in Paragraph 22 of the Amended Complaint, except admit that Brisa Carleton (f/k/a Brisa Trinchero) was a director of Acies and signed the Registration Statement.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

23.     The Acies Defendants deny the allegations in Paragraph 23 of the Amended Complaint, except admit that Andrew Zobler was a director of Acies and signed the Registration Statement.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

24.     The Acies Defendants deny the allegations in Paragraph 24 of the Amended Complaint, except admit that Sam Kennedy was a director of Acies and signed the Registration Statement.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

25.     The Acies Defendants deny the allegations in Paragraph 25 of the Amended Complaint, except admit that Christopher Grove was the Executive Vice President of Acquisitions of Acies.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

26. The Acies Defendants deny the allegations in Paragraph 26 of the Amended Complaint, except admit that Mr. Pascal co-founded and held a publicly disclosed economic interest in Acies and is the co-founder, Chairman, and CEO of Playstudios. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

27. The Acies Defendants deny the allegations in Paragraph 27 of the Amended Complaint, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Hornbuckle as one of the nominees for Playstudios' Board after the Merger, and Mr. Hornbuckle served as a director of Playstudios after the Merger until December 20, 2021. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

28. The Acies Defendants deny the allegations in Paragraph 28 of the Amended Complaint, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Horowitz as one of the nominees for Playstudios' Board after the Merger, and Mr. Horowitz has served as a director of Playstudios after the Merger. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

29. The Acies Defendants deny the allegations in Paragraph 29 of the Amended Complaint, except admit that the Registration Statement and Proxy/Prospectus identified Mr. Krikorian as one of the nominees for Playstudios' Board after the Merger, and Mr. Krikorian has served as a director of Playstudios after the Merger. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

30. The Acies Defendants deny the allegations in Paragraph 30 of the Amended Complaint, except admit that the Registration Statement and Proxy/Prospectus identified Ms. Mencher as one of the nominees for Playstudios' Board after the Merger, and Ms. Mencher has served as a director of Playstudios after the Merger. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

31. The Acies Defendants admit that Phoenix purports to state a definition of

"Individual Defendants" for purposes of the Amended Complaint in Paragraph 31 of the Amended Complaint.

32. The Acies Defendants admit that Phoenix purports to state a definition of "Defendants" for purposes of the Amended Complaint in Paragraph 32 of the Amended Complaint.

33. The Acies Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

## FACTS COMMON TO ALL CLAIMS

## I. Acies Forms As A SPAC To Consummate A Merger With Playstudios

34. The Acies Defendants admit the allegations in Paragraph 34 of the Amended Complaint, except state that Phoenix purports to characterize a Form S-1 filed by Acies with the SEC on September 21, 2020 ("Acies September 21, 2020 Form S-1"), and respectfully refer the Court to that document for its contents, which speaks for itself, and state that, to the extent Phoenix purports to state a legal conclusion regarding what constitutes a "blank check company," no response is required, and that allegation is accordingly denied.

35. The Acies Defendants deny the allegations in Paragraph 35 of the Amended Complaint, except state that Phoenix purports to characterize an April 8, 2021 statement from John Coates, identified as the SEC's Acting Director of the Division of Corporation Finance, and respectfully refer the Court to that statement for its contents, which speaks for itself.

36. The Acies Defendants deny the allegations in Paragraph 36 of the Amended Complaint, and in particular deny the vague and ambiguous nature of the allegations and the suggestions that all SPAC structures and transactions are the same, and further state that they lack knowledge or information sufficient to form a belief as to the truth of Phoenix's allegations regarding the purported incentives of unnamed "founders and managers" of unspecified SPACs, and on that basis deny the allegations.

37. The Acies Defendants deny the allegations in Paragraph 37 of the Amended Complaint, and in particular deny the vague and ambiguous nature of the allegations and the

suggestions that all SPAC structures and transactions are the same, and further state that they lack knowledge or information sufficient to form a belief as to the truth of Phoenix's allegations regarding the purported incentives of unspecified "SPAC sponsors and merger targets," and on that basis deny the allegations.

38. The Acies Defendants deny the allegations in Paragraph 38 of the Amended Complaint, and in particular deny the vague and ambiguous nature of the allegations and the suggestions that all SPAC structures and transactions are the same, and further state that Phoenix purports to characterize and quote statements from Mr. Coates and testimony of Gary Gensler, Chair of the SEC, and respectfully refer the Court to those statements for their contents, which statements and testimony speak for themselves.

39. The Acies Defendants deny the allegations in Paragraph 39 of the Amended Complaint, except state that Phoenix purports to characterize and quote from the Acies September 21, 2020 Form S-1, and respectfully refer the Court to that document for its contents, which document speaks for itself.

40. The Acies Defendants admit that Murren is the former CEO and Chairman of MGM Resorts International and knew Pascal before their time together on the Playstudios board of directors. The Acies Defendants deny the remaining allegations in Paragraph 40 of the Amended Complaint, except state that Phoenix purports to characterize, paraphrase, and take out of context a February 1, 2021 article in the Las Vegas Review-Journal, and respectfully refer the Court to that document for its contents, which article speaks for itself.

41. The Acies Defendants admit that Mr. Hornbuckle is the current CEO of MGM Resorts International ("MGM") and served as a director of Playstudios after the Merger until December 20, 2021, and that Mr. Murren has served as director of Playstudios after the Merger and owns Playstudios shares. The Acies Defendants further admit that MGM is a Playstudios rewards partner and shareholder, and state that information regarding MGM's share ownership is a matter of public record. The Acies Defendants deny the remaining allegations in Paragraph 41 of the Amended Complaint, except state that Phoenix purports to characterize, paraphrase, and

take out of context certain statements from a March 5, 2021 episode of the Absolute Return Podcast, and respectfully refer the Court to that episode for its contents, which statements speak for themselves.

42. The Acies Defendants deny the allegations in Paragraph 42 of the Amended Complaint, except state that Phoenix purports to characterize a May 11, 2022 Reuters article, and respectfully refer the Court to that document for its contents, which document speaks for itself, and admit that J.P. Morgan Securities LLC ("J.P. Morgan") acted as an underwriter in Acies' initial public offering ("IPO") and J.P. Morgan's M&A financial advisory group acted as one of the advisors to Playstudios in connection with the Merger.

43. The Acies Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

**II. Acies Claims Extensive Due Diligence Confirmed Playstudios' Valuation**

44. The Acies Defendants deny the allegations in Paragraph 44 of the Amended Complaint, except admit the first and third sentences in Paragraph 44 and admit that Playstudios' was a private company prior to the Merger.

45. The Acies Defendants deny the allegations in Paragraph 45 of the Amended Complaint, and in particular deny the suggestion that all SPAC transactions are the same, except admit that the Merger was contingent upon Acies shareholders' approval and that, if the Merger was approved, Acies shareholders had the option to redeem shares for a per-share price equal to the pro rata portion of the trust account, which was approximately $10 per share, regardless of how they voted.

46. The Acies Defendants deny the allegations in Paragraph 46 of the Amended Complaint, except admit that the Acies Board conducted due diligence of Playstudios in connection with the Merger, which include meeting with representatives of Playstudios, and state that Phoenix purports to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration

Statement and Proxy/Prospectus were defective.

47. The Acies Defendants deny the allegations in Paragraph 47 of the Amended Complaint, except state that Phoenix purports to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

48. The Acies Defendants deny the allegations in Paragraph 48 of the Amended Complaint, except admit that the Acies Board conducted due diligence of Playstudios in connection with the Merger, and state that Phoenix purports to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

49. The Acies Defendants deny the allegations in Paragraph 49 of the Amended Complaint, except state that Phoenix purports to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

50. The Acies Defendants deny the allegations in Paragraph 50 of the Amended Complaint, except state that Phoenix purports to mischaracterize and quote selectively and out of context the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

**III. Playstudios Misrepresents Exponential Growth Potential**

51. The Acies Defendants admit the second and third sentences of Paragraph 51 of the Amended Complaint and admit that in July 2011, Mr. Pascal and others founded Playstudios,

which secured a strategic investment from MGM, and admit that Playstudios primarily generates its revenue from the sale of in-game purchases of virtual currency used in mobile games. The Acies Defendants deny the remaining allegations in Paragraph 51 of the Amended Complaint, except state that Phoenix does not identify the relevant time frame(s) when referring to Playstudios' "historical[]" revenue and "most of [Playstudios'] existence," which renders those allegations unduly vague and improperly forces the Acies Defendants to speculate about Phoenix's supposed basis for those claims.

52. The Acies Defendants deny the allegations in Paragraph 52 of the Amended Complaint, except admit the first and second sentences of Paragraph 52, and state that Phoenix purports to characterize the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

53. The Acies Defendants deny the allegations in Paragraph 53 of the Amended Complaint, except admit that Playstudios entered into a development agreement with Boss Fight in 2020 to develop *Kingdom Boss*, an RPG game that would allow players to build their empire, forge alliances, command an army, and rescue their subjects from exiled kingdoms, and that Boss Fight was a Texas-based game development studio that has produced RPGs, but state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phoenix's other general characterizations of Boss Fight and RPG games, and on that basis deny each and every such allegation.

54. The Acies Defendants deny the allegations in Paragraph 54 of the Amended Complaint, except admit that Boss Fight developed *Kingdom Boss* for Playstudios.

55. The Acies Defendants deny the allegations in Paragraph 55 of the Amended Complaint, except state that Phoenix purports to characterize and quote the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and admit that the launch of Kingdom Boss in

the second half of 2021 was identified as a material assumption therein, and further state that no response is required to the allegations in the last sentence of Paragraph 55, which purport to characterize statements from the February 2, 2021 conference call, because the Court dismissed all related claims (*see* Dkt. No. 136 at 34), and because such statements speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

**IV.      Kingdom Boss Was Plagued With Technical Defects From The Start To The End**

56.      The Acies Defendants deny the allegations in Paragraph 56 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the Confidential Witness 1 ("CW1"), and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, quote, and take out of context statements from Playstudios' August 11, 2021 and November 11, 2021 earnings call, and respectfully refer the Court to that call for its contents, which statements speak for themselves.

57.      The Acies Defendants deny the allegations in Paragraph 57 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Phoenix's purported investigation or review, and on that basis deny each and every such allegation.

58.      The Acies Defendants deny the allegations in Paragraph 58 of the Amended Complaint, except state that Phoenix purports to present and characterize examples of comments by *Kingdom Boss* players while the game was still in development.  The Acies Defendants aver that Phoenix selectively quotes from and takes those comments out of context, and the Acies Defendants deny any mischaracterization of those comments.

59.      The Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or

take out of context statements from November 2020 posts on the *Kingdom Boss* Facebook page and from November and December 2020, and January 2021, posts on the Similar Play forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

60. The Acies Defendants deny the allegations in Paragraph 60 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from November 30, 2020 post on the *Kingdom Boss* Facebook page, and respectfully refer the Court to that public post for its contents, which posts speak for themselves.

61. The Acies Defendants deny the allegations in Paragraph 61 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context a statement from a November 6, 2020 post on the Android Republic forum, and respectfully refer the Court to that public post for its contents, which post speaks for itself.

62. The Acies Defendants deny the allegations in Paragraph 62 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from January and March 2021 posts on the *Kingdom Boss* Facebook page and from June 2021 posts on the Black Mod forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

63. The Acies Defendants deny the allegations in Paragraph 63 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from July 2021 posts on the Similar Play forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

64. The Acies Defendants deny the allegations in Paragraph 64 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from September 2021 posts on the Similar Play forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

65. The Acies Defendants deny the allegations in Paragraph 65 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of *Kingdom Boss* players while the game was still in development, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from a September 2021 post on the Black Mod forum, and respectfully refer the Court to that public post for its contents, which post speaks for itself.

66. The Acies Defendants deny the allegations in Paragraph 66 of the Amended Complaint, and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of CW1, and on that basis deny each and every such allegation, except admit that *Kingdom Boss* was launched in the final

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

quarter of 2021, and further state that no response is required to the allegations in the last sentence of Paragraph 66, which reflect Phoenix's proffered definition of the term "soft launch" and attempt to characterize an internet webpage of a third party, to which no response is required, and respectfully refer the Court to that webpage for its contents, which website speaks for itself.

67. The Acies Defendants deny the allegations in Paragraph 67 of the Amended Complaint, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported experiences and statements of persons claiming to be *Kingdom Boss* players around the time of its launch, and on that basis deny each and every such allegation, and further state that Phoenix purports to characterize, selectively quote, and/or take out of context statements from December 2021 posts on the *Kingdom Boss* Facebook page, and December 2021 and January 2021 posts on the Similar Play forum, and respectfully refer the Court to those public posts for their contents, which posts speak for themselves.

68. The Acies Defendants deny the allegations in Paragraph 68 of the Amended Complaint, except state that Phoenix purports to characterize and quote out of context statements from Playstudios' November 11, 2021 and February 24, 2022 earnings call transcripts, and respectfully refer the Court to those documents for their contents, which statements speak for themselves, and further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of Confidential Witness 2 ("CW2"), and on that basis deny each and every such allegation.

69. The Acies Defendants deny the allegations in Paragraph 69 of the Amended Complaint, except admit the first sentence, and state that Phoenix purports to characterize out of context statements from Playstudios' February 24, 2022 earnings call, and respectfully refer the Court to that call for its contents, which statements speak for themselves.

70. The Acies Defendants deny the allegations in Paragraph 70 of the Amended Complaint, except state that Phoenix purports to characterize and take out of context statements

from an April 7, 2022 post on the *Kingdom Boss* Facebook page, and respectfully refer the Court to that public post for its contents, which post speaks for itself.

<u>**FACTS ALLEGED WITH RESPECT TO COUNTS I, II, and III**</u>

**I.      Material Information Was Omitted In the Defective Proxy/Registration Statement**

71.     The Acies Defendants deny the allegations in Paragraph 71 of the Amended Complaint, except state that Phoenix purports to characterize and quote out of context the Registration Statement and Proxy/Prospectus, and respectfully refer the Court to those documents for their contents, which documents speak for themselves.  The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

72.     The Acies Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73.     The Acies Defendants deny the allegations in Paragraph 73 of the Amended Complaint, except state that Phoenix purports to characterize and quote out of context statements made during a February 2, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves, and the Acies Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call.  *See* Dkt. No. 136 at 34.

74.     The Acies Defendants deny the allegations in Paragraph 74 of the Amended Complaint, except state that Phoenix purports to characterize and excerpt out of context a presentation made in connection with the February 2, 2021 conference call, and respectfully refer the Court to that document for its contents, which document speaks for itself, and the Acies Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call.  *See* Dkt. No. 136 at 34.

75.     The Acies Defendants deny the allegations in Paragraph 75 of the Amended Complaint, except state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call.  *See* Dkt. No. 136 at 34.

76. The Acies Defendants deny the allegations in Paragraph 76 of the Amended Complaint, except state that Phoenix purports to characterize and quote statements out of context from the February 2, 2021 conference call, and respectfully refer the Court to that call for its contents, which statements speak for themselves, and the Acies Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

77. The Acies Defendants deny the allegations in Paragraph 77 of the Amended Complaint, except state that Phoenix purports to characterize and excerpt out of context a presentation made in connection with the February 2, 2021 conference call, and respectfully refer the Court to that document for its contents, which document speaks for itself, and the Acies Defendants further state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

78. The Acies Defendants deny the allegations in Paragraph 78 of the Amended Complaint, except state that no response is required because the Court dismissed all claims related to the February 2, 2021 conference call. *See* Dkt. No. 136 at 34.

79. The Acies Defendants deny the allegations in Paragraph 79 of the Amended Complaint, except state that Phoenix purports to characterize and quote selectively and out of context statements from an April 7, 2021 interview of Mr. Pascal by Fantini Research, and a transcript of the interview filed on Form 425, and respectfully refer the Court to that interview and transcript for their contents, which statements and transcript speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

80. The Acies Defendants deny the allegations in Paragraph 80 of the Amended Complaint.

81. The Acies Defendants deny the allegations in Paragraph 81 of the Amended Complaint, except admit the first sentence, and further state that Phoenix purports to characterize

and quote out of context statements from Playstudios' May 11, 2021 press release, and May 13, 2021 Form 425 filing, and respectfully refer the Court to those documents for their contents, which documents speak for themselves. The Acies Defendants specifically deny the allegation that the Registration Statement and Proxy/Prospectus were defective.

82. The Acies Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

**II.     The Defective Proxy/Registration Statement Violated SEC Regulation S-K**

83. The Acies Defendants deny the allegations in Paragraph 83 of the Amended Complaint, except state that Phoenix purports to characterize and quote from 17 C.F.R. § 229.303 under Regulation S-K ("Item 303") and SEC Release Nos. 33-8056; 34-45321; FR-61 (the "SEC Releases"), and respectfully refer the Court to Item 303 and the SEC Releases for their contents, which statute and documents speak for themselves, and further state that the allegations in Paragraph 83 of the Amended Complaint state legal conclusions to which no response is required.

84. The Acies Defendants deny the allegations in Paragraph 84 of the Amended Complaint, except state that Phoenix purports to characterize and quote from Release Nos. 33-6835 and 33-8350 issued by the SEC, and respectfully refer the Court to those documents for their contents, which documents speak for themselves, and further state that the allegations in Paragraph 84 of the Amended Complaint state legal conclusions to which no response is required.

85. The Acies Defendants deny the allegations in Paragraph 85 of the Amended Complaint, except state that Phoenix purports to misquote from (and miscite) 17 C.F.R. § 229.105 under Regulation S-K ("Item 105") and to characterize and quote from Release Nos. 33-8501 and 33-7558 issued by the SEC, and respectfully refer the Court to that regulation and those documents for their contents, which speak for themselves, and further state that the allegations in Paragraph 85 of the Amended Complaint state legal conclusions to which no response is required.

86. The Acies Defendants state that the allegations in Paragraph 86 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 86 of the Amended Complaint.

87. The Acies Defendants deny the allegations in Paragraph 87 of the Amended Complaint, and state that the second sentence of Paragraph 87 of the Amended Complaint states a legal conclusion to which no response is required.

88. The Acies Defendants deny the allegations in Paragraph 88 of the Amended Complaint.

**III. Playstudios Goes Public Via the Defective Proxy/Registration Statement**

89. The Acies Defendants deny the allegations in Paragraph 89 of the Amended Complaint, except admit that 61.73% of the ordinary shares outstanding and entitled to vote as of the record date of May 14, 2021 were represented in person or by proxy at the June 17, 2021 shareholder meeting, and approximately 97% of the shares represented at that meeting voted to approve the Merger and that certain Playstudios shares began publicly trading on June 22, 2021.

90. The Acies Defendants deny the allegations in Paragraph 90 of the Amended Complaint, except admit that all public shareholders of Acies had the right to redeem their public shares for a per-share price equal to the pro rata portion of the trust account, which was approximately $10.00 per share, regardless of how they voted on the Merger.

91. The Acies Defendants deny the allegations in Paragraph 91 of the Amended Complaint, except state that Phoenix purports to characterize and quote out of context from statements in Playstudios' August 11, 2021 and February 24, 2022 earnings releases and conference calls, and respectfully refer the Court to those documents and calls for their contents, which documents and statements speak for themselves.

**IV. The Safe Harbor Cannot Apply to the Defective/Proxy Registration Statement**

92. The Acies Defendants state that the allegations in Paragraph 92 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is

required, the Acies Defendants deny the allegations in Paragraph 92 of the Amended Complaint.

93. The Acies Defendants state that the allegations in Paragraph 93 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 93 of the Amended Complaint.

**ADDITIONAL FACTS ALLEGED ONLY WITH RESPECT TO COUNTS IV and V**

**I.      Pascal Made Additional Misleading Statements After the Merger**

94. The allegations in Paragraph 94 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 94 of the Amended Complaint on that basis.

95. The allegations in Paragraph 95 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 95 of the Amended Complaint on that basis.

96. The allegations in Paragraph 96 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 96 of the Amended Complaint on that basis.

97. The allegations in Paragraph 97 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 97 of the Amended Complaint on that basis.

98. The allegations in Paragraph 98 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 98 of the Amended Complaint on that basis.

99. The allegations in Paragraph 99 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 99 of the Amended Complaint on that basis.

100. The allegations in Paragraph 100 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 100 of the Amended Complaint on that basis.

101. The allegations in Paragraph 101 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 101 of the Amended Complaint on that basis.

**II. Section 10(b) Defendants Made Misleading Statements with Scienter**

102. The allegations in Paragraph 102 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 102 of the Amended Complaint on that basis.

103. The allegations in Paragraph 103 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 103 of the Amended Complaint on that basis.

104. The allegations in Paragraph 104 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 104 of the Amended Complaint on that basis.

105. The allegations in Paragraph 105 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 105 of the Amended Complaint on that basis.

106. The allegations in Paragraph 106 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 106 of the Amended Complaint on that basis.

107. The allegations in Paragraph 107 of the Amended Complaint are not asserted against the Acies Defendants, and the Acies Defendants deny the allegations in Paragraph 107 of the Amended Complaint on that basis.

**III. The Truth Begins to Emerge**

108. The Acies Defendants deny the allegations in Paragraph 108 of the Amended Complaint, except admit that the Company announced its full fiscal year revenues for 2021 on February 24, 2022, admit the second sentence, admit that the Company disclosed it would suspend *Kingdom Boss* and take an associated write off that day, and state that Phoenix purports

to characterize and/or quote out of context statements from Playstudios' February 24, 2022 earnings release and statements from its conference call and presentation the same day, and respectfully refer the Court to those documents and statements for their contents, which documents and statements speak for themselves.

109. The Acies Defendants deny the allegations in Paragraph 109 of the Amended Complaint, except state the trading price of Playstudios' common stock is a matter of public record.

110. The Acies Defendants deny the allegations in Paragraph 110 of the Amended Complaint, except state that Phoenix purports to characterize out of context statements from Playstudios' May 5, 2022 earnings release and certain analysts' coverage of Playstudios, and respectfully refer the Court to those documents and reports for their contents, which documents and reports speak for themselves.

111. The Acies Defendants deny the allegations in Paragraph 111 of the Amended Complaint, except state the trading price of Playstudios' common stock is a matter of public record.

**LEAD PLAINTIFF'S CLASS ACTION ALLEGATIONS**

112. The Acies Defendants deny the allegations in Paragraph 112 of the Amended Complaint, except state that Phoenix purports to bring this lawsuit as a class action on behalf of three putative classes: the Securities Act Class, the 14(a) Class, and the 10(b) Class, subject to certain enumerated exclusions.

113. The Acies Defendants state that the allegations in Paragraph 113 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants admit that Playstudios' common stock traded on NASDAQ, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff's knowledge of the number of purported Class members or how they may be identified or notified, and on that basis deny each and every such allegation.

114. The Acies Defendants state that the allegations in Paragraph 114 of the Amended

Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 114 of the Amended Complaint.

115. The Acies Defendants state that the allegations in Paragraph 115 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Amended Complaint, and on that basis deny the allegations.

116. The Acies Defendants state that the allegations in Paragraph 116 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Amended Complaint, and on that basis deny the allegations.

117. The Acies Defendants state that the allegations in Paragraph 117 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

118. The Acies Defendants state that the allegations in Paragraph 118 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 118 of the Amended Complaint, except admit that Playstudios' common stock traded on NASDAQ, that Playstudios made public statements to investors, and that analysts, journalists, and industry commentators covered the Company.

119. The Acies Defendants state that the allegations in Paragraph 119 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

## COUNT I

**Violation of Section 11 of the Securities Act of 1933**
**Against the Company and Defendants King, Fetters, Murren, Leonsis, Carleton, Zobler, Kennedy, Pascal, Hornbuckle, Horowitz, Krikorian, Mencher, and Grove**

120. The Acies Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 93 and 112 through 119 as if fully set forth herein.

121. The Acies Defendants state that the allegations in Paragraph 121 of the Amended Complaint state a legal conclusion and reflect Phoenix's characterization of their purported claim, to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122. The Acies Defendants deny the allegations in Paragraph 122 of the Amended Complaint, except admit that Phoenix purports to assert this Count pursuant to Section 11 of the Securities Act against the Company and each of the individual defendants.

123. The Acies Defendants state that the allegations in Paragraph 123 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 123 of the Amended Complaint.

124. The Acies Defendants admit that Mr. King was the Co-CEO and Principal Executive Officer of Acies, Mr. Fetters was the Co-CEO and Principal Financial and Accounting Officer of Acies, Mr. Grove was the Executive Vice President of Acquisitions of Acies, Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, and Mr. Kennedy were directors of Acies, and Mr. King, Mr. Fetters, Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, and Mr. Kennedy signed the Registration Statement. The second sentence in Paragraph 124 states a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in the second sentence of Paragraph 124. The Acies Defendants deny the remaining allegations in Paragraph 124.

125. The Acies Defendants admit that the Registration Statement and the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

Case No. 2:22-cv-01159-RFB-NJK
THE ACIES DEFENDANTS' ANSWER TO
AMENDED COMPLAINT

Proxy/Prospectus identified Mr. Pascal, Mr. Murren, Mr. Hornbuckle, Mr. Horowitz, Mr. Krikorian, and Ms. Mencher as nominee directors for Playstudios' Board after the Merger. The second sentence in Paragraph 125 states a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in the second sentence of Paragraph 125. The Acies Defendants deny the remaining allegations in Paragraph 125.

126. The Acies Defendants incorporate by reference and reassert their responses to Paragraphs 73, 74, 76, 77, 79, and 81 as if fully set forth herein. The second sentence in Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in the second sentence of Paragraph 126. The Acies Defendants deny the remaining allegations in Paragraph 126.

127. The Acies Defendants state that the allegations in Paragraph 127 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in Paragraph 127 of the Amended Complaint. The Acies Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the state of mind of Phoenix and members of the alleged Securities Act Class, and on that basis deny the allegations.

128. The Acies Defendants state that the allegations in Paragraph 128 of the Amended Complaint state a legal conclusion to which no response is required. To the extent any response is required, the Acies Defendants deny the allegations.

**COUNT II**

**Violation of Section 15 of the Securities Act of 1933**
**Against Defendant Pascal**

129. The Acies Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 93 and 112 through 128 as if fully set forth herein. Phoenix does not assert Count II against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 129.

130. Phoenix does not assert Count II against any of the Acies Defendants; therefore,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 130.

131. Phoenix does not assert Count II against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 131.

132. Phoenix does not assert Count II against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 132.

## COUNT III

**Violation of Section 14(a) of the Exchange Act of 1934 and Rule 14a-9 Against Playstudios and Defendants King, Fetters, Murren, Leonsis, Carleton, Zobler, Kennedy, and Grove**

133. The Acies Defendants incorporate by reference and reassert their responses to Paragraphs 1 through 93 and 112 through 132 as if fully set forth herein.

134. The Acies Defendants deny the allegations in Paragraph 134 of the Amended Complaint, except admit that Phoenix purports to assert this Count pursuant to Section 14(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder, against the Company and Mr. King, Mr. Fetters, Mr. Murren, Mr. Leonsis, Ms. Carleton, Mr. Zobler, Mr. Kennedy, and Mr. Grove. The Acies Defendants state that the last sentence in Paragraph 134 of the Amended Complaint states a legal conclusion and reflect Phoenix's characterization of their purported claim, to which no response is required. To the extent a response is required, the Acies Defendants deny the allegations in the last sentence of Paragraph 134 of the Amended Complaint.

135. The Acies Defendants admit that Phoenix purports to quote part of SEC Rule 14a-9, 17 C.F.R. §240.14a-9, which Rule speaks for itself.

136. The Acies Defendants deny the allegations in Paragraph 136 of the Amended Complaint.

137. The Acies Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

138. The Acies Defendants deny the allegations in Paragraph 138 of the Amended

Complaint.

139. The Acies Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

140. The Acies Defendants deny the allegations in Paragraph 140 of the Amended Complaint.

141. The Acies Defendants deny the allegations in Paragraph 141 of the Amended Complaint.

## COUNT IV

**Violation of Section 10(b) of the Exchange Act and Rule 10b-5
Against the Company and Pascal**

142. The Acies Defendants incorporate by reference and reassert their responses to each and every foregoing Paragraph of the Amended Complaint as if fully set forth herein.

143. Phoenix does not assert Count IV against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 143.

144. Phoenix does not assert Count IV against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 144.

145. Phoenix does not assert Count IV against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 145.

146. Phoenix does not assert Count IV against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 146.

147. Phoenix does not assert Count IV against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 147.

148. Phoenix does not assert Count IV against any of the Acies Defendants; therefore,

no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 129.

149. The Acies Defendants deny the allegations in Paragraph 149 of the Amended Complaint.

## COUNT V

**Violation of Section 20(a) of the Exchange Act
Against the Defendant Pascal**

150. The Acies Defendants incorporate by reference and reassert their responses to each and every foregoing Paragraph of the Amended Complaint as if fully set forth herein.

151. Phoenix does not assert Count V against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 151.

152. Phoenix does not assert Count V against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 152.

153. Phoenix does not assert Count V against any of the Acies Defendants; therefore, no response is required. On that basis, the Acies Defendants deny the allegations in Paragraph 153.

## PRAYER FOR RELIEF

**Prayer For Relief A:** The Acies Defendants deny that Phoenix or any member of the alleged putative class is entitled to the relief and judgment requested.

**Prayer For Relief B:** The Acies Defendants deny that Phoenix or any member of the alleged putative class is entitled to the relief and judgment requested.

**Prayer For Relief C:** The Acies Defendants deny that Phoenix or any member of the alleged putative class is entitled to the relief and judgment requested.

**Prayer For Relief D:** The Acies Defendants deny that Phoenix or any member of the alleged putative class is entitled to the relief and judgment requested.

## RESERVATION OF RIGHTS

The Acies Defendants expressly reserve the right to amend or supplement their Answer, raise any and all additional defenses, crossclaims, counterclaims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to a defendant as to any element of Phoenix's purported claims, whether individual or on behalf of a putative class, the Acies Defendants assert the following defenses to the allegations set forth in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSES

To the extent that it may be determined that any Acies Defendant is responsible for the alleged losses of Phoenix and the members of any alleged putative class, and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed or imputed to any other Acies Defendant.

## SECOND AFFIRMATIVE DEFENSES

To the extent Phoenix attempts to assert a class-wide presumption of reliance, the claims of Phoenix and the members of any alleged putative class are barred, in whole or in part, because Phoenix and the alleged putative class members did not actually, justifiably, reasonably or otherwise rely upon any of the alleged misstatements or omissions set forth in the Amended Complaint, and have not established sufficient facts to avail themselves of the fraud on the market doctrine.

## THIRD AFFIRMATIVE DEFENSES

The alleged losses of Phoenix and the alleged putative classes, if any, were caused by market factors, superseding or intervening causes, or other factors for which the Acies

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

Case No. 2:22-cv-01159-RFB-NJK
THE ACIES DEFENDANTS' ANSWER TO
AMENDED COMPLAINT

Defendants are not responsible and thus any losses were not actually or proximately caused by the Acies Defendants. *See* 15 U.S.C. § 77k(e).

**FOURTH AFFIRMATIVE DEFENSES**

The purported claims are barred, in whole or in part, because, upon reasonable investigation, the Acies Defendants had reasonable grounds to believe, and did believe, that there was no material misstatement or omission in the Registration Statement. *See* 15 U.S.C. § 77k(b)(3).

**FIFTH AFFIRMATIVE DEFENSES**

The purported claims are barred, in whole or in part, to the extent individuals had actual knowledge of information alleged to be false or omitted.

**SIXTH AFFIRMATIVE DEFENSES**

The alleged losses of Phoenix and the members of any alleged putative class, if any, were caused by Phoenix's and the alleged putative classes' assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

**SEVENTH AFFIRMATIVE DEFENSES**

The claims of Phoenix and the members of any alleged putative class are barred, in whole or in part, because information that the Acies Defendants allegedly concealed was in fact already or contemporaneously disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all times reflected in the price of the Company's stock. In other words, the truth was in the market.

**EIGHTH AFFIRMATIVE DEFENSES**

The claims of Phoenix and the members of any alleged putative class are barred, in whole or in part, because the Acies Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a). The Acies Defendants believed at all relevant times, based on information available to them, that Playstudios' statements were accurate when made and did not contain any material

misstatement or omission of fact. In this respect, the Acies Defendants at all times had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## NINTH AFFIRMATIVE DEFENSES

The Acies Defendants were entitled to act, and in fact acted, in good faith reliance upon the work, opinions, information, representations, and advice of professionals and experts upon whom they were entitled to rely.

## TENTH AFFIRMATIVE DEFENSES

Any harm suffered or damages incurred by Phoenix or the members of any alleged putative class is subject to offset in the amount of any benefit received by Phoenix or the members of any alleged putative class through their investments, including but not limited to any insurance, indemnification or proceeds received from selling shares at allegedly inflated prices.

## ELEVENTH AFFIRMATIVE DEFENSES

The Acies Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur and any recovery for damages or loss allegedly incurred must be reduced, diminished, and/or eliminated as set forth in 15 U.S.C. § 78u-4(f).

## TWELFTH AFFIRMATIVE DEFENSES

Phoenix and the members of any alleged putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## THIRTEENTH AFFIRMATIVE DEFENSES

To the extent that the claims asserted in the Amended Complaint are based on predictions, forecasts, expectations, expressions of opinion, or other forward-looking statements, Phoenix and the members of any alleged putative class are barred from recovery by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c). Such statements were identified as forward looking, accompanied by meaningful cautionary language, and were not made with actual knowledge of falsity, and thus protected.

## FOURTEENTH AFFIRMATIVE DEFENSES

The purported claims are barred in whole or in part because any allegedly actionable statements were made in the context of sufficient cautionary language or risk disclosures and are thus non-actionable under the "bespeaks caution" doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSES

The purported claims are barred in whole or in part because Phoenix and the member of any alleged putative class lack standing to assert any such claim.

## SIXTEENTH AFFIRMATIVE DEFENSES

The purported claims are barred, in whole or in part, by the applicable statutes of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSES

The Acies Defendants adopt by reference any applicable defense pleaded by any other defendant not expressly set forth herein, to the extent applicable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Acies Defendants respectfully request:

1. That the Court refuse to certify this suit as a class action;

2. That Phoenix and the members of any alleged putative class take nothing by reason of the claims asserted herein;

3. That judgment be entered in favor of the Acies Defendants on all claims asserted herein;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Acies Defendants demand a trial by jury on all claims and issues triable by a jury.

Dated: May 15, 2024

By /s/ J. Colby Williams

CAMPBELL & WILLIAMS
J. Colby Williams (Nevada Bar #5549)
710 South Seventh Steet, Suite A
Las Vegas, NV 89169
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

LATHAM & WATKINS LLP
Kristin N. Murphy (pro hac vice forthcoming)
Ryan A. Walsh (pro hac vice forthcoming)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile: (714) 7558290

*Counsel for Defendants Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Campbell & Williams and that, on this 15th day of May, 2024, I caused a true and correct copy of the above and foregoing **DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES LAWS** via the Court's CM/ECF Electronic Service System to the following:

Joshua B. Silverman
Omar Jafri
POMERANTZ LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Email: jbsilverman@pomlaw.com
    ojafri@pomlaw.com

Jeremy A. Lieberman
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Email: jalieberman@pomlaw.com

Andrew R.Muehlbauer
Sean P. Connell
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Email: andrew@mlolegal.com
    sean@mlolegal.com

*Attorneys for Lead Plaintiffs The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd.*

Executed on **May 15, 2024**, at Las Vegas, Nevada.

By /s/ J. Colby Williams
    J. COLBY WILLIAMS