Dean S. Kristy (admitted *pro hac vice*)
dkristy@fenwick.com
Jennifer Bretan (admitted *pro hac vice*)
jbretan@fenwick.com
Sofia Ritala (admitted *pro hac vice*
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:  415.281.1250

Patrick G. Byrne (Nevada Bar No. 7636)
pbyrne@swlaw.com
Bradley T. Austin (Nevada Bar No. 13064)
baustin@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252

*Attorneys for Defendants PLAYSTUDIOS, Inc.,
Andrew Pascal, William J. Hornbuckle, Joe
Horowitz, Jason Krikorian, and Judy K. Mencher*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE, individually as administrator of the CHRISTIAN A. FELIPE CONTRIBUTORY IRA, and on Behalf of Similarly Situated Persons,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYSTUDIOS, INC. *et al.*,<br><br>Defendants. | Case No.:  2:22-cv-01159-RFB-NJK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order (this "Order") does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth herein, that this Order does not entitle them to file confidential information under seal; Local Rule (Part IA) 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   **DEFINITIONS**

2.1.   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), information prohibited from disclosure by statute, including but not limited to personal identifying information, and research, technical, commercial, strategic, competitive, or financial information maintained as confidential, and information protected from disclosures by any applicable foreign data privacy or protection laws, including as set forth in Section 2.7.

2.3.   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5.   Disclosure or Discovery Material: all items or information, regardless of the

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and (1) was not an employee of a Party during the alleged Class Period; (2) is not a current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or Party's competitor during the course of the retention.

2.7.    Foreign Private Data: any information that a Party believes in good faith to be subject to foreign data protection laws or other privacy obligations.  Foreign Private Data constitutes Confidential Information under the terms of this Order.

2.8.    House Counsel: attorneys who are employees of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.    Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege, immunity, or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. law, regulation, or statute.

2.13.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only that information that qualifies as Confidential so that information for which protection is not warranted is not swept unjustifiably within the ambit of this Order.  Mass and indiscriminate designations are prohibited.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the Protected Material designation.  Each Party reserves its right to challenge the designations as improper.

5.2.   Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  To the extent it is practicable to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, a Party or the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of the final transcript of the testimony in which to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition, or up to 30 days after receipt of the final transcript of the testimony if that right is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in

its entirety unless otherwise agreed.  After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     for information requiring production in native or non-documentary electronic form (*e.g.*, database records or spreadsheets): by its nature, certain electronic information is impracticable to designate for confidentiality on a document or item by item basis. In such instances, the Producing Party shall therefore affix in a prominent place on the exterior of the container or containers within which the electronic information is stored or transmitted (*e.g.*, a physical CDROM or hard disk drive) the legend "CONFIDENTIAL."  The Receiving Party shall mark any documents it prints from such designated files "CONFIDENTIAL" as designated and treat them as such, in accordance with the provisions of this Order.

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, and the Challenging Party still seeks to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party shall serve written notice (which may be accomplished via email), in accordance with this paragraph of the Order, identifying for the Designating Party the specific material that remains subject to the challenge. The Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rules 7-2 and 7-3 (and in compliance with Local Rule (Part IA) 10-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the notice provided in this paragraph, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation still subject to challenge. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision

must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, mediators and their staff, insurers, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing (by email, with receipt confirmed) the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object within 14 days of receiving the notice and accompanying information and does not within 7 days of any such objection timely seek a protective order from this court, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject

to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any Party or Non-Party, pursuant to Rule 502(b) of the Federal Rules of Evidence, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Discovery Material or other information provided that the holder of the privilege has taken reasonable steps to prevent disclosure, and has taken reasonable steps to rectify the error as contemplated by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. Discovery Material or other information subject to a claim of privilege or immunity must be returned, sequestered, or destroyed as soon as it is discovered provided that the production was inadvertently made pursuant to Rule 502(b) of the Federal Rules of Evidence. The Receiving Party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion

to compel production in this matter.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return, sequester, or destroy all copies of such document(s) or thing(s) and shall return, sequester, or destroy any newly created derivative document such as a summary or comment on the inadvertently produced information. The Receiving Party may then move the court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose any Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the parties or by a decision of the court.

## 12.    REDACTIONS ALLOWED

Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material; or (ii) Foreign Private Data. The Producing Party shall mark each redaction with a legend stating "REDACTED" and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party. Foreign Private Data shall be redacted from any public filing not filed under seal. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information as set forth in Section 6. The Parties reserve all rights and objections with respect to other types of redactions not specified herein.

## 13.    MISCELLANEOUS

13.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3.   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule (Part IA) 10-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule (Part IA) 10-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 25, 2024

**MUEHLBAUER LAW OFFICE, LTD.**

By: /s/ *Andrew R. Muehlbauer*
　　　Andrew R. Muehlbauer

Andrew R. Muehlbauer
7915 West Sahara Ave., Ste. 104
Las Vegas, NV 89117
Email: andrew@mlolegal.com

**POMERANTZ LLP**
Omar Jafri (admitted *pro hac vice*)
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com

*Attorneys for Lead Plaintiffs and*
*Lead Counsel for the Proposed Class*

**SNELL & WILMER L.L.P.**

By: /s/ *Bradley T. Austin*
　　　Bradley T. Austin

Bradley T. Austin, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Email: baustin@swlaw.com

**FENWICK & WEST**
Jennifer Bretan (admitted *pro hac vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Email: jbretan@fenwick.com

*Attorneys for PLAYSTUDIOS, Inc.,*
*Andrew Pascal, William J. Hornbuckle,*
*Joe Horowitz, Jason Krikorian, and*
*Judy K. Mencher*

**CAMPBELL & WILLIAMS**

By: /s/ *J. Colby Williams*
　　　J. Colby Williams

J. Colby Williams (5549)
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: jcw@cwlawlv.com

**LATHAM & WATKINS LLP**
Kristin N. Murphy (pro hac vice forthcoming)
Ryan A. Walsh (pro hac vice pending)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: kristin.murphy@lw.com
Email: ryan.walsh@lw.com

*Attorneys for Defendants Edward King,*
*Daniel Fetters, James Murren, Zach Leonsis,*
*Brisa Carleton, Andrew Zobler, Sam*
*Kennedy, and Christopher Grove*

**IT IS SO ORDERED.**

Dated: _____, 2024.


_____
The Honorable Richard F. Boulware, II
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] in the case of *Felipe v. Playstudios, Inc., et al.*, Case No. 2:22-cv-01159-RFB-NJK.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order (this "Order") and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Michelle Shypkoski*

Snell & Wilmer LLP