# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, | Case No. 2:22-cv-01159-RFB-NJK |
| Plaintiff, | Hon. Richard F. Boulware |
| vs. | **DECLARATION OF ROCHELLE J. TEICHMILLER REGARDING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS** |
| PLAYSTUDIOS, INC., *et al.*, | |
| Defendants. | |

I, Rochelle J. Teichmiller, declare as follows:

1.     I am a Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"),[1] whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's June 27, 2025, Order ("the Preliminary Approval Order") (ECF No. 170), A.B. Data was appointed as Claims Administrator in connection with the Settlement in the above-captioned action (the "Action"). I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## DISSEMINATION OF THE POSTCARD NOTICE

2.     Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Postcard Notice to potential Settlement Class Members. A copy of the Postcard Notice is attached hereto as Exhibit A.

3.     As in most class actions of this nature, the majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement filed March 6, 2025 ("Stipulation"). ECF No. 164-2.

these beneficial purchasers are known only to the nominees. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees. On July 11, 2025, A.B. Data caused Postcard Notices to be mailed to the 4,899 mailing records contained in the A.B. Data record holder mailing database.

4. On July 9, 2025, A.B. Data received a data file for Playstudios, Inc. ("Playstudios") via Lead Counsel with the names and addresses of 451 unique record holders of Playstudios securities that were potential Settlement Class Members. On July 11, 2025, A.B. Data also received a data file for Acies Acquisition Corp. ("Acies") via Lead Counsel, with the names and addresses of three (3) unique record holders of Playstudios securities that were potential Settlement Class Members. A.B. Data caused the Postcard Notice to be sent by First-Class Mail to these 454 potential Settlement Class Members.

5. In addition, on July 11, 2025, A.B. Data also delivered electronic copies of the Notice of Pendency and Proposed Settlement of Class Action (the "Long-Form Notice") and the Proof of Claim and Release Form (the "Proof of Claim") to 363 banks, brokers, and nominees for which A.B. Data has a registered email address. Copies of the Long-Form Notice and Proof of Claim are attached hereto as Exhibits B and C, respectively.

6. On July 11, 2025, A.B. Data also submitted the Long-Form Notice and the Proof of Claim to the Depository Trust Company to post on their Legal Notice System, which offers DTC member banks and brokers access to a comprehensive library of notices concerning DTC-eligible securities.

7. The Long-Form Notice directed those who held, purchased, or otherwise acquired, Playstudios or Acies common stock for the beneficial interest of a person other than themselves they must either (a) provide to the Claims Administrator the name, last known address, and email addresses (if known) of each person or organization for whom or which purchased such stock during such time period; (b) request additional copies of the Postcard Notice, which will be provided, free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners/purchasers of the stock; or (c) request the link to the Long-Form Notice and Proof of Claim and Release Form (together, the "Notice Packet"), and within ten (10) days email the direct link of the Notice Packet to the beneficial owners/purchasers.

8.    As of the date of this Declaration, A.B. Data has received 528 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data has also received requests from brokers and other nominee holders for 9,517 Postcard Notices, which the brokers and nominees are required to mail to their customers. All such mailing requests have been responded to by A.B. Data in a timely manner.

9.    As of the date of this Declaration, a total of 15,398 Postcard Notices have been mailed to potential Settlement Class Members and their nominees. In addition, A.B. Data has re-mailed 48 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were obtained through either the Postal Service or address research conducted through TransUnion.

### PUBLICATION OF THE SUMMARY NOTICE

10.    In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice to be transmitted once over *PR Newswire* on July 11, 2025. Proof of this publication of the Summary Notice is attached hereto as Exhibit D.

### TELEPHONE HOTLINE

11.    On or about July 11, 2025, a case-specific toll-free phone number, 877-307-6170, was established with an Interactive Voice Response system and live operators, to accommodate potential Settlement Class Members with questions about the Action and the Settlement. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option to be transferred to an operator during business hours. A.B. Data continues to maintain the telephone helpline and will continue to update the interactive voice response system as necessary through the administration of the Settlement.

### WEBSITE

12.    On or about July 11, 2025, A.B. Data also established a case-specific website, www.PlaystudiosSecuritiesLitigation.com, which provides general information regarding the case and its current status, including exclusion, objection, and claim-filing deadlines for the case; the online claim filing link; the date and time of the Settlement Hearing; as well as downloadable copies of the Postcard Notice, Long-Form Notice, Proof of Claim, and other court documents, including

the Stipulation and Order. A.B. Data will update the website as necessary through the administration of the Settlement.

### REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

13.     The Postcard Notice and the Long-Form Notice informed potential Settlement Class Members that written requests for exclusion are to be received no later than September 17, 2025. A.B. Data has been monitoring all mail delivered to the post office box. As of the date of this Declaration, A.B. Data has not received any requests for exclusion. A.B. Data will submit a supplemental declaration after the September 17, 2025 exclusion deadline addressing any requests for exclusion received.

14.     Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than September 16, 2025. As of the date of this Declaration, A.B. Data has not received any misdirected objections.

### CLAIMS RECEIVED TO DATE

15.     Pursuant to the Preliminary Approval Order, Proof of Claims are to be submitted no later than September 2, 2025. As of the date of this Declaration, A.B. Data has received 5,386 Proof of Claims. A.B. Data continues to process and load claim submissions. A.B. Data will submit a supplemental declaration prior to the Settlement Hearing addressing additional claims received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of September 2025.

_____
Rochelle J. Teichmiller

DECLARATION OF ROCHELLE J. TEICHMILLER
Case No. 2:22-cv-01159-RFB-NJK
4

# EXHIBIT A

Baysider Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173029
Milwaukee, WI 53217

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*Important Notice about a Securities
Class Action Settlement*

*You may be entitled to a payment.
This Notice may affect your legal
rights.*

*Please read it carefully.*

Case No. 2:22-cv-01159 (D. Nev.)

Case Pending in the United States District Court for the
District of Nevada

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Re: Playstudios Securities Litigation, Case No. 2:22-cv-01159*

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.PlaystudiosSecuritiesLitigation.com OR CALL 877-307-6170 FOR MORE INFORMATION.*

The United States District Court for the District of Nevada (the "Court") has preliminarily approved a proposed Settlement of claims against PLAYSTUDIOS, Inc. ("Playstudios" f/k/a Acies Acquisition Corp., or "Acies"), Andrew Pascal, Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove, William J. Hornbuckle, Joe Horowitz, Jason Krikorian, and Judy K. Mencher (collectively, the "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants allegedly made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning the business operations of Playstudios and a merger between Playstudios and Acies. Defendants deny the allegations.

You received this notice because you may have purchased or otherwise acquired Acies or Playstudios common stock between February 16, 2021, and May 5, 2022, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $6,500,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the Claims website: www.PlaystudiosSecuritiesLitigation.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: *Playstudios Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173029, Milwaukee, WI 53217; (2) call toll free: 877-307-6170; or (3) email: info@PlaystudiosSecuritiesLitigation.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.PlaystudiosSecuritiesLitigation.com. **PROOFS OF CLAIM ARE DUE BY SEPTEMBER 2, 2025** to *Playstudios Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173029, Milwaukee, WI 53217 or submitted electronically at www.PlaystudiosSecuritiesLitigation.com. If you do not want to be legally bound by the Settlement, you must exclude yourself by September 17, 2025. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by September 16, 2025. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on October 14, 2025 at 12:15 p.m. at the United States District Court for the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7C, Las Vegas, Nevada 89101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 20% of the Settlement Fund for their attorneys' fees, plus up to $160,000 in expenses, and Awards to Plaintiffs of no more than $10,000 each, for litigating the cases and negotiating the Settlement. You may, but do not have to, attend the hearing, and ask to be heard by the Court. For more information, call toll-free 877-307-6170, or visit the website www.PlaystudiosSecuritiesLitigation.com.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, | Case No. 2:22-cv-01159-RFB-NJK |
| *Plaintiff*, | Hon. Richard F. Boulware, II |
| v. | |
| PLAYSTUDIOS, INC., et al., | |
| *Defendants*. | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you: (a) purchased or otherwise acquired public shares in PLAYSTUDIOS, Inc. ("Playstudios" f/k/a/ Acies Acquisition Corp., or "Acies"), including by way of exchange of publicly-listed Acies shares pursuant to or traceable to the proxy/registration statement that Playstudios filed with the SEC on Form S-4 on February 16, 2021, and amended on Forms S-4/A on March 26, 2021, May 10, 2021, May 18, 2021, and May 20, 2021, and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on May 25, 2021 (the "Proxy/Registration Statement"); (b) were solicited to approve the merger between Playstudios and Acies and exchanged publicly listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (c) purchased or otherwise acquired Playstudios common stock between August 11, 2021 and May 5, 2022 (the "10(b) Class Period"), both dates inclusive;  and as to any of (a)-(c) were damaged thereby, you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide six million five hundred thousand dollars ($6,500,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and Awards to Plaintiffs, net of any taxes on interest, to pay claims of investors who (a) purchased or otherwise acquired Playstudios common stock pursuant to or traceable to the Proxy/Registration Statement, (b) were solicited to approve the merger between Playstudios and Acies and exchanged publicly listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (c) purchased or otherwise acquired Playstudios common stock during the 10(b) Class Period; and as to any of (a)-(c) were damaged thereby.

- Plaintiffs calculate that the Settlement represents an estimated average recovery of $0.30 per share based on Plaintiffs' estimate of the number of damaged shares of Playstudios common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the Recognized Losses of all Settlement Class Members, the date(s) you beneficially held, purchased and sold Playstudios common stock, the purchase and sales prices of Playstudios common stock, and the total number of claims filed.

- Attorneys for Plaintiffs (hereafter "Lead Counsel") will ask the Court to award them fees of up to one-fifth (20%) of the Settlement Amount ($1,300,000.00) plus interest, reimbursement of litigation expenses of no more than $160,000 and Awards to Plaintiffs not to exceed $10,000 each. If approved by the Court, these amounts (which Plaintiffs calculate as totaling an average of $0.07 per Plaintiffs' estimate of the number of damaged shares of Playstudios common stock) will be paid from the Settlement Fund.

- The Settlement resolves the Action, which arises in the context of a SPAC merger, and concerns whether Playstudios, Andrew Pascal, Edward King, Daniel Fetters, James Murren, Zach Leonsis, Brisa Carleton, Andrew Zobler, Sam Kennedy, Christopher Grove, William J. Hornbuckle, Joe Horowitz, Jason Krikorian, and Judy K.

Mencher (collectively, the "Defendants") allegedly made materially misleading statements and omissions in SEC filings, press releases, and other investor communications related to a new game being developed for release by Playstudios.  Plaintiffs allege that known problems with the game existed at the time of the merger and continued throughout the Class Period until the Company ultimately suspended development of the game.   Defendants maintain that all of their statements concerning game development were true and correct and deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER YOU ACT OR DO NOT ACT. IF YOU DO NOT ACT, YOU MAY PERMANENTLY FORFEIT YOUR RIGHT TO RECOVER ON THIS CLAIM. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release form, which must be postmarked or submitted online no later than **September 2, 2025**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **September 17, 2025.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **September 16, 2025** about why you oppose the Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and/or the expenses of Lead Plaintiff. You can still submit a claim form and be a Member of the Settlement Class. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on **October 14, 2025, at 12:15 p.m.** Requests to speak must be received by the Court on or before **September 16, 2025**. You can still submit a claim form and be a Member of the Settlement Class. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

**INQUIRIES**

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| *Playstudios Securities Litigation*<br>c/o A.B. Data, Ltd.<br>P.O. Box 173029<br>Milwaukee, WI 53217<br>Tel.:  877-307-6170<br>info@PlaystudiosSecuritiesLitigation.com | **or** | Omar Jafri<br>Diego Martinez-Krippner<br>POMERANTZ LLP<br>10 S. LaSalle Street, Suite 3505<br>Chicago, IL 60603<br>Tel: (312) 377-1181 |
|---|---|---|

**DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated March 5, 2025 (the "Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

1.    **Why did I get this Notice?**

You or someone in your family may have (a) purchased or otherwise acquired public shares in Playstudios pursuant to or traceable to the Proxy/Registration Statement; (b) were solicited to approve the merger between Playstudios and Acies and exchanged publicly listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (c) purchased or acquired publicly traded Playstudios common stock between August 11, 2021 and May 5, 2022, both dates inclusive.

2.    **What is this lawsuit about?**

The case is known as *Felipe v. Playstudios, Inc.*, No. 2:22-cv-01159 (D. Nev.) (the "Action"). The Court in charge of the case is the United States District Court for the District of Nevada.

The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of material fact concerning a SPAC merger and related to a new game being developed for release by Playstudios. Plaintiffs allege that known problems with the game existed at the time of the merger and continued throughout the Class Period until the Company ultimately suspended development of the game. The Complaint alleges that the misstatements or omissions artificially inflated the price of Playstudios' share price, and that the share price dropped in response to certain subsequent disclosures. The Complaint also alleges that Defendants' misstatements and omissions prevented investors from understanding critical information concerning the merger between Acies and Playstudios, which affected investors' decision to redeem or exchange Acies shares for Playstudios shares. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

**The issuance of this Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of Lead Plaintiff's claims in the Action or whether Defendants engaged in any wrongdoing.**

3.    **Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these

individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs made claims against Defendants on behalf of the Class. Defendants deny that they have done anything wrong or violated any statute and disclaim any liability. This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, the Parties have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Continued litigation could result in no recovery at all, and Plaintiffs may not win at trial. Even if Plaintiffs were to win at trial, and also prevail on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

The Parties do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which the Parties disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under the federal securities law; (2) whether Defendants acted with scienter, which means with an intent to deceive, manipulate, or defraud, including an extreme departure from the standards of ordinary care, presenting a danger of misleading buyers that is either known to the defendant or is so obvious that the actor must have been aware of it; (3) whether the alleged disclosures were corrective disclosures; (4) whether Defendants have valid defenses to any such claims of liability; (5) the appropriate economic model for determining the amount by which the price of Playstudios securities was allegedly artificially inflated (if at all) during the Class Period; (6) the amount by which the price of Playstudios securities was allegedly artificially inflated (if at all) during the Class Period; (7) the effect of various market forces on the price of Playstudios securities at various times during the Class Period; (8) the extent to which external factors influenced the price of Playstudios securities at various times during the Class Period; (9) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Playstudios securities at various times during the Class Period; and (10) the amount of alleged damages, if any, that could be recovered at trial.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities, other than Defendants and their affiliates, who: (a) purchased or otherwise acquired public shares in Playstudios pursuant to or traceable to the Proxy/Registration Statement; (b) were solicited to approve the merger between Playstudios and Acies and exchanged publicly listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement;[1] or (c) purchased or acquired publicly traded Playstudios common stock between August 11, 2021 and May 5, 2022, both dates inclusive; and as to any of (a)-(c) were damaged thereby.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Playstudios or Acies; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Playstudios, or was a Private Investment in Public Equities ("PIPE") investor in Playstudios; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. You may also be excluded from the Class if you have a net profit in purchases and sales of Playstudios common stock or otherwise suffered no compensable damages during the Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to question 11.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, A.B. Data, Ltd., by phone at 877-307-6170, visit the website

---

[1] Only holders of record of Acies Class A ordinary shares at the close of business on May 14, 2021 (the "Record Date") were entitled to vote on the merger between Playstudios and Acies at the Extraordinary General Meeting held on June 17, 2021.

www.PlaystudiosSecuritiesLitigation.com or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

**a.    What is the Settlement Fund?**

The proposed Settlement provides that Defendants will cause six million five hundred thousand dollars ($6,500,000) (the "Settlement Fund") to be paid into the Escrow Account for the benefit of the Settlement Class. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any Award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely and valid Proof of Claim and Release Form, according to the Plan of Allocation to be approved by the Court.

**b.    What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Class Members; (ii) the dates you beneficially held, purchased and sold Playstudios common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and Awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Playstudios common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of Playstudios common stock. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.PlaystudiosSecuritiesLitigation.com.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions

in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than twenty dollars ($20.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $20.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization selected by Lead Counsel.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Playstudios common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### The Basis For Calculating Your Recognized Loss

The general objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

For shares eligible for a recovery under the Section 11 of the Securities Act, a Recognized Loss will be calculated as described below under "Calculation of Recognized Loss Per Share Under Section 11 of the Securities Act." For shares eligible for a recovery under Section 14(a) of the Exchange Act, a Recognized Loss will be calculated as described below under "Calculation of Recognized Loss Per Share Under Section 14(a) of the Exchange Act." For shares eligible for a recovery under Section 10(b) of the Exchange Act, a Recognized Loss will be calculated as described below under "Calculation of Recognized Loss Per Share Under Section 10(b) of the Exchange Act." The Recognized Loss for shares eligible for a recovery under both Section 11 of the Securities Act and Section 14(a) of the Exchange Act shall be the greater of such price declines that occurred on the following dates: February 25, 2022; February 28, 2022; March 1, 2022; May 6, 2022; May 9, 2022; and May 10, 2022 (the alleged "Corrective Disclosure Decline(s)"). Accordingly, if a share of Playstudios common stock was sold before February 25, 2022 (*i.e.*, the earliest Corrective Disclosure Decline), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Playstudios common stock was both purchased and subsequently sold between two consecutive Corrective Disclosure Declines, the Recognized Loss for that share is $0.00.

| Table 1 |  |  |
| :---: | :---: | :---: |
| **Artificial Inflation in Playstudios Common Stock** |  |  |
| **Under Section 10(b) of the Exchange Act** |  |  |
| **From** | **To** | **Per-Share Price Inflation** |
| August 12, 2021 | February 24, 2022 | $2.56 |
| February 25, 2022 | February 27, 2022 | $2.14 |
| February 28, 2022 | February 28, 2022 | $1.88 |
| March 1, 2022 | May 5, 2022 | $1.31 |
| May 6, 2022 | May 8, 2022 | $0.45 |
| May 9, 2022 | May 9, 2022 | $0.10 |
| May 10, 2022 | Thereafter | $0.00 |

The Recognized Loss under Section 10(b) also takes into account the "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Playstudios common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Playstudios common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

**Calculation of Recognized Loss Per Share Under Section 11 of the Securities Act**

Only shares of Playstudios Class A common stock purchased or acquired prior to July 30, 2021 (including by way of exchange of publicly listed Acies shares and freely-transferable Playstudios shares in the merger between Acies and Playstudios) are potentially traceable to the Proxy/Registration Statement under the Settlement and the proposed Plan of Allocation set forth in this Notice. For each Playstudios share eligible for a recovery under Section 11 of the Securities Act, the Recognized Loss shall be calculated as follows:

I.      For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly listed Acies shares or freely-transferable Playstudios shares), that was sold on or prior to April 5, 2022 (when Securities Act claims were first alleged in this Action), the Recognized Loss is the purchase price (not to exceed $10.00) *minus* the sale price.[2, 3]

II.     For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly listed Acies shares or freely-transferable Playstudios shares), that was still held at close of the U.S. financial markets on April 5, 2022, the Recognized Loss is the purchase price (not to exceed $10.00) *minus* $4.84.[4]

---

[2] The purchase price for shares exchanged in the merger shall be deemed to be $10.00 per share.
[3] Shares of Playstudios common stock acquired as a result of the automatic separation of Acies units into its component securities upon the consummation of the merger between Acies and Playstudios, are eligible for a claim under Section 11 of the Securities Act. The purchase price for such shares shall be deemed to be $10.00 per share.
[4] $4.84 is the closing price of the Playstudios common stock on April 5, 2022.

**Calculation of Recognized Loss Per Share Under Section 14(a) of the Exchange Act**

Shares of publicly listed Acies Class A ordinary stock held at the close of business on May 14, 2021 (the Record Date), and subsequently exchanged for Playstudios Class A common stock in the merger between Acies and Playstudios rather than redeemed, are eligible for a recovery under Section 14(a) of the Exchange Act. Such shares will have a Recognized Loss under Section 14(a) of the Exchange Act calculated as follows:

I.      For each share that was sold on, or prior to, May 10, 2022, the Recognized Loss is $10.00 *minus* the sale price.

II.     For each share that was still held at the close of the U.S. financial markets on May 10, 2022, the Recognized Loss $5.87.[5]

**Calculation of Recognized Loss Per Share Under Section 10(b) of the Exchange Act**

Based on the formula set forth below, a Recognized Loss will be calculated under Section10(b) of the Exchange Act, for each purchase or acquisition of Playstudios common stock during the Class Period (*i.e.*, August 11, 2021 through May 5, 2022, both dates inclusive) as follows:

I.      For each share that was purchased on August 11, 2021, the Recognized Loss is zero ($0.00) because the challenged statements in this Action subject to the Section 10(b) claims were made after the market closed on August 11, 2021.

II.     For each share that was sold prior to February 25, 2022, the Recognized Loss is zero ($0.00).

III.    For each share that was sold during the period February 25, 2022 through May 5, 2022, both dates inclusive, the Recognized Loss is the amount of artificial inflation on the date of purchase/acquisition *minus* the amount of artificial inflation on the date of sale as set forth in Table 1 above.

IV.    For each share that was sold during the period May 6, 2022 through August 3, 2022, both dates inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

     a.    the amount of artificial inflation on the date of purchase/acquisition *minus* the amount of artificial inflation on the date of sale as set forth in Table 1 above; or

     b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

V.     For each share that was still held as of the close of the U.S. financial markets on August 3, 2022, the Recognized Loss is *the lesser of*:

     a.    the amount of artificial inflation on the date of purchase/acquisition as set forth in Table 1 above; or

     b.    the purchase price *minus* the average closing price for Playstudios common stock during the 90-Day Lookback Period, which is $4.91.

---

[5] $5.87 is based on $10.00 minus the closing price of Playstudios stock on May 10, 2022, which was $4.13.

| Table 2 90-Day Lookback Values for Playstudios Common Stock | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 5/6/2022 | $4.77 | 6/7/2022 | $5.43 | 7/8/2022 | $5.30 |
| 5/9/2022 | $4.49 | 6/8/2022 | $5.47 | 7/11/2022 | $5.27 |
| 5/10/2022 | $4.37 | 6/9/2022 | $5.49 | 7/12/2022 | $5.24 |
| 5/11/2022 | $4.37 | 6/10/2022 | $5.50 | 7/13/2022 | $5.21 |
| 5/12/2022 | $4.42 | 6/13/2022 | $5.49 | 7/14/2022 | $5.18 |
| 5/13/2022 | $4.52 | 6/14/2022 | $5.49 | 7/15/2022 | $5.16 |
| 5/16/2022 | $4.63 | 6/15/2022 | $5.51 | 7/18/2022 | $5.13 |
| 5/17/2022 | $4.74 | 6/16/2022 | $5.53 | 7/19/2022 | $5.11 |
| 5/18/2022 | $4.77 | 6/17/2022 | $5.54 | 7/20/2022 | $5.09 |
| 5/19/2022 | $4.83 | 6/21/2022 | $5.56 | 7/21/2022 | $5.07 |
| 5/20/2022 | $4.87 | 6/22/2022 | $5.56 | 7/22/2022 | $5.05 |
| 5/23/2022 | $4.94 | 6/23/2022 | $5.56 | 7/25/2022 | $5.03 |
| 5/24/2022 | $5.00 | 6/24/2022 | $5.55 | 7/26/2022 | $5.01 |
| 5/25/2022 | $5.07 | 6/27/2022 | $5.52 | 7/27/2022 | $4.99 |
| 5/26/2022 | $5.12 | 6/28/2022 | $5.49 | 7/28/2022 | $4.97 |
| 5/27/2022 | $5.16 | 6/29/2022 | $5.45 | 7/29/2022 | $4.96 |
| 5/31/2022 | $5.22 | 6/30/2022 | $5.42 | 8/1/2022 | $4.94 |
| 6/1/2022 | $5.29 | 7/1/2022 | $5.39 | 8/2/2022 | $4.92 |
| 6/2/2022 | $5.35 | 7/5/2022 | $5.36 | 8/3/2022 | $4.91 |
| 6/3/2022 | $5.39 | 7/6/2022 | $5.34 | N/A | N/A |
| 6/6/2022 | $5.41 | 7/7/2022 | $5.32 | N/A | N/A |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company shares shall not be deemed a purchase, acquisition or sale of shares for the calculation of an Authorized Claimant's Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First-In-First-Out ("FIFO") basis in chronological order. On the Proof of Claim enclosed with this Notice, you must provide: (i) all shares of Acies Class A ordinary stock held as of the close of business on May 14, 2021 (the "Record Date"); and (ii) all your purchases and sales of Acies ordinary shares and/or Playstudios common stock during the period May 15, 2021 through and including August 3, 2022 (i.e., the end of the 90-Day Lookback Period).

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the stock. The date of a "short sale" is deemed to be the date of sale of the stock. In accordance with the Plan of Allocation, however, the covering purchase of a short sale is not a purchase that is eligible for a recovery. In the event that a Claimant has a short position in Acies ordinary shares and/or Playstudios common stock, the earliest subsequent purchases or acquisitions of such stock shall be matched against such short position, and shall not be entitled to a recovery, until that short position is fully covered.

With respect to Playstudios common stock purchased or sold through the exercise of a publicly traded option or warrant, the purchase/sale date of the shares shall be the exercise date of the option or warrant and the purchase/sale price of the shares shall be the exercise price of the option or warrant. Any Recognized Loss arising from purchases of Playstudios common stock through the exercise of a publicly traded option or warrant shall be computed as provided for other purchases of Playstudios common stock in the Plan of Allocation.[6]

Playstudios common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities of Acies or Playstudios, Inc. are not eligible to participate in the Settlement.

---

[6] The "exercise" of a publicly traded option as used in this sentence includes: (1) purchases of stock as the result of the exercise of a call option, and (2) purchases of stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Playstudios common stock acquired in exchange for securities of any corporation or entity other than Acies or Playstudios, Inc. are not eligible to participate in the settlement.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.     How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form" (also called a "Claim Form"). This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.PlaystudiosSecuritiesLitigation.com. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.PlaystudiosSecuritiesLitigation.com **by 11:59 p.m. EST on September 2, 2025**; or (2) by mailing the Claim Form together with all documentation requested in the form, **postmarked no later than September 2, 2025**, to the Claims Administrator at:

*Playstudios Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173029
Milwaukee, WI 53217

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the **September 17, 2025** deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Playstudios common stock (including by way of exchanging Acies common stock in the merger or being solicited to approve the merger) during the Class Period or who were solicited to approve the merger and who exchanged publicly listed Acies shares for Playstudios common stock rather than redeeming. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in connection with the proxy solicitation and decision not to redeem and the purchase, acquisition, sale, or ownership of Playstudios common stock during the Class Period. The specific terms of the release are included in the Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Felipe v. Playstudios, Inc.*, No. 2:22-cv-01159 (D. Nev.)" and (B) states the number of Acies common shares beneficially held at the close

of business on May 14, 2021, the date, number of shares and dollar amount of each purchase/acquisition and sale of Acies common stock and Playstudios common stock during May 15, 2021 through May 5, 2022, inclusive, as well as the number of shares of Playstudios common stock held by you as of May 5, 2022. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase/acquisition and, if applicable, sale of Acies common stock and Playstudios common stock; and (ii) demonstrating your status as a beneficial owner of Acies or Playstudios securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than September 17, 2025**, to the Claims Administrator at the following address:

*Playstudios Securities Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**You cannot exclude yourself by telephone or by e-mail.**

No request for exclusion will be considered valid unless all of the information described above is included in any such request. No further opportunity to request exclusion will be given in this Action.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed Pomerantz LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided below.

**14.    How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-fifth (20%) plus interest of the Settlement Amount ($1,300,000.00), reimbursement of litigation expenses of no more than $160,000 and an Award to Plaintiffs not to exceed $10,000 each. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Felipe v. Playstudios, Inc.*, No. 2:22-cv-01159 (D. Nev.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases, acquisitions, sales, or holdings of Acies common stock or Playstudios common

stock to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Only Settlement Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.  Any Settlement Class Member who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, unless otherwise ordered by the Court.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than September 16, 2025**:

| *Court:* | *Lead Counsel:* | *Counsel for Defendants:* |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Nevada<br>333 Las Vegas Boulevard South<br>Las Vegas, NV 89101 | POMERANTZ LLP<br>Omar Jafri<br>Diego Martinez-Krippner<br>10 South LaSalle Street,<br>Suite 3505<br>Chicago IL  60603 | FENWICK & WEST LLP<br>Dean S. Kristy<br>Jennifer Bretan<br>Monica Chan<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-2300<br><br>LATHAM & WATKINS LLP<br>Kristin N. Murphy<br>Ryan A. Walsh<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626<br>Telephone: (714) 540-1235 |

**16.**  **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.**  **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **October 14, 2025, at 12:15 p.m.**, at the United States District Court, District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7C, Las Vegas, NV 89101.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs.

**18.**   **Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.**   **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

**20.**   **What happens if the proposed Settlement is approved?**

If the proposed Settlement is approved, the Court will enter a Final Judgment, dismissing the Action with prejudice. In addition, upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and the heirs, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Parties, except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between May 14, 2021, and May 5, 2022, both dates inclusive, you held, purchased or otherwise acquired, Playstudios or Acies common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and e-mail addresses (if known) of each person or organization for whom or which you purchased such stock during such time period; (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days mail the Postcard Notice directly to the beneficial owners/purchasers of the stock; or (c) request the link to this Notice and Proof of Claim and Release Form (together, the "Notice Packet"), and within ten (10) days e-mail the direct link of the Notice Packet to the beneficial owners/purchasers. If you choose to follow alternative procedure (b) or (c), the Court has directed that, upon such mailing/e-mailing, you send a statement to the Claims Administrator confirming that the mailing/e-mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.05 per e-mail sent of the Notice Packet link; or $0.05 per name, address, and/or e-mail address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: JUNE 27, 2025                                    BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                       FOR THE DISTRICT OF NEVADA

# EXHIBIT C

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission:  September 2, 2025**

TERMS NOT DEFINED HEREIN HAVE THE SAME MEANING AS SET FORTH IN THE NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION ("NOTICE") THAT ACCOMPANIES THIS PROOF OF CLAIM AND RELEASE AND THE STIPULATION OF SETTLEMENT, DATED AS OF MARCH 5, 2025. (THE "STIPULATION").

IF YOU PURCHASED OR OTHERWISE ACQUIRED PLAYSTUDIOS, INC. ("PLAYSTUDIOS" OR THE "COMPANY") COMMON STOCK (INCLUDING BY WAY OF EXCHANGE OF PUBLICLY-LISTED ACIES SHARES) PURSUANT TO OR TRACEABLE TO THE PROXY/REGISTRATION STATEMENT FILED BY THE COMPANY WITH THE SEC ON FORM S-4 ON FEBRUARY 16, 2021, AND AMENDED ON FORMS S-4/A ON MARCH 26, 2021, MAY 10, 2021, MAY 18, 2021, AND MAY 20, 2021, AND THE BODY OF WHICH WAS INCORPORATED INTO THE FINAL PROSPECTUS ON FORM 424(B)(3) FILED ON MAY 25, 2021 (HEREAFTER THE "PROXY/REGISTRATION STATEMENT"); WERE SOLICITED TO APPROVE THE MERGER BETWEEN PLAYSTUDIOS AND ACIES ACQUSITION CORP. ("ACIES") AND EXCHANGED PUBLICLY LISTED ACIES SHARES FOR PLAYSTUDIOS CLASS A ORDINARY SHARES RATHER THAN REDEEMING THE SAME PURSUANT TO THE PROXY/REGISTRATION STATEMENT; OR PURCHASED OR OTHERWISE ACQUIRED PLAYSTUDIOS COMMON STOCK BETWEEN AUGUST 11, 2021 AND MAY 5, 2022, BOTH DATES INCLUSIVE (THE "10(b) CLASS PERIOD"); AND AS TO ANY OF THE FOREGOING WERE ALLEGEDLY DAMAGED THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS AND THEIR IMMEDIATE FAMILIES, CURRENT AND FORMER DIRECTORS OR OFFICERS OF PLAYSTUDIOS OR ACIES; ANY ENTITY THAT HAS ENTERED INTO A STOCKHOLDER AGREEMENT OR CO-VENTURE AGREEMENT WITH PLAYSTUDIOS, OR WAS A PRIVATE INVESTMENT IN PUBLIC EQUITIES INVESTOR IN PLAYSTUDIOS; ANY ENTITY CONTROLLED, MAJORITY-OWNER OR WHOLLY OWNED, OR AFFILIATED WITH ANY OF THE ABOVE. (ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE THOSE PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON **SEPTEMBER 2, 2025** AT www.PlaystudiosSecuritiesLitigation.com.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN SEPTEMBER 2, 2025 TO A.B. DATA, LTD., THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Playstudios Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173029
Milwaukee, WI 53217
Tel.:  877-307-6170
info@PlaystudiosSecuritiesLitigation.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY SEPTEMBER 2, 2025 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT

SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

**CLAIMANT'S STATEMENT**

1.  I (we) purchased PLAYSTUDIOS, Inc. ("Playstudios") common stock during the Class Period; purchased or otherwise acquired Playstudios common stock pursuant to or traceable to the Proxy/Registration Statement; or was (were) solicited to approve the merger between Playstudios and Acies and exchanged publicly listed Acies shares for Playstudios common stock rather than redeeming the same pursuant to the Proxy/Registration statement; or purchased or otherwise acquired Playstudios common stock between August 11, 2021 and May 5, 2022; and as to any of the foregoing was (were) allegedly damaged thereby. (Do not submit this Proof of Claim and Release Form if you (a) did not purchase Playstudios common stock between August 11, 2021 and May 5, 2022, (b) did not purchase or otherwise acquire Playstudios common stock pursuant to or traceable to the Proxy/Registration statement, or (c) did not exchange publicly listed Acies shares for Playstudios common stock rather than redeeming the same pursuant to the Proxy/Registration Statement.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Playstudios, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Playstudios listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information).

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us)

and my (our) heirs, representatives, affiliates, trustees, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined below.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, representatives, affiliates, trustees, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

10. "Released Parties" means (i) each Defendant; (ii) the immediate family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and affiliates of Playstudios or Acies; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her immediate family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

11. "Released Claims" means all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory, and whether direct, class, or individual in nature, whether arising under federal, state, common or foreign law, that Plaintiffs, any other Settlement Class Member, or any other Releasing Plaintiffs' Party: (i) asserted in the Action; (ii) could have asserted in the Action, or in the future can or might assert in the Action, or in any forum, that arise out of, are based upon, or relate to any of the allegations, transactions, facts, matters or occurrences, representations, statements or omissions involved, set forth, or referred to in the Action, including any previous complaint in the Action; or (iii) that relate to the purchase, or other acquisition of PLAYSTUDIOS' publicly traded securities, including by way of exchange in PLAYSTUDIOS' merger with Acies, or the solicitation to approve the merger and to retain rather than redeem Acies shares pursuant to the Proxy/Registration Statement. Released Claims shall not include (i) any claims relating to the enforcement of the settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. Released Claims include Unknown Claims (as defined below), notwithstanding California Civil Code § 1542 or any other similar provision of law.

12. "Unknown Claims" means any and all Released Claims that any Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the released persons, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision not to object to the Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, Plaintiffs and every member of the Settlement Class expressly waive, and by operation of the final judgment shall be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

14.  NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at 877-307-6170 or visit their website at www.PlaystudiosSecuritiesLitigation.com to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15.  NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.PlaystudiosSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@PlaystudiosSecuritiesLitigation.com or 877-307-6170. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
*PLAYSTUDIOS SECURITIES LITIGATION*

Case No. 2:22-cv-01159-RFB-NJB

**PROOF OF CLAIM AND RELEASE**
**Must Be Postmarked (if Mailed) or Received (if Filed Electronically)**
**No Later Than: September 2, 2025**
PLEASE TYPE OR PRINT

## I. CLAIMANT INFORMATION

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Record Owner's Name *(if different from beneficial owner listed above)*

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address 2

| City | State/Province | ZIP Code |
|---|---|---|
| | | |

| Foreign Postal Code *(if applicable)* | Foreign Country *(if applicable)* |
|---|---|
| | |

| Telephone Number (Day) | Telephone Number (Evening) |
|---|---|
| | |

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

## II. SCHEDULE OF TRANSACTIONS IN ACIES AND PLAYSTUDIOS COMMON STOCK

**Beginning Holdings in Acies Common Stock:**

A.  State the total number of shares of Acies common stock (ticker symbol ACAC) held at the close of trading on May 14, 2021 (*must be documented).* If none, write "zero" or "0."

**Purchases/Acquisitions of Acies Common Stock:**

B.  Separately list each and every purchase or acquisition of Acies common stock (ticker symbol ACAC) between May 15, 2021 and June 21, 2021, both dates inclusive, and provide the following information (*must be documented):*[1]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Redeemed Acies Common Stock:**

C.  State the total number of shares of Acies common stock (ticker symbol ACAC) for which you exercised your redemption rights between the close of trading on May 14, 2021 and the close of trading on June 21, 2021 (*must be documented).* If none, write "zero" or "0."

**Sales of Acies Common Stock:**

D.  Separately list each and every sale of Acies common stock (ticker symbol ACAC) between May 15, 2021 and June 21, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

---

[1] In the following table, please include Acies common stock acquired through any of the following transactions: the exercise of a publicly traded option; the exercise of a publicly traded Acies warrant (ticker symbol ACACW); the separation of a publicly traded Acies unit (ticker symbol ACACU) into its component securities at the request of the unit holder.

**Acies Common Stock Converted Into Playstudios Common Stock In the Merger:**

E.   State the total number of shares of Acies common stock (ticker symbol ACAC) that were automatically converted, on a one-for-one basis, into shares of Playstudios common stock (ticker symbol MYPS) in the merger between Acies and Playstudios on or about June 21, 2021 (*must be documented*).[2] If none, write "zero" or "0."

**Purchases/Acquisitions of Playstudios Common Stock:**

F.   Separately list each and every purchase or acquisition of Playstudios common stock (ticker symbol MYPS) between June 22, 2021, and August 3, 2022, both dates inclusive, and provide the following information (*must be documented*):[3]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Sales of Playstudios Common Stock:**

G.   Separately list each and every sale of Playstudios common stock (ticker symbol MYPS) between June 22, 2021, and August 3, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings in Playstudios Common Stock:**

H.   State the total number of shares of Playstudios common stock (ticker symbol MYPS) held at the close of trading on August 3, 2022 (*must be documented*). If none, write "zero" or "0."

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

---

[2] Please include Playstudios common stock acquired as a result of the automatic separation of Acies units (ticker symbol ACACU) into its component securities upon the consummation of the merger between Acies and Playstudios on or about June 21, 2021.

[3] In the following table, please include Playstudios common stock acquired through the exercise of a publicly traded option or Playstudios warrant (ticker symbol MYPSW).

**III. CERTIFICATION**

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Nevada, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Playstudios common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
  ☐   Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED OR SUBMITTED NO LATER THAN SEPTEMBER 2, 2025 AND MUST BE MAILED TO:**

Playstudios Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173029
Milwaukee, WI 53217
Tel: 877-307-6170
info@PlaystudiosSecuritiesLitigation.com

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by September 2, 2025 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or e-mail within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgment. If you do not receive an acknowledgment within 45 days, please contact the Claims Administrator by telephone toll-free at 877-307-6170 or by e-mail at info@PlaystudiosSecuritiesLitigation.com.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

o  Please be sure to sign this Proof of Claim and Release Form on page 6. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each Claimant must sign.

o  Please remember to attach supporting documents. DO NOT send any stock certificates. Keep copies of everything you submit.

o  DO NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o  Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

o  If you move or change your address, telephone number or e-mail address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT D

# Pomerantz LLP Announces a Notice of Pendency and Proposed Class Action Settlement in Felipe v. Playstudios, Inc.

NEWS PROVIDED BY
**Pomerantz LLP**
Jul 11, 2025, 14:00 ET

CHICAGO, July 11, 2025 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN A. FELIPE, *Plaintiff*, v. PLAYSTUDIOS, INC., et al., *Defendants*. | Case No. 2:22-cv-01159-RFB-NJK<br>Hon. Richard F. Boulware, II |

**SUMMARY NOTICE OF PENDENCY AND**

**PROPOSED CLASS ACTION SETTLEMENT**

**TO:    All persons or entities who:**

(i)     **purchased or otherwise acquired public shares in PLAYSTUDIOS, Inc. ("Playstudios") (including by way of exchange of publicly-listed Acies Acquisition Corp. ("Acies") shares) pursuant to or traceable to the proxy/registration statement that Defendants filed with the SEC on Form S-4 on February 16, 2021, and amended on Forms S-4/A on March 26, 2021, May 10, 2021, May 18, 2021, and May 20, 2021, and the body of which was incorporated into the final prospectus on Form 424(b)(3) filed on May 25, 2021 (hereafter the "Proxy/Registration Statement");**

(ii)    **were solicited to approve the merger between Playstudios and Acies and who exchanged publicly-listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or**

(iii)   **purchased or otherwise acquired Playstudios' Class A Ordinary Shares or other public Playstudios' securities between August 11, 2021 and May 5, 2022, both dates inclusive.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Nevada, that a hearing will be held on October 14, 2025, at 12:15 p.m. before the Honorable Richard F. Boulware, II, United States District Judge of the District of Nevada, 333 Las Vegas Boulevard South, Courtroom 7C, Las Vegas, Nevada 89101 for the purpose of determining: (1) whether the proposed

Settlement of the claims in the above-captioned Action for consideration including the sum of $6,500,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to 20% plus interest of the Settlement Amount, reimbursement of expenses of not more than $160,000 and an incentive payment of no more than $10,000 to each Plaintiff, or $20,000 in total, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated March 5, 2025 (the "Stipulation").

If you purchased or otherwise acquired Playstudios' or Acies' common stock (including by way of exchanging Acies common stock in the merger) during the period between February 16, 2021, and May 5, 2022, both dates inclusive, or were solicited to approve the merger between Playstudios and Acies and exchanged publicly-listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Playstudios' common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator at *Playstudios Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173029, Milwaukee, WI 53217; (Tel) 877-307-6170; **info@PlaystudiosSecuritiesLitigation.com**. You can also download copies of the Long Notice and submit your Proof of Claim and Release Form online at **www.PlaystudiosSecuritiesLitigation.com**. If you are a member of the Settlement Class, to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than September 2, 2025 to the Claims Administrator, establishing that you are entitled to recovery. Your failure to submit your Proof of Claim and Release by September 2, 2025 will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement. Unless you submit a written exclusion request, you will be bound by the Settlement and any judgment and release entered in the Action whether or not you subject a Proof of Claim and Release.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than September 17, 2025, in the manner and form explained in the Long Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and Award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than September 16, 2025, by each of the following:

| COURT: | LEAD COUNSEL: | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| Clerk of the Court | Omar Jafri | Dean S. Kristy |
| United States District Court | Diego Martinez-Krippner | Jennifer Bretan |
| District of Nevada | POMERANTZ LLP | Monica Chan |
| 333 Las Vegas Boulevard South | 10 South LaSalle Street | FENWICK & WEST LLP |
| Las Vegas, NV 89101 | Suite 3505 | 555 California Street, 12th Floor |
| | Chicago, IL 60603 | San Francisco, CA 94104 |
| | Tel: (312) 377-1181 | Telephone: (415) 875-2300 |
| | | |
| | | Kristin N. Murphy |
| | | Ryan A. Walsh |
| | | LATHAM & WATKINS LLP |
| | | 650 Town Center Drive, 20th Floor |
| | | Costa Mesa, CA 92626 |
| | | Telephone: (714) 540-1235 |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Omar Jafri

Diego Martinez-Krippner

POMERANTZ LLP

10 South LaSalle Street

Suite 3505

Chicago, IL 60603

Tel: (312) 377-1181

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: June 27, 2025

BY ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

SOURCE Pomerantz LLP

WANT YOUR COMPANY'S NEWS

## FEATURED ON PRNEWSWIRE.COM?

### GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**