Steven J. Parsons
Nevada Bar No. 363
**LAW OFFICES OF STEVEN J. PARSONS**
10091 Park Run Dr., Ste. 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 -- fax
Steve@SJPlawyer.com

ROBERT A. CURTIS,
State Bar of California #203870
rcurtis@foleybezek.com
KEVIN D. GAMARNIK,
State Bar of California #274335
kgamarnik@foleybezek.com
**FOLEY BEZEK BEHLE & CURTIS, LLP**[1]
15 West Carrillo Street
Santa Barbara CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722

*Attorneys for Plaintiff*
CHRISTIAN A. FELIPE

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE; | Case No: 2:22-CV-01159-RFB-(NJK) |
| Plaintiff, | HON. RICHARD F. BOULWARE II |
| vs. | CLASS ACTION |
| PLAYSTUDIOS, INC., et al.<br><br>Defendants. | **FOLEY BEZEK BEHLE & CURTIS, LLP'S (COUNSEL FOR ORIGINAL PLAINTIFF, CHRISTIAN A. FELIPE) MOTION FOR ATTORNEYS FEES AND OBJECTION TO REQUEST OF ATTORNEYS' FEES BY LEAD COUNSEL;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**HEARING REQUESTED** |

---

[1] The attorneys in the California firm, FOLEY BEZEK BEHLE & CURTIS, LLP, will seek admission *pro hac vice* for the purposes of this case, only.

1

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

Foley Bezek Behle & Curtis, LLP ("FBBC") hereby respectfully moves this Court for an Order awarding it **$101,349.00 in attorneys' fees**. Moreover, FBBC objects to lead counsel's motion for fees in the amount of $1,300,000 in that of $1,300,000, $101,349.00 should be awarded to FBBC.

Moreover, to the extent that the Court deems this application untimely, FBBC also moves for leave to file this application one-day late.

This motion is based on the following memorandum of points and authorities and accompanying declaration of Kevin D. Gamarnik and the exhibits attached thereto, including the Court's file in this Action, and any additional evidence or argument that the Court may request.

Dated: September 16, 2025

LAW OFFICE OF STEVEN J. PARSONS

/s/ Steven J. Parsons
STEVEN J. PARSONS
Nevada Bar No. 363

*Attorneys for Plaintiff*
**Christian A. Felipe**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. **Introduction**

Foley Bezek Behle & Curtis, LLP ("FBBC"), counsel for the original Plaintiff, Christian A. Felipe, hereby requests a total of $114,739 in attorneys' fees. This amount consists of $101,349 for the firm's foundational work investigating and preparing the original complaint, plus $13,390 for work performed in connection with this motion.

This motion is necessitated not only by Lead Counsel's refusal to compensate FBBC for its foundational work, but also by their failure to provide FBBC with notice of the Court's deadlines for fee applications, despite knowing FBBC had a claim to a portion of the fees and was not receiving electronic court notices.

Lead Counsel's conduct runs directly contrary to the principles of the common fund doctrine, which anticipates that firms in Lead Counsel's position will act to ensure fairness. The

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

leading case on this issue, *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173 (3d Cir. 2005), explicitly addresses this situation:

> In most cases … we expect that lead plaintiffs who make use of earlier attorneys' legal or investigative work will request compensation for such attorneys. **In the unlikely case that lead plaintiffs appropriate that work and attempt to deny compensation, we expect that the court will nonetheless reward the earlier attorney's work on behalf of the class.** *Id.* at 197.

This case exists only because of the foundational work performed by FBBC. This was **not a prototypical "race to the courthouse"** spurred by headlines. The fraud alleged went unnoticed by every other securities firm, including Lead Counsel, and was only uncovered after FBBC invested substantial time and effort into a deep-dive analysis of public records. Had it not been for FBBC's efforts, there would be no class settlement and certainly no fees for Lead Counsel. Despite this, when FBBC initiated contact to discuss its contribution, Lead Counsel refused to seek fees on FBBC's behalf, citing inapplicable cases, for example, those involving hundreds of copycat lawsuits.[2] See Declaration of Kevin D. Gamarnik ("Gamarnik Decl."), ¶ 10, Exh. B.  When asked for legal authority supporting the denial of fees for an originating firm in a non-obvious case, Lead Counsel provided none. *Id.* As *Cendant* makes clear, "**[a]ttorneys whose complaints contain factual research or legal theories that lead counsel did not discover, and upon which lead counsel later rely, will have a claim on a share of the class's recovery.**" *Id.* FBBC provided substantial benefit to the class and should be compensated for such.

…

…

---

[2] For example, Lead Counsel heavily relied on *In re Volkswagen Clean Diesel Marketing Sales Practices & Products Liability Litig.*, 914 F.3d 623 (9th Cir. 2019), which involved "widely publicized" notices of violation by the Environmental Protection Agency which resulted in "hundreds of lawsuits" filed nationwide "soon after the issuance of the notices of violation. *Id.* at 636, 643. *Volkswagen* concerned 244 motions for attorneys' fees. *Id.* at 635-636.

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**2. FBBC Should be Awarded $101,349 in Attorneys' Fees For Work Done Up and Through the Filing of the Complaint**

Of the $1,300,000 in total sought to be awarded in attorneys' fees, the law firm of Foley Bezek Behle & Curtis, LLP ("FBBC") seeks **$101,349.00**, reflecting their lodestar for 171 hours of work in investigating the claims and preparing the original complaint filed in this action. Gamarnik Decl, ¶ 8. FBBC is not requesting any multiplier nor is it seeking fees beyond the time spent up and through the filing of the complaint.[3]

This action was originally filed by Mr. Christian Felipe, represented by FBBC and Susman Godfrey L.L.P.[4] There can be no credible dispute that this settlement would not exist without FBBC's preliminary investigation. This case does not concern a prototypical "race to the courthouse" after a major news revelation. Gamarnik Decl., ¶ 9. Here, the fraud went under the radar and was only discovered following FBBC's substantial analysis of records, piecing together a claim that was not readily apparent. *Id*. at ¶ 9.

The leading case on the issue of whether non-lead trial counsel can recover any attorneys' fees is *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 195-196 (3d Cir. 2005). There, the Third Circuit Court of Appeals explained that not all attorneys' who performed work on the case should obtain their fees:

> If a hundred lawyers each perform admirable but identical work on behalf of a class before the appointment of the lead plaintiff, the court should not award fees to each of the lawyers, as this would overincentivize duplicative work. Instead, while all of lead counsel's work will likely be compensable… other attorneys who merely duplicated that work—however noble their intentions, however diligent their efforts, and however outstanding their product—will not be entitled to compensation. Only those who confer an independent benefit upon the class will merit compensation.
> *Id.* at 197.

---

[3] FBBC has submitted detailed timesheets supporting their fees. See e.g., Gamarnik Decl., Exhs. A and C. FBBC objects to the extent that Lead Counsel seeks to recover fees without detailed billing statements. FBBC cannot perform a reasonable review of Lead Counsel's hours without such detailed statements.

[4] Susman Godfrey is *not* moving for attorneys' fees.

4

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

The concern about "redundant filings — those "spurred by news reports or press releases disclosing wrongdoing—or by reports that other firms have filed complaints—as by independent investigation" — is directed at filings that fail to independently benefit the class. As the *Cendant* made clear: "[S]imply filing a complaint that is substantially identical to other complaints will not by itself warrant compensation." *Id.*

However, "Attorneys whose complaints contain factual research or legal theories that lead counsel did not discover, and upon which lead counsel later rely, will have a claim on a share of the class's recovery." *Id.*

The Central District of California decision, *Pappas v. Naked Juice Co of Glendora, Inc.*, No. LA CV11-08276 JAK (PLAx), 2014 U.S. Dist. LEXIS 200645 (C.D. Cal. Jan. 2, 2014) is instructive. There, the Central District of California awarded a law firm its attorneys fees for work performed prior to the filing of the initial complaint. Lead counsel argued that "the mere filing of a complaint does not produce a settlement". But, the Central District of California, quoting *Cendant*, explained that there exists a "long line of common fund cases that hold that attorneys 'whose efforts create, discover, increase, or preserve a [common fund]'... are entitled to compensation." *Id.* at *43-45, citing *Cendant* at 404 F.3d 173, 205. Further quoting *Cendant*, the Central District of California explained "[t]hus, an attorney who discovers a valid claim on behalf of a class, and makes use of his findings in a complaint that ultimately enhances the class's recovery, will be entitled to compensation out of that recovery." *Id.* The Court awarded the non-lead counsel.

It is not credible for lead counsel to argue that any legal theories originally pleaded were apparent to all parties involved. Had that been the case, lead counsel would have filed their own lawsuit and not waited until FBBC provided notice of the lawsuit and the deadline to submit an application to be appointed lead counsel.

Here, the successful settlement of this action is directly attributable to the foundational investigative and legal work performed by FBBC, which established the entire blueprint for the

5

case that Lead Counsel subsequently adopted. FBBC's original complaint constructed the central theory of the case: that defendants committed fraud by misrepresenting that their flagship game, *Kingdom Boss*, was "on track" for release in 2021 when they knew it was facing significant issues that ultimately led to its cancellation. Gamarnik Decl., ¶ 9; Complaint, ¶ 2. Critically, FBBC's investigation uncovered the direct link between the promised launch and the company's specific financial projections of approximately $328 million in 2021 revenue and $435.2 million in 2022 revenue, which were explicitly based on the "material assumption" of a timely release. Gamarnik Decl., ¶ 9; Complaint, ¶¶ 36, 6. Furthermore, FBBC's complaint established compelling evidence of scienter through meticulous, non-obvious analysis of public filings, noting that defendants quietly changed the projected launch date from "mid-2021" to the vaguer "second half of 2021" without updating the now-unreliable financial projections tied to the original timeline. Gamarnik Decl., ¶ 9; Complaint, ¶¶ 51-53. This analysis, combined with using the CEO's own admission of a "six month[]" delay to prove knowledge of the problems before the merger closed, created a cohesive and compelling narrative of fraud that could only have come from original investigation, not from following headlines. Gamarnik Decl., ¶ 9; Complaint, ¶¶ 49, 83.

For the foregoing reasons, FBBC respectfully requests that it be awarded **$101,349.00** for its reasonable attorneys' fees up and through the filing of the Original Complaint.

3. **FBBC Should be Awarded $13,390 in Attorneys' Fees For Work Done in Connection with this Fees Motion.**

Lead Counsel's refusal to seek attorneys' fees on behalf of FBBC (as contemplated under *Cendant*) is the reason that FBBC must now request that this Court devote additional resources to this issue.  It is also the reason that FBBC should be entitled to recover the additional time spent in having to bring this fees motion, which amounts to $13,390 in fees.  Gamarnik Decl.¶¶ 10-13. Notably, Lead Counsel is seeking compensation for the time they spent on their Motion for Fees.

…

…

6

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

**4.   FBBC is Diligently Filing This Motion for Fees Immediately After Discovery of the October 14, 2025 Hearing Date and its Associated Deadlines**

  **a.   *To the Extent the Court Deems FBBC's Filing to be Untimely, The Court Should Grant Leave to File Based on Excusable Neglect.***

It is anticipated that Lead Counsel will argue that FBBC's motion is untimely. However, any minimal delay should be excused. As an initial matter, FBBC was not on the CM/ECF service list and did not receive formal notice of the Court's Preliminary Approval Order ("Order"). Furthermore, despite knowing of FBBC's claim, Class Counsel did not provide any notice to FBBC of the hearing date or its associated deadlines.

It was only through its own proactive review of the docket on the evening of September 15, 2025, that FBBC learned of the Order. FBBC acted with diligence, preparing and finalizing its motion that same night. The filing was delayed only until today because the filing attorney, after business hours, determined it would be more prudent to retain local counsel before filing in a jurisdiction where he is not admitted. At that late hour, retaining local counsel was not feasible.

Most importantly, this minimal one-day delay causes no prejudice to any party. The total fees sought from the common fund remain capped, so the class is not harmed. Lead Counsel also has ample time to respond; indeed, a motion filed 28 days before the hearing provides seven more days of notice than the 21 days required under the Local Rules.[5]

**B. *Alternatively, the Motion is Timely Under the Order's 28-Day Provision.***

In any event, FBBC's motion for attorneys' fees is timely under the language of the Order. The Order's 30-day deadline provision then refers specifically to the submission of papers in support of "***the*** Fee and Expense Application" (Order ¶ 28), which refers to the singular application of Class Counsel previously identified in the Order. A separate provision, however, allows any

---

[5] FBBC recognizes that to the extent the 30-day rule applies to FBBC's fee application, it supersedes L.R. 6(c). FBBC is merely stating that because the standard notice is 21 days, Lead Counsel cannot claim any prejudice with 28 days' notice.

**FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**

"Settlement Class Member or *other Person*" to serve "objections, papers and briefs" up to 28 days before the hearing (Order ¶ 25). As original counsel that conferred a substantial benefit upon the class but is not the court-appointed "Class Counsel," FBBC qualifies as an "other Person." It is therefore respectfully submitted that FBBC's "papers" in support of its fee application and objection to Lead Counsel's request for fees is being timely filed under this 28-day provision.

Dated: September 16, 2025          LAW OFFICES OF STEVEN J. PARSONS

/s/ Steven J. Parsons_____
STEVEN J. PARSONS
Nevada Bar No. 363

*Attorneys for Plaintiff*
CHRISTIAN A. FELIPE

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing **FOLEY EZEK BEHLE & CURTIS, LLP'S (COUNSEL FOR ORIGINAL PLAINTIFF, CHRISTIAN A. FELIPE) MOTION FOR ATTORNEYS FEES AND OBJECTION TO REQUEST OF ATTORNEYS' FEES BY LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: September 16, 2025.

/s/ Candice Ruiz_____
Employee of LAW OFFICES OF STEVEN J. PARSONS

FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES