Steven J. Parsons
Nevada Bar No. 363
**LAW OFFICES OF STEVEN J. PARSONS**
10091 Park Run Dr., Ste. 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 -- fax
Steve@SJPlawyer.com

[1]ROBERT A. CURTIS,
State Bar of California #203870
rcurtis@foleybezek.com
KEVIN D. GAMARNIK,
State Bar of California #274335
kgamarnik@foleybezek.com
**FOLEY BEZEK BEHLE & CURTIS, LLP**
15 West Carrillo Street
Santa Barbara CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722

*Attorneys for Plaintiff*
CHRISTIAN A. FELIPE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE;<br><br>Plaintiff,<br><br>vs.<br><br>PLAYSTUDIOS, INC., et al.<br><br>Defendants. | Case No:   2:20-CV-02303-RFB-(DJA)<br><br>**DECLARATION OF KEVIN D. GAMARNIK IN SUPPORT OF FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN <u>AWARD OF ATTORNEYS' FEES</u>** |

I, Kevin D. Gamarnik, duly sworn, hereby declare as follows:

---

[1] Mr. Curtis and Mr. Gamarnik with the California firm FOLEY BEZEK BEHLE & CURTIS, LLP will seek admission pro hac vice for the limited purposes of this case.

1

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

1.	I am an attorney licensed to practice law in the State of California and a partner at the law firm of Foley Bezek Behle & Curtis, LLP ("FBBC"), counsel for Christian Felipe, the original Plaintiff who filed the complaint in this action in the Northern District of California. I have personal knowledge of the facts set forth in this Declaration, except as those matters set forth on information and belief, and as to those matters, I believe them to be true.

2.	I am a member in good standing of the California State Bar, and I have never been the subject of any type of disciplinary proceeding.  I am admitted to practice before all the state courts in California, the United States District Courts for the Central, Northern, Eastern and Southern Districts of California, and the Ninth Circuit Court of Appeals.

3.	My practice focuses on, among other things, complex litigation, including class actions, mass torts, and financial fraud. I graduated from Chapman University School of Law in 2010, ranking in the top 15% of the class, was an Articles Editor for the Chapman Law Review, and also the Vice President of Mediations on the Alternative Dispute Resolution's Board. While at Chapman, I earned First Place in the International Mediation Competition (attorney division) which took place in Chicago, Illinois. Also, while there, I earned CALI awards (top grade in the class) in Civil Procedure and Legal Research and Writing. After my first year at Chapman, I externed for the Honorable Judge James Pierce, a trial court Judge sitting in Long Beach Superior Court. I graduated from the University of California, Los Angeles, in 2007. After graduating from Chapman I joined the firm, becoming an Associate in 2010. Since joining the firm, I have litigated cases that have resulted in over $200 million in settlements and verdicts. A rate of $650 per hour for a partner of my experience is reasonable.

4.	My partner, Robert A. Curtis, was also a biller on this case.  Mr. Curtis is FBBC's managing partner and was also the FBBC lead attorney on the case. Mr. Curtis has been involved in the representation of plaintiffs in more than 25 different class action cases and has been certified to act as Class Counsel in the Superior Court of the State of California, in the Superior Court of the State of New Jersey and in the federal district courts of various jurisdictions throughout the

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

country.  During that time, he has had significant involvement with and served as lead or co-lead counsel in a number of major class actions, which were settled in a manner that resulted in substantial, material benefits for various classes of wronged individuals.  Included below are some of the larger settlements in which Mr. Curtis was involved:

    a.  *Demmick v. Cellco Partnership*, District of New Jersey, Case No. 06-2163 (JLL), a $64.2 million settlement;

    b.  *Lozano v. AT&T Wireless Services, Inc., et al.*, U.S. District Court, Central District of California, Case No. CV02-90-AHS(AJWx), which resulted in a potential recovery for the class of more than $42 million in cash benefits;

    c.  *Stern v. AT&T Mobility Corporation, et al.*, U.S. District Court, Central District of California, Case No. CV05-08842-CAS(Ctx), which resulted in a potential recovery for the class of more than $38 million in cash benefits;

    d.  *Rolnik/Godoy v. AT&T Wireless*, New Jersey Superior Court, Essex County, Case No. L-180-04, which resulted in benefits to the class of more than $49 million;

    e.  *Roark v. GTE California*, California Superior Court, Santa Barbara County, Case No. 01035862, which settled for $20 million;

    f.  *In Re: Structured Settlement Litigation*, Los Angeles Superior Court, Master Case No. BC244111, co-lead counsel in case which resulted in a settlement of over $100 million;

    g.  *Amiri v. My Pillow,* California Superior Court, San Bernardino County, Case No. CIVDS 1606479, which resulted in a potential recovery for the classes of more than $30,000,000 in cash benefits; and

    h.  *Kearney v. Equilon,* United States District Court, District of Oregon, Case No. Case No.: 3:14-cv-00254-HZ, which resulted in $2,200,000 settlement for the class.

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

5.	Mr. Robert A. Curtis was initially billed at a rate of $695. However, his rate increased on April 1, 2022 to $795 per hour. This results in total blended rate of $707.77 that Mr. Curtis billed in this action, which is more than reasonable for an attorney of Mr. Curtis's experience.

6.	Mr. Saenz was an associate at FBBC. Mr. Saenz received his J.D. from the University of Southern California Gould School of Law in 2020. A rate of $450 per hour for an associate of Mr. Saenz's experience is reasonable.

7.	Mr. Aaron L. Arndt was (and currently is) a Partner at FBBC. His practice focuses on complex class actions and financial fraud, including securities litigation. Since joining the firm in 2013, Mr. Arndt has been a key member of litigation teams that have recovered over one hundred million dollars for clients in sophisticated matters, including a nationwide securities class action and a large-scale Ponzi scheme action against a major financial institution. A rate of $650 per hour is reasonable for a partner with his twelve years of experience in this specialized field.

8.	Mr. Jordan A. Liebman is a partner at FBBC whose practice includes complex business litigation, class actions, and financial fraud cases involving Ponzi schemes. Mr. Liebman received his J.D. from the University of California Irvine School of Law, where he served as a senior editor for the law review and as a research fellow for noted legal scholar, Dean Erwin Chemerinsky. Mr. Liebman was an associate when he worked on this case, and was billed at a rate of $495 per hour, which is reasonable for an attorney of his level of experience and distinguished academic credentials.

9.	Any paralegal time was billed at $250.

10.	Attached hereto as **Exhibit A** is a true and correct copy of FBBC's billing statement up and through April 5, 2022 in this case. These statements reflect a total of 171 hours billed for a total fee of $101,349.

11.	The 171 hours of work performed by FBBC were essential to initiating this litigation and creating the framework upon which the ultimate settlement was built. This was not

4

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

a "race to the courthouse" case filed in response to a major news story. Instead, our firm's work involved a detailed and time-intensive investigation into Playstudios' public filings to uncover a fraud that was not readily apparent. Our work included, among other things:

a. Initial Investigation and Analysis: We conducted a comprehensive review of Defendants' public statements and SEC filings, including the crucial Registration Statements and Proxy Statement issued in connection with the 2021 merger. This deep dive was necessary to understand the company's business model and the specific promises it was making to investors.

b. Uncovering the Core Theory of Fraud: Through our analysis, we identified the central, non-obvious theory of this case: that Playstudios' rosy financial projections were explicitly and materially tied to the successful launch of its flagship game, *Kingdom Boss*. We, along with our co-counsel, were the first to connect the company's projected revenues of approximately $328 million (2021) and $435.2 million (2022) directly to what the company itself called a "material assumption" that *Kingdom Boss* would launch on schedule.

c. Identifying the "Smoking Gun" Evidence of Scienter: Our investigation uncovered the key evidence that Defendants knew the game was delayed even as they touted their financial projections. We discovered the subtle but critical change in SEC filings where the company altered the game's expected launch from "mid-2021" to the vaguer "second half of 2021" without ever adjusting the financial projections that were based on the earlier timeline. This demonstrated that Defendants knew their projections were unreliable when they were made.

d. Drafting the Foundational Complaint: We synthesized our extensive research into the comprehensive, 44-page original complaint that first brought these claims to light. That complaint established the complete factual and legal framework—including the specific misrepresentations, the timeline of corrective disclosures, and the relevant legal claims

5

under the Exchange and Securities Acts—that served as the blueprint for this entire litigation.

12.    The following table identifies the billers on this case, their total hours, and amounts billed:

| Biller ID | Name | Hours | Rate | Total Billed |
|---|---|---|---|---|
| 4 | Aaron L. Arndt | 2.5 | $650.00 | $1,625.00 |
| 5 | Robert A. Curtis | 18 | $707.78 | $12,740.00 |
| 9 | Chantel Walker | 2 | $250.00 | $500.00 |
| 10 | Luis Saenz | 37.3 | $450.00 | $16,785.00 |
| 11 | Rachel Evans | 5.6 | $250.00 | $1,400.00 |
| 12 | Kevin Gamarnik | 103.4 | $650.00 | $67,210.00 |
| 18 | Jordan Liebman | 2.2 | $495.00 | $1,089.00 |
| Total | | 171 | | $101,349.00 |
| | | | | |

13.    Attached hereto as **Exhibit B** is a true and correct copy of an email chain between Diego Martinez-Krippner, Omar Jafri, and me, from March 10, 2025 to April 4, 2025.

14.    Attached hereto as **Exhibit C** is a true and correct copy of FBBC's time billed in this case from March 10, 2025 to April 9, 2025 regarding issues related to attorneys' fees. Between this period, FBBC billed a total of $8,515.50.

15.    Moreover, I have spent 7.5 total hours working on FBBC's Motion for Attorneys' Fees and my supporting declaration, which, at my hourly rate of $650 an hour, equals $4,875.

16.    The total time spent in connection with this attorneys' fees motion, from March 10, 2025 to the time of this filing is $13,390

17.    FBBC, along with its co-counsel, had initially filed this action in the Northern District of California.  However, their client was not appointed as the Lead Plaintiff, and thus,

6

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

FBBC was not appointed as Lead Counsel.  Thereafter, this case was transferred to the District of Nevada.  As counsel for the original named Plaintiff and not court-appointed Class Counsel, FBBC was not on the CM/ECF service list and did not receive formal electronic notice of the Court's Order Granting Preliminary Approval of the Class Settlement ("Order"), or its deadlines. FBBC inadvertently failed to task anybody at the firm with monitoring the docket in this case, and thus, FBBC was not aware of the September 15, 2025 date until the late evening of September 15, 2025. Coincidentally, I happened to check the Court's docket in the late evening of September 15, 2025 and learned of the September 15, 2025 date identified in the Order.

18.    I immediately began preparing the application that night with the help of my associate.  We completed the application and were ready to file it by 11:45PM, but I then contemplated that it could arguably be construed as the unlawful practice of law in the state of Nevada.  At that time, it was too late to retain local counsel to assist with the filing.

I declare under penalty of perjury under the laws of the State of California, and the United States of America that the foregoing is true and correct.

Executed on September 16, 2025, at Orange County, California.

/s/ Kevin D. Gamarnik_____
Kevin D. Gamarnik

7

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I electronically filed the foregoing **DECLARATION OF KEVIN D. GAMARNIK IN SUPPORT OF FOLEY BEZEK BEHLE AND CURTIS, LLP'S MOTION FOR AN AWARD OF ATTORNEYS' FEES** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

Dated: September 16, 2025.

/s/ Candice Ruiz
An Employee of Law Offices of Steven J. Parsons

Declaration Of Kevin D. Gamarnik, Counsel for Plaintiff Christian A. Felipe

# EXHIBIT "A"

# EXHIBIT "A"

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| 1437.01 | 12/21/2021 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Play Studios Potential: | ARCH |
| | | | | | | | | Review securities class action email from Attorney Pfau and emails with Attorney Gamarnik regarding the same | |
| 1437.01 | 12/27/2021 | 12 | A | 3 | 650.00 | 1.80 | 1,170.00 | PlayStudios-Factual and legal research regarding potential case | ARCH |
| 1437.01 | 12/28/2021 | 5 | A | 3 | 695.00 | 0.60 | 417.00 | Play studio Potential: | ARCH |
| | | | | | | | | Emails with Mr. Felipe and Attorney Gamarnik regarding potential case; review materials sent by Mr. Felipe; review recent 8,000 issued by play studio. | |
| 1437.01 | 12/30/2021 | 4 | A | 3 | 650.00 | 1.00 | 650.00 | PlayStudios-Telephone conference with Attorneys Curtis and Gamarnik and Christian Felipe regarding potential case | ARCH |
| 1437.01 | 12/30/2021 | 12 | A | 3 | 650.00 | 3.50 | 2,275.00 | PlayStudios-Continue legal and factual research regarding potential case; telephone conference with potential client | ARCH |
| 1437.01 | 12/30/2021 | 5 | A | 3 | 695.00 | 1.40 | 973.00 | Christian Felipe Potential: | ARCH |
| | | | | | | | | Telephone conference with Attorney Gamarnik, Attorney Arndt and Mr. Felipe regarding securities class action. | |
| 1437.01 | 12/31/2021 | 12 | A | 3 | 650.00 | 2.50 | 1,625.00 | PlayStudios-Continue analyzing potential case | ARCH |
| 1437.01 | 01/05/2022 | 12 | A | 3 | 650.00 | 1.30 | 845.00 | Play Studios-Emails to and from Christian Felipe regarding case; legal and factual research regarding case | ARCH |
| 1437.01 | 01/05/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe-Emails from Mr. Felipe and to Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 01/06/2022 | 12 | A | 3 | 650.00 | 6.50 | 4,225.00 | Play Studios-Telephone conference with Ashton Hudson; continue factual and legal research | ARCH |
| 1437.01 | 01/06/2022 | 12 | A | 3 | 650.00 | 7.50 | 4,875.00 | Play Studios: Legal and factual research; draft memorandum | ARCH |
| 1437.01 | 01/06/2022 | 5 | A | 3 | 695.00 | 0.30 | 208.50 | Emails with Attorney Gamarnik regarding potential case; telephone conference with Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 01/07/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe-Emails with Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 01/10/2022 | 12 | P | 3 | 650.00 | 4.50 | 2,925.00 | Play Studios: Draft memorandum regarding case analysis | ARCH |
| 1437.01 | 01/10/2022 | 10 | A | 1 | 450.00 | 2.00 | 900.00 | Playstudios-Listen to and transcribed Playstudio August 2021 earnings call; email transcription to Attorney Gamarnik | ARCH |
| 1437.01 | 01/11/2022 | 12 | A | 3 | 650.00 | 6.50 | 4,225.00 | Playstudios-Continue legal and factual research for memorandum regarding case analysis | ARCH |
| 1437.01 | 01/11/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Christian Felipe-Telephone conference to and email with Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 01/12/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Christian Felipe-Review draft email to Attorney Seltzer; emails to and from Attorney Gamarnik regarding case; email from Mr. Seltzer regarding same | ARCH |
| 1437.01 | 01/13/2022 | 10 | A | 1 | 450.00 | 3.20 | 1,440.00 | Playstudio-Summarize and highlight relevant information from related case's Complaint for our potential securities class action case; email same to Attorney Gamarnik | ARCH |
| 1437.01 | 01/13/2022 | 11 | A | 1 | 250.00 | 0.40 | 100.00 | Play Studios-Research regarding case documents from McCart v. Acies Acquisition Corp., et al.; emails with Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 01/14/2022 | 12 | A | 3 | 650.00 | 3.50 | 2,275.00 | Playstudios: Factual research regarding potential case; draft memorandum regarding same | ARCH |
| 1437.01 | 01/14/2022 | 5 | A | 3 | 695.00 | 0.40 | 278.00 | Christian Felipe-Review McCourt case and emails to and from Attorney Gamarnik and Attorney Seltzer regarding same | ARCH |
| 1437.01 | 01/14/2022 | 9 | A | 1 | 250.00 | 0.40 | 100.00 | Securities Class Action-Set up zoom conference; | ARCH |

Detail Fee Transaction File List
FOLEY & BEZEK, LLP

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| | | | | | | | | emails to and from Attorney Gamarnik regarding same | |
| 1437.01 | 01/18/2022 | 10 | A | 1 | 450.00 | 2.90 | 1,305.00 | Playstudios-Research regarding facts showing executives' prior knowledge of delay of games "Kingdom Boss" and "My Vegas Bingo"; email research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 01/18/2022 | 10 | A | 1 | 450.00 | 1.60 | 720.00 | Playstudios-Research regarding the timing of sales of shares by company executives; email research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 01/18/2022 | 12 | A | 3 | 650.00 | 0.40 | 260.00 | Playstudios-Zoom conference with Attorneys Curtis and Seltzer regarding potential case | ARCH |
| 1437.01 | 01/18/2022 | 12 | A | 3 | 650.00 | 3.50 | 2,275.00 | Playstudios; Factual research for Complaint | ARCH |
| 1437.01 | 01/18/2022 | 5 | A | 3 | 695.00 | 1.00 | 695.00 | Christian Felipe-Telephone conference with Attorney Gamarnik and Attorney Seltzer regarding potential case; emails with Attorney Gamarnik regarding same; telephone conference with Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 01/19/2022 | 12 | A | 3 | 650.00 | 1.30 | 845.00 | Playstudios-Wmails to and from Attorney Curtis regarding potential factual witnesses in case; continue factual research regarding knowledge | ARCH |
| 1437.01 | 01/19/2022 | 5 | A | 3 | 695.00 | 0.40 | 278.00 | Christian Felipe-Review emails from Mr. Felipe and Attorney Gamarnik regarding same; telephone conference with Attorney Bezek regarding update | ARCH |
| 1437.01 | 01/20/2022 | 12 | A | 3 | 650.00 | 3.50 | 2,275.00 | Playstudios-Review and analyze proxy statement; review and analyze various SEC filings for knowledge/scienter | ARCH |
| 1437.01 | 01/21/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe-Email from Attorney Pachman regarding potential case; emails from Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 01/24/2022 | 12 | A | 3 | 650.00 | 2.20 | 1,430.00 | Playstudios-Emails to and from Attorneys Seltzer and Pachman; rmails to and from Chris Felipe; continue factual research regarding knowledge and regarding Pascal stock sales | ARCH |
| 1437.01 | 01/24/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Christian Felipe-Emails with Attorney Gamarnik and Attorney Seltzer regarding damage analysis | ARCH |
| 1437.01 | 01/27/2022 | 12 | A | 3 | 650.00 | 2.50 | 1,625.00 | Playstudios-Email to Attorneys Seltzer and Pachman regarding knowledge of Pascal and sales of stock; factual and legal research regarding same, including analysis of SEC filings | ARCH |
| 1437.01 | 01/27/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Emails with Attorney Pachman, Attorney Seltzer and Attorney Gamarnik | ARCH |
| 1437.01 | 01/28/2022 | 12 | A | 3 | 650.00 | 0.80 | 520.00 | Playstudios: Email to Mr. Felipe regarding case status | ARCH |
| 1437.01 | 01/28/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe-Review emails from Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 01/28/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Christian Felipe-Emails with Attorney Pachman and Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 01/29/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Numerous emails from Attorney Seltzer, Attorney Gamarnik and Attorney Pachman regarding damage analysis | ARCH |
| 1437.01 | 01/31/2022 | 5 | A | 3 | 695.00 | 0.30 | 208.50 | Christian Felipe-Emails with Attorney Pachman and Attorney Gamarnik regarding damages analysis; meeting with Attorney Arndt regarding potential case | ARCH |
| 1437.01 | 02/01/2022 | 12 | A | 3 | 650.00 | 1.50 | 975.00 | Playstudios-Factual research regarding scienter and potential for a class action | ARCH |
| 1437.01 | 02/03/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Emails from Attorney Gamarnik regarding additional class reps. | ARCH |
| 1437.01 | 02/08/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe Potential: Email from and to Attorney Gamarnik , Attorney Pachman and Attorney Seltzer regarding potential case. | ARCH |
| 1437.01 | 02/10/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe Potential: | ARCH |

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| 1437.01 | 02/14/2022 | 12 | A | 3 | 650.00 | 0.50 | 325.00 | Emails from and to Ms. Pachman regarding Friday meeting. Playstudios-Prepare for meeting with Attorneys Seltzer and Pachman; meeting with Attorneys Seltzer, Pachman and Curtis regarding potential case | ARCH |
| 1437.01 | 02/14/2022 | 5 | A | 3 | 695.00 | 0.80 | 556.00 | Christian Felipe Potential: | ARCH |
| 1437.01 | 02/14/2022 | 10 | A | 1 | 450.00 | 0.70 | 315.00 | Telephone conference with Attorney Seltzer, Attorney Pachman and Attorney Gamarnik regarding playstudios analysis; review summary of damages prepared by Susan Goofrey. Playstudios-Research regarding Playstudios financial coverage reports; mail research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 02/18/2022 | 12 | A | 3 | 650.00 | 3.00 | 1,950.00 | Playstudios-Factual research regarding scienter and disclosures | ARCH |
| 1437.01 | 02/18/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Playstudios-Emails with Attorney Gamarnik regarding potential case | ARCH |
| 1437.01 | 02/22/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe-Review emails from Attorney Gamarnik regarding potential | ARCH |
| 1437.01 | 02/24/2022 | 5 | A | 3 | 695.00 | 0.30 | 208.50 | Christian Felipe-Numerous emails with Attorney Gamarnik, Attorney Pachman and Attorney Seltzer regarding potential case | ARCH |
| 1437.01 | 02/25/2022 | 10 | A | 1 | 450.00 | 4.00 | 1,800.00 | Playstudios-Research whether derivative suit can be brought against a company dissolved through merger based on fraud and if Federal Law preemption is a possibility given the emerging company is public; E-mail research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 02/25/2022 | 5 | A | 3 | 695.00 | 0.30 | 208.50 | Christian Felipe-Numerous emails and text messages with Attorney Gamarnik regarding potential case; review Kingdom Boss memo | ARCH |
| 1437.01 | 02/28/2022 | 10 | A | 1 | 450.00 | 4.00 | 1,800.00 | Playstudios-Research insider trading rules with regard to selling stock when one knows the company will be sued; E-mail research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 02/28/2022 | 12 | A | 3 | 650.00 | 3.00 | 1,950.00 | Playstudios-Factual research regarding damages and for Complaint | ARCH |
| 1437.01 | 03/01/2022 | 12 | A | 3 | 650.00 | 4.20 | 2,730.00 | Factual research regarding MYPS stock price; emails to and from client Felipe; draft retainer agreement | ARCH |
| 1437.01 | 03/01/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Emails from Mr. Felipe regarding potential case; emails and text messages with Attorney Gamarnik regarding the same | ARCH |
| 1437.01 | 03/01/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Emails to and from Mr. Felipe and Attorney Gamarnik regarding potential; telephone conference with Attorney Gamarnik regarding the same | ARCH |
| 1437.01 | 03/02/2022 | 10 | A | 1 | 450.00 | 4.50 | 2,025.00 | Research case law discussing whether breach of fiduciary duty/self-dealing claims survive break up of company; email research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 03/02/2022 | 12 | A | 3 | 650.00 | 7.50 | 4,875.00 | Meeting with Attorneys Pachman, Seltzer and Curtis; Factual research regarding case; Draft complaint | ARCH |
| 1437.01 | 03/02/2022 | 12 | A | 3 | 650.00 | 6.50 | 4,225.00 | Factual research for complaint; Draft complaint | ARCH |
| 1437.01 | 03/02/2022 | 5 | A | 3 | 695.00 | 0.70 | 486.50 | Emails with Attorney Gamarnik regarding retainer agreement; review and revise draft retainer; team meeting with Attorney Pachman and Attorney Godfrey regarding potential case; telephone conference with Attorney Gamarnik regarding venue issues; telephone conference with Attorney Arndt regarding the same. | ARCH |
| 1437.01 | 03/03/2022 | 12 | A | 3 | 650.00 | 3.00 | 1,950.00 | Continue drafting and researching for complaint | ARCH |
| 1437.01 | 03/03/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Emails with Attorney Gamarnik regarding potential case and retainer agreement; emails regarding in | ARCH |

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| | | | | | | | | person meeting | |
| 1437.01 | 03/04/2022 | 12 | A | 3 | 650.00 | 7.00 | 4,550.00 | Continue drafting and researching for complaint; emails to and from Attorney Kauble | ARCH |
| 1437.01 | 03/04/2022 | 10 | A | 1 | 450.00 | 2.60 | 1,170.00 | Research pleading requirements for plaintiff suing on behalf of self directed IRA; email research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 03/04/2022 | 5 | A | 3 | 695.00 | 0.50 | 347.50 | Emails and telephone conferences with Attorney Gamarnik regarding potential case; review draft complaint and emails with co-counsel regarding the same. | ARCH |
| 1437.01 | 03/04/2022 | 18 | A | 3 | 495.00 | 0.30 | 148.50 | Research background facts regarding Playstudios | ARCH |
| 1437.01 | 03/04/2022 | 18 | A | 3 | 495.00 | 0.30 | 148.50 | Telephone conferences with Attorney Gamarnik regarding complaint | ARCH |
| 1437.01 | 03/04/2022 | 18 | A | 3 | 495.00 | 1.60 | 792.00 | Review and revise complaint; emails to Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 03/05/2022 | 12 | A | 3 | 650.00 | 1.00 | 650.00 | Legal analysis regarding arguments for causation; Telephone call with Attorney Saenz regarding same; Emails to and from Attorney Kauble regarding same | ARCH |
| 1437.01 | 03/05/2022 | 5 | A | 3 | 695.00 | 0.30 | 208.50 | Several emails regarding potential case. | ARCH |
| 1437.01 | 03/07/2022 | 10 | A | 1 | 450.00 | 3.00 | 1,350.00 | Research for evidence showing price drop of stock was due to facts we will allege in our Complaint | ARCH |
| 1437.01 | 03/07/2022 | 9 | A | 1 | 250.00 | 0.40 | 100.00 | Print retainer for client meeting; emails to and from Mrs. Hudgens regarding same | ARCH |
| 1437.01 | 03/08/2022 | 10 | A | 1 | 450.00 | 3.00 | 1,350.00 | Research whether class action plaintiff may receive a piece of the class action recovery; email research findings to Attorney Gamarnik | ARCH |
| 1437.01 | 03/08/2022 | 12 | A | 3 | 650.00 | 0.80 | 520.00 | Telephone call with Attorney Curtis and with Mr. Felipe regarding case and retainer | ARCH |
| 1437.01 | 03/08/2022 | 9 | A | 1 | 250.00 | 0.40 | 100.00 | Office conference with Attorney Curtis, telephone conference with reception, make coffee, greet Mr. Felipe | ARCH |
| 1437.01 | 03/09/2022 | 10 | A | 1 | 450.00 | 2.80 | 1,260.00 | Continued research for evidence showing price drop of stock was due to facts we will allege in our Complaint | ARCH |
| 1437.01 | 03/09/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Christian Felipe matter: review research on incentive awards. | ARCH |
| 1437.01 | 03/10/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Emails regarding complaint | ARCH |
| 1437.01 | 03/11/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Review edits by Attorney Pachman regarding complaint and email to and from Attorney Gamarnik regarding the same. | ARCH |
| 1437.01 | 03/14/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Emails with Attorney Pachman and Attorney Gamarnik regarding the same. | ARCH |
| 1437.01 | 03/15/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Emails with Attorney Gamarnik regarding filing complaint. | ARCH |
| 1437.01 | 03/16/2022 | 5 | A | 3 | 695.00 | 0.10 | 69.50 | Emails with Attorney Gamarnik and Attorney Pachman regarding complaint. | ARCH |
| 1437.01 | 03/22/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Email from Ms. Pachman regarding edits to complaint; email from Attorney Gamarnik regarding the same. | ARCH |
| 1437.01 | 03/23/2022 | 12 | A | 3 | 650.00 | 0.80 | 520.00 | Factual research regarding Kingdom Boss and Playstudios news; Review articles regarding Playstudios and Kingdom Bos | ARCH |
| 1437.01 | 03/24/2022 | 11 | A | 1 | 250.00 | 1.10 | 275.00 | Emails with Attorney Gamarnik regarding draft Complaint; prepare pleading draft and forward same to Attorney Gamarnik; telephone conference with Attorney Curtis regarding case matter set-up | ARCH |
| 1437.01 | 03/24/2022 | 5 | A | 3 | 695.00 | 0.50 | 347.50 | Email from Attorney Pachman regarding complaint reviewed revisions to complaint; emails with Attorney Gamarnik regarding the same. | ARCH |
| 1437.01 | 03/24/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Telephone conference from and email to Ms. Ehase regarding retainer; email from Attorney Pachman regarding referral fee | ARCH |
| 1437.01 | 03/24/2022 | 12 | A | 3 | 650.00 | 1.00 | 650.00 | Review and analyze draft complaint | ARCH |
| 1437.01 | 03/30/2022 | 5 | A | 3 | 695.00 | 3.60 | 2,502.00 | Telephone conference and emails with Attorney | ARCH |

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|-------|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| | | | | | | | | Gamarnik regarding Playstudios case; meeting with Mr. Felipe regarding potential case. | |
| 1437.01 | 03/31/2022 | 5 | A | 3 | 695.00 | 0.20 | 139.00 | Telephone conference with Attorney Gamarnik regarding Play studio complaint; email to Attorney Pachman regarding referral fee. | ARCH |
| 1437.01 | 04/01/2022 | 12 | A | 3 | 650.00 | 0.80 | 520.00 | Telephone call with Mr. Felipe regarding playstudios purchase of warrants; Research regarding Playstudios warrant purchase; Email group regarding Playstudios warrant purchase. | ARCH |
| 1437.01 | 04/01/2022 | 5 | A | 3 | 795.00 | 0.30 | 238.50 | Emails from Attorney Gamarnik regarding Pipe investor; emails regarding warrants and Repurshace agreements; emails regarding Monday's filing | ARCH |
| 1437.01 | 04/04/2022 | 11 | A | 1 | 250.00 | 0.10 | 25.00 | E-mails with Attorney Gamarnik regarding client set-up | ARCH |
| 1437.01 | 04/04/2022 | 4 | A | 3 | 650.00 | 0.10 | 65.00 | Call with Attorney Gamarnik regarding draft complaint. | ARCH |
| 1437.01 | 04/04/2022 | 12 | A | 3 | 650.00 | 3.20 | 2,080.00 | Review and analyze data provided by Mr. Christian Felipe regarding playstudios stock purchases; Emails to and from Mr. Felipe regarding stock purchases; Emails to and from Attorney Pachman regarding stock purchases; Review draft analysis by Michael Marek regarding Felipe purchases. | ARCH |
| 1437.01 | 04/04/2022 | 5 | A | 3 | 795.00 | 1.00 | 795.00 | Numerous emails with Attorney Pachman and Attorney Gamarnik regarding complaint; review shareholder letter and emails with Attorney Gamarnik and Attorney Seltzer regarding Cloobeck letter; review revision to complaint and draft rule 3-7 certification. | ARCH |
| 1437.01 | 04/04/2022 | 5 | A | 3 | 795.00 | 0.30 | 238.50 | Numerous emails regarding final revisions to complaint; emails regarding Attorney certifications. | ARCH |
| 1437.01 | 04/04/2022 | 5 | A | 3 | 795.00 | 0.20 | 159.00 | Review and sign rule 3-7(D) certifications; emails with Attorney Gamarnik regarding the same. | ARCH |
| 1437.01 | 04/04/2022 | 10 | A | 1 | 450.00 | 1.40 | 630.00 | Review draft Complaint; email to Attorney Gamarnik regarding same | ARCH |
| 1437.01 | 04/05/2022 | 9 | A | 18 | 250.00 | 0.80 | 200.00 | Edit Certification letters for Attorney Curtis, Arndt, Liebman, Gamarnik, Pachman & Seltzer for Paralegal Chase | ARCH |
| 1437.01 | 04/05/2022 | 11 | A | 1 | 250.00 | 1.00 | 250.00 | E-mail client regarding contact information request; Complete Bluesheet; E-mail Ms. Fitzpatrick and Ms. Hudgens regarding the same; Research regarding filing procedure and requirements; E-mails with Paralegal Warson regarding Attorney Certifications; Proofread and format Complaint | ARCH |
| 1437.01 | 04/05/2022 | 11 | A | 1 | 250.00 | 3.00 | 750.00 | Continue to proofread and format Complaint; E-mails with Attorney Gamarnik regarding the same; Prepare drafts of Summons, Civil Coversheet and Certificate of Interested Parties; Send the same to Attorney Gamarnik for review; File the same | ARCH |
| 1437.01 | 04/05/2022 | 4 | A | 3 | 650.00 | 1.40 | 910.00 | Review draft complaint. | ARCH |
| 1437.01 | 04/05/2022 | 12 | A | 3 | 650.00 | 7.80 | 5,070.00 | Continue reviewing and analyzing data provided by Mr. Felipe regarding playstudios stock purchases; Telephone call with expert Marek regarding same; Telephone call with Mr. Felipe and Mr. Marek regarding same; Review and analyze draft analysis of Mr. Felipe stock purchases prepared by Mr. Marek; Telephone call with Attorney Kaubel regarding same; Review draft complaint; Emails to and from Attorney Evans regarding filing of complaint; Research regarding Cloobeck article; Emails to team regarding Cloobeck article; Factual research regarding Playstudios. | ARCH |
| 1437.01 | 04/05/2022 | 10 | A | 1 | 450.00 | 1.60 | 720.00 | Research requirements for filing certain certifications relating to securities class action; email to Attorney Gamarnik regarding same | ARCH |

FOLEY & BEZEK, LLP

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| 1437.01 | 04/05/2022 | 5 | A | 3 | 795.00 | 0.50 | 397.50 | Emails with Attorney GAmarnik and Attorney Seltzer regarding open letter from share holders; telephone conference with Attorney Gamarnik regarding the same (2x). | ARCH |
| **Total for Client ID 1437.01** | | | | | Billable | 171.00 | 101,349.00 | Felipe/Christian Felipe vs. Playstudios | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **GRAND TOTALS** | | | | | | | | |
| | | | | | Billable | 171.00 | 101,349.00 | |

# EXHIBIT "B"

# EXHIBIT "B"

**From:** Omar Jafri <ojafri@pomlaw.com>
**Sent:** Friday, March 28, 2025 7:02 PM
**To:** Kevin Gamarnik
**Cc:** Diego Martinez-Krippner
**Subject:** RE: Felipe v. Playstudios settlement

Kevin, your interpretation of *Cendant* is incorrect.  Next week, Diego will send you cites to some cases that rejected the same arguments you make.  It appears you do not have any authority to the contrary.

Your second point will not get you very far.  Anyone who files the first complaint can say the same things, but courts have unanimously rejected the claim that merely filing the complaint first means the filer has "discovered" the claims since nobody else filed a complaint.

We are happy to jump on another call to explain further after you have had a chance to review the cases.

Thanks.

**Omar Jafri**

**POMERANTZ LLP**

10 South LaSalle Street, Suite 3505

Chicago, IL 60603

Tel: (312)-881-4850

Cell: (512)-970-4051

ojafri@pomlaw.com

---

**From:** Kevin Gamarnik <kgamarnik@foleybezek.com>
**Sent:** Friday, March 28, 2025 8:37 PM
**To:** Omar Jafri <ojafri@pomlaw.com>
**Cc:** Diego Martinez-Krippner <dmartinezk@pomlaw.com>
**Subject:** Re: Felipe v. Playstudios settlement

Omar,

Thank you for your prompt response.

As noted previously, one of the additional cases we rely on is Cendant, which is quoted extensively below.

The fact that no other firm filed a similar case underscores that this was not a situation where counsel simply reacted to a news report. It required meaningful analysis and legal work to piece together the claims that ultimately formed the basis of the litigation.

So I'll put the same question to you: What authority supports the position that we are not entitled to fees for investigating, researching, and filing a complaint that no other firm had identified — and that lead counsel ultimately built upon?

And if the case was, as you suggest, so clearly apparent from publicly available information, then where was your complaint? Where were the other firms' complaints?

Kevin

On Mar 28, 2025, at 5:16 PM, Omar Jafri <ojafri@pomlaw.com> wrote:

Kevin, you did not address a key part of Diego's email.  Except for this one distinguishable case from Los Angeles that you previously sent, what other authority do you have?  Please identify it.

Which factual and legal theories are you referring to exactly?  Facts derived from information publicly disclosed in sec filings and press releases?  The exchange and securities act counts found in virtually every securities fraud complaint? Anything else?

Sent from my iPhone

> On Mar 28, 2025, at 6:52 PM, Kevin Gamarnik <kgamarnik@foleybezek.com> wrote:
>
> Diego,
>
> Thank you for your email and the analysis provided. As I'm sure comes as no surprise, we respectfully — but strongly — disagree with your interpretation of *Cendant*. Your analysis omits the most relevant portions of the opinion, particularly those addressing the underlying concern: compensating hundreds of attorneys for duplicative work prompted by a public report and resulting in a race to the courthouse.
>
> The portions of Cendant you cite are not inconsistent with this concern — but they are selective. The Court's actual focus becomes clearer when considering the very language your analysis omits:
>
> If a hundred lawyers each perform admirable but

identical work on behalf of a class before the appointment of the lead plaintiff, the court should not award fees to each of the lawyers, as this would overincentivize duplicative work. Instead, while all of lead counsel's work will likely be compensable… other attorneys who merely duplicated that work—however noble their intentions, however diligent their efforts, and however outstanding their product—will not be entitled to compensation. Only those who confer an independent benefit upon the class will merit compensation.

The concern about "redundant filings — those "spurred by news reports or press releases disclosing wrongdoing —or by reports that other firms have filed complaints— as by independent investigation" — is directed at filings that fail to independently benefit the class. As the *Cendant* made clear: "[S]imply filing a complaint that is substantially identical to other complaints will not by itself warrant compensation."

However, the Court explicitly recognized that: "**Attorneys whose complaints contain factual research or legal theories that lead counsel did not discover, and upon which lead counsel later rely, will have a claim on a share of the class's recovery.**"

We do not dispute that the amended complaint contains additional facts not pleaded in our original complaint. But that is **not the test**. The test is whether anything from the original complaint was used in the amended complaint. And here, it undoubtedly was — the entire basis of the case arose from our original complaint. This was not a "bandwagon" situation. This was not a "race to the courthouse." My team researched and investigated the matter, and filed an action that nobody else was even aware of.

As *Cendant* itself acknowledges:

In most cases, as in Bank One, we expect that lead plaintiffs who make use of earlier attorneys' legal or investigative work will request compensation for such attorneys. In the unlikely case that lead plaintiffs appropriate that work and attempt to deny compensation, we expect that the court will nonetheless reward the earlier attorney's work on behalf of the class.

That is precisely why we reached out to you — asking that you include a request for compensation on our behalf as part of the fee petition. If necessary, we will move independently for fees.

Lastly, I want to be clear: I have not threatened to object. I said — accurately — that my client has not yet had the opportunity to review or analyze the settlement, and that we still need to confer with him to understand his thoughts.

We remain hopeful this can be resolved professionally and cooperatively, but we stand by our position.

I look forward to your response.

Have a good weekend.

Best regards,
Kevin

---

**From:** Diego Martinez-Krippner <dmartinezk@pomlaw.com>
**Sent:** Friday, March 28, 2025 3:41 PM
**To:** Kevin Gamarnik; Omar Jafri
**Subject:** Re: Felipe v. Playstudios settlement

Kevin,

Thanks for sending.  On our call, you mentioned that

*Cendant* was the leading case on the issue. We've researched the issue and believe *Cendant* (and the cases interpreting it) strongly suggest that filing an initial complaint in a case governed by the PSLRA that relies on publicly available information doesn't warrant fees from a common settlement fund.  There are several pieces of *Cendant* itself that emphasize this:

- Given the relative ease with which plaintiffs' attorneys can learn of potential securities fraud, and the speed with which they can translate that information into a complaint, we think that attorneys will vigorously prosecute such complaints even without a guarantee of compensation. Instead, we think that the best approach is to view such complaints as entrepreneurial efforts: each firm's complaint is the price of admission to a lottery that might result in it being named lead counsel. If a firm wins that lottery, it stands to make significant fees at multiples of its lodestar. Compensating a firm for filing a complaint and not being named lead counsel would offer free tickets to the lead-counsel lottery, and would thus create incentives for redundant filings.  *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 195-196 (3d Cir. 2005).

- There is also little reason to believe that the mere filing of complaints in a securities class action ordinarily confers much benefit on the class. Such complaints are as often spurred by news reports or press releases disclosing wrongdoing-or by reports that other firms have filed complaints-as by independent investigation.  *Cendant Corp.*, 404 F.3d at 196.

- The legislative history indicates that the PSLRA was a reaction against a race-to-the-courthouse model of securities litigation in which attorneys appointed themselves class representatives and chose their own figurehead plaintiffs who had no power to select or oversee "their" lawyers. See S. Rep. No. 104-98

(1995), at 11, reprinted in 1995 U.S.C.C.A.N. 679, 690 ("Since no deference is given to the most thoroughly researched complaint, the lawyers spend minimal time preparing complaints in securities class actions."). Allowing an attorney to generate a fee for himself simply by finding a plaintiff and filing a complaint would eviscerate the PSLRA's reforms. *Cendant Corp.*, 404 F.3d at 196.

- In sum, we do not think that attorneys can simply manufacture fees for themselves by filing a complaint in a securities class action. On the other hand, attorneys who alone discover grounds for a suit, based on their own investigation rather than on public reports, legitimately create a benefit for the class, and comport with the purposes of the securities laws. *Cendant Corp.*, 404 F.3d at 196-97.

In this case, the initial complaint focused on publicly available documents and filings, whereas the amended complaint included information developed through rigorous investigation (including multiple confidential witnesses as well as digging deep into game board and forum discussions). Judge Boulware's opinion and order denying in part the motion to dismiss makes it clear that the facts developed through Lead Counsel's rigorous investigation were instrumental to the Court's decision.

Further, it is not clear what non-public facts, or novel legal theories, were advanced in the initial complaint. Even in the *Pappas* case shared below, counsel there apparently investigated and advanced a GMO-related claim that others had not explored or seemingly thought of, but there hasn't been any suggestion that the claims advanced in this case are different than those pursued in de-SPAC litigation generally.

In sum, we're not convinced that existing caselaw supports the position that non-lead counsel is entitled to fees in a case governed by the PSLRA for the filing of an initial complaint based on generally publicly available information and standard legal theories. If there are additional sources

or cases you think warrant consideration, we can hear them out.

Finally, we note that a threat to object to a fair, reasonable, and adequate proposed settlement is improper and harms the class, and we'll take the steps we need to in order to protect the interests of the class.

Best,
Diego

---

**From:** Kevin Gamarnik
**Sent:** Wednesday, March 12, 2025 2:45 PM
**To:** Diego Martinez-Krippner; Omar Jafri
**Subject:** Re: Felipe v. Playstudios settlement

Hi Gentlemen,

Here is the authority I mentioned.

> i. Work Devoted to the Complaint and the GMO Claims
>
> Sandys' Counsel seeks approximately $85,400.00 in fees for 142 hours of work prior to the filing of the initial complaint. *See* Dkt. 165 at 8; Golan Decl., Dkt. 147-2, ¶ 15.**14** Although Co-Lead Counsel are correct that "the mere filing of a complaint [*45] does not produce a settlement," it does not follow that the filing of a complaint "does not merit compensation." Dkt. 158 at 10. Indeed, there exists a "long line of common fund cases that hold that attorneys 'whose efforts create, discover, increase, or preserve a [common fund]'... are entitled to compensation." *In re Cendant Corp. v. Sec. Litig.*, 404 F.3d 173, 205 (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 820 (3d Cir. 1995)). "Thus, an attorney who discovers a valid

claim on behalf of a class, and makes use of his findings in a complaint that ultimately enhances the class's recovery, will be entitled to compensation out of that recovery." *Id.*

The work of Sandys' Counsel in investigating claims against Defendant and preparing the initial complaint provided certain benefits to the class. Defendant and Co-Lead Counsel point out that Sandys' complaint contained certain claims that were unlikely to be certified for class treatment, *e.g.* those for assault and battery. However, they do not dispute that the complaint that Sandys' Counsel drafted was the only one that presented the GMO claims. These claims were included in the subsequent CAC and CFAC and formed a basis for a portion of the settlement agreement.

At the hearing on Sandys' Motion, the Court requested that both Co-Lead Counsel and [*46] Sandys' Counsel submit supplemental briefing as to the hours spent investigating the GMO claims up to the time when Co-Lead Counsel were appointed. Sandys' Counsel assert that they spent a total of 158.08 hours on the GMO claims prior to the March 5, 2012 appointment of Co-Lead Counsel. Dkt. 175 at 4-5.**15** This portion of Sandys' Counsel's work in connection with the GMO claims benefitted the class. Thus, to the extent these hours and rates were reasonable and not duplicative of the work of Co-Lead Counsel on the same claims, Sandys' Counsel may receive compensation. The reasonableness of the hours and hourly rates that are requested is discussed below. In contrast, the 236.30 hours for which Sandys' Counsel seeks compensation, because they claim that it was necessarily related to both the "all natural" and the GMO claims, is not appropriate for an award. In short, this work was not tied solely to the GMO claims and, therefore, is duplicative of that undertaken by Co-Lead counsel. This is confirmed by a review of the

relevant time records. Therefore, this work did not confer a sufficient benefit to the class to warrant an award of any portion of the approximately $141,500 that has been [*47]  requested.**16**

Pappas v. Naked Juice Co of Glendora, Inc., No. LA CV11-08276 JAK (PLAx), 2014 U.S. Dist. LEXIS 200645, at *44-47 (C.D. Cal. Jan. 2, 2014)

**

For the foregoing reasons, Sandys' Counsel will be compensated for time expended and costs incurred as a result of work performed on the GMO claims prior to the appointment of Co-Lead Counsel, but not for the later unauthorized, duplicative work that did not benefit the class.

Pappas v. Naked Juice Co of Glendora, Inc., No. LA CV11-08276 JAK (PLAx), 2014 U.S. Dist. LEXIS 200645, at *49 (C.D. Cal. Jan. 2, 2014)

---

**From:** Diego Martinez-Krippner <dmartinezk@pomlaw.com>
**Sent:** Wednesday, March 12, 2025 11:12 AM
**To:** Kevin Gamarnik; Omar Jafri
**Subject:** Re: Felipe v. Playstudios settlement

Apologies, Kevin. We've been in deposition — can you talk at 2:15pm CT today?  I can send around a dial-in if that time works.

---

**From:** Kevin Gamarnik <kgamarnik@foleybezek.com>
**Sent:** Wednesday, March 12, 2025 12:49 PM
**To:** Omar Jafri <ojafri@pomlaw.com>; Diego Martinez-Krippner <dmartinezk@pomlaw.com>
**Subject:** Re: Felipe v. Playstudios settlement

Hi Omar and Diego,

Following up.  Thanks.

Kevin

---

**From:** Kevin Gamarnik
**Sent:** Monday, March 10, 2025 2:35 PM
**To:** ojafri@pomlaw.com; dmartinezk@pomlaw.com
**Subject:** Felipe v. Playstudios settlement

Hi Omar and Diego,

I represent Mr. Christian Felipe, who initially filed the class action complaint.

Please advise if your are available anytime in the next few days to hop on a short call regarding the settlement. Thanks.

Kevin

Kevin D. Gamarnik | Partner
<pastedImage.png>


T: 714.556.1700 | F: 714.546.5005
E: kgamarnik@foleybezek.com

**Note: Please add docket@foleybezek.com to service lists to assure proper routing of case matters. Thank you.**

CONFIDENTIALITY NOTE: The information contained in this email may be legally privileged and confidential. It is intended only for the eyes and use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by telephone; call collect if necessary. Thank you for your cooperation.


Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed

for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

<pastedImage.png>

# EXHIBIT "C"

# EXHIBIT "C"

**Detail Fee Transaction File List**
FOLEY & BEZEK, LLP

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Client ID 1437.01 Felipe/Christian** | | | | | | | | | |
| 1437.01 | 03/10/2025 | 5 | P | 3 | 795.00 | 0.20 | 159.00 | Numerous emails with Attorney Gamarnik regarding Playstudios settlement. | 293 |
| 1437.01 | 03/10/2025 | 12 | P | 3 | 650.00 | 5.50 | 3,575.00 | Legal research regarding status of case; Review and compare complaints; Review settlement agreement; Legal research regarding attorneys' fees for non-lead plaintiff. | 294 |
| 1437.01 | 03/12/2025 | 5 | P | 3 | 795.00 | 0.10 | 79.50 | Text messages with Attorney Gamarnik regarding Playstudios settlement; email from Mr. Felipe regarding the same. | 295 |
| 1437.01 | 03/13/2025 | 5 | P | 3 | 795.00 | 0.20 | 159.00 | Emails with Attorney Gamarnik regarding objection. | 296 |
| 1437.01 | 03/13/2025 | 12 | P | 3 | 650.00 | 4.50 | 2,925.00 | Legal research regarding objections to securities settlements; Legal research regarding fees for non-lead counsel. | 298 |
| 1437.01 | 03/14/2025 | 5 | P | 3 | 795.00 | 0.10 | 79.50 | Emails from Attorney Gamarnik and Attorney Packman regarding inquiry from Pomerantz. | 297 |
| 1437.01 | 03/29/2025 | 5 | P | 3 | 795.00 | 0.10 | 79.50 | Emails regarding settlement discussions. | 299 |
| 1437.01 | 04/04/2025 | 5 | P | 3 | 795.00 | 0.10 | 79.50 | Emails to and from class counsel regarding data and settlement proposal. | 300 |
| 1437.01 | 04/04/2025 | 12 | P | 3 | 650.00 | 2.00 | 1,300.00 | Legal research regarding Attorneys' fees for non-lead plaintiffs' counsel in a securities class action. | 302 |
| 1437.01 | 04/09/2025 | 5 | P | 3 | 795.00 | 0.10 | 79.50 | Email from Attorney Gamarnik regarding update. | 301 |
| **Total for Client ID 1437.01** | | | | | Billable | 12.90 | 8,515.50 | Felipe/Christian Felipe vs. Playstudios | |

| | **GRAND TOTALS** | | |
|---|---|---|---|
| | Billable | 12.90 | 8,515.50 |