# EXHIBIT C

THOMAS G. FOLEY, JR. (65812)
tfoley@foleybezek.com
JUSTIN P. KARCZAG (223764)
jkarczag@foleybezek.com
FOLEY BEZEK BEHLE & CURTIS LLP
15 West Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY SCHULEIN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PETROLEUM DEVELOPMENT CORPORATION and DP 2004 MERGER SUB LLC, <br><br> Defendants. <br><br> AND RELATED COUNTER CLAIM. | Case No. SACV 11-1891 AG(ANx) <br><br> **DECLARATION OF THOMAS G. FOLEY, JR., IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** <br><br> Date: March 16, 2015 <br> Time: 10:00 a.m. <br> Place: Courtroom 10D <br> Judge: Hon. Andrew J. Guilford |

I, Thomas G. Foley, Jr., hereby declare as follows:

1. I am a member in good standing of the bar of this Court, an active member of the State Bar of California, a partner in the law firm of Foley, Bezek, Behle & Curtis, LLP ("FBBC"), and one of the attorneys for plaintiffs in the above-entitled litigation. I have personal, first-hand, knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

2. I submit this declaration in support of plaintiffs' motion for an award of attorneys' fees and expenses in connection with services rendered and expenses incurred by plaintiffs' counsel in connection with this litigation.

3. I graduated from the University of Notre Dame Law School in 1975. I was an Assistant Editor of the Notre Dame Law Review. Since 1975, I have been licensed to practice law in the State of California, and my practice has primarily involved litigation. I have lectured on litigation at seminars sponsored by the American Bar Association, the California Continuing Education of the Bar, the American Trial Lawyers Association, and the Continuing Legal Education Institute in New York City. I have tried in excess of twenty-five jury trials to verdict in both state and federal district courts. I have an "AV" rating from Martindale Hubble. I have been designated as a "Super Lawyer" in the field of business litigation in Southern California for 2006 to 2014.

4. Both FBBC and I have experience in prosecuting and defending class actions. FBBC has been appointed lead counsel or co-lead counsel to represent plaintiffs in cases that were certified as class actions and have settled including, *In Re Structured Settlement Litigation*, LASC Case No. BC 244111 (a national class action involving a Ponzi Scheme, which resulted in settlements of $124 million paid by, inter alia, Bankers Trust Company, Merrill Lynch, and Wells Fargo Bank); *Internal Revenue Service ("IRS") §1031 Tax Deferred Exchange Litigation*, Federal District Court of Nevada, Case No. 2:07-cv-1394 (a national class action

1

involving a Ponzi scheme which resulted in settlements in excess of $98 Million paid by, inter alia, Union Bank of Switzerland and Smith Barney & Company); *Hunter v. Okun, et al.*, Federal District Court for the Northern District of California, Case No. 09-cv-02079JW(RSx) (a national class action involving a Ponzi scheme for which approximately $98 Million in settlements were approved by the Court.); *Roark v. GTE*, Santa Barbara Superior Court Case No.01035862 (a California $20 Million class action settlement); *Coldiron v. Bank of America*, Los Angeles Superior Court Case No. BC 121154; *Kirksey v. Chicago Title Ins. Co.*, LASC Case No. 106189; *Young v. Western Cities Mortgage Corp.*, LASC Case No. BC 121782; *Fletcher v. Brown & Brown*, Santa Barbara Superior Court, Case No. 01131631; *Blinkinsop, et al. v. Vegas Grand*, Federal District Court for Nevada (Las Vegas Branch), Case No. CV-S-05-0714–M (RJJ); *Scott, et al. v. Vegas Icon*, Federal District Court for Nevada (Las Vegas Branch) Case No. 2:06-cv-00082-JCM-PAL, and *Vinson v. Idearc Media*, Riverside Superior Court Case No. INC055768; *Dana Denison, et al. v. Salvation Army*, Los Angeles Superior Court Case No. BC 368827, a $12,000,000.00 settlement of a wage and hour class action; *Beauperthuy et al. v. 24 Hour Fitness*, Federal District Court for the Northern District of California, Case No. C 06 0715 SC, a wage and hour collective action under the Fair Labor Standards Act ("FLSA") which settled for $17,448,500.

5.     During the course of this litigation, my firm served as one of the co-lead counsel for plaintiffs and, with other counsel for plaintiffs, has been involved in the following activities on behalf of the class:

- Assisted in the drafting of initial and amended class action complaint on behalf of plaintiffs;
- With co-lead counsel, assisted in organizing the work and staffing of the case;
- Worked with co-lead counsel and defendants' counsel to shape the orderly progression of the work of the case;

- Assisted in the briefing of a variety of motions before the Court, including, but not limited to, plaintiffs' oppositions to motions to dismiss and motions to compel defendants' discovery;

- Reviewed thousands of documents produced by defendants;

- Met and conferred with defendants' counsel numerous times over the course of the litigation on matters of case management, substantive case issues, and disputed issues prior to filing of motions;

- Prepared for and participated in depositions of class representatives and defendants'' employees, including being responsible for deposing inter alia: (1) Dan Amidon, General Counsel for PDC in Denver, Colorado; (2) Jeffrey Swoveland, in Pittsburg, Pennsylvania, the Chairman of the Board of Directors of PDC, and Chairman of the Special Committee of the Board who approved the Merger on behalf of the limited partners of the partnerships involved in the subject litigation; (3) Gysle Shellum, the Chief Financial Officer of PDC in Denver, Co; and (4) David Parke, a member of PDC's board of directors and a member of the Special Committee which approved the merger of the partnerships as being in the best interests of the partnerships, in Pittsburg PA, and (5) Jeremiah Garvey, attorney for the Special Committee, in Pittsburgh, Pennsylvania. I also defended the depositions of class representatives Chris Rodenfels in Henderson, Nevada, Jeff Schulein in Newport Beach, California, William Weisler in Omaha, Nebraska, and Clay Cox and Christine Cox in Omaha, Nebraska.

- Prepared for and attended appearances before the Court for motions, case management issues and approval of settlement with defendants;

3

- Worked with experts on their analyses and reports regarding, for example, the fair value of PDC's horizontal drilling program;
- With co-lead counsel, determined case organization, trial and settlement strategies; and
- Participated in meetings with co-lead counsel and defense counsel regarding settlements.

6. The schedule attached as Exhibit 1 is a summary indicating the amount of time spent by the partners, attorneys and other professional support staff of my firm who were involved in the class litigation, and the lodestar calculation based on my firm's current billing rate from inception through January 28, 2015. The schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm. The total amount of time spent by FBBC was $2,391,255.00.

7. The schedule attached as Exhibit 2 indicates how much of the time summarized in Exhibit 1 was billed by me and other attorneys at FBBC on four separate appraisal lawsuits filed May 31, 2011 in the Circuit Court of Kanawha County, in West Virginia by Defendant PDC against the Christopher Rodenfels Trust ("Trust"). It is my belief that the time expended by FBBC in representing the Trust in the four West Virginia appraisal litigation matters directly benefited the *Schulein v. PDC* class action case. The Trust was a limited partner of four of the limited partnerships. The 14A Prospectus provided that if a limited partner objected to the merger of the limited partnerships into Merger Sub LLC, PDC could file an appraisal action in West Virginia against the objecting limited partner, and the West Virginia court would establish a value of the objecting partner's interest in the partnership. PDC aggressively pursued its West Virginia appraisal action against the Trust, and was attempting to get the West Virginia court to appoint an appraiser to value the Trust's multiple partnership interests. After conferring with my co-counsel, it was decided that it was in the best interest of the putitive class that the

4

California class action be the litigation in which the value of the Trust's interests in the Partnerships was determined. FBBC took the lead in finding local counsel in West Virginia to represent the Trust in the defense of the appraisal litigation. I traveled to West Virginia to interview local counsel to represent the Trust in the appraisal litigation.

8. The complaint in the *Schulein v. PDC* putitive class action was filed on December 7, 2011, in the Central District of California, and assigned to this Court. The Rodenfels Trust was a named plaintiff in the *Schulein* Complaint, and was one of the two original class representatives named in the original *Schulein* Complaint.

9. On February 10, 2012, the Trust filed motions to dismiss the four appraisal complaints in the West Virginia appraisal litigation. Interestingly, the Circuit Court of Kanawha did not consolidate the four separate appraisal complaints against the Trust. FBBC prepared all pleadings related to the motions to dismiss or in the alternative to stay the appraisal lawsuits on behalf of the Trust in the West Virginia appraisal actions, and provided the pleadings for review, approval and filing by the local counsel in West Virginia. The basis for the motions to dismiss was lack of personal jurisdiction of the Trust in West Virginia and the pendency of the *Schulein v. PDC* putitive class action case in the Central District of California, in which the Trust was a named plaintiff. FBBC prepared Reply briefs for review and approval by the local West Virginia counsel for the Trust in support of the Trust's motions to dismiss.

10. On February 10, 2012, PDC filed its motion to dismiss, or in the alternative, to stay the *Schulein* Complaint. The grounds for Defendant PDC's request to stay the California class action litigation was the pendency of the earlier filed appraisal action by PDC against the Trust in West Virginia. This Court's tentative ruling was to deny PDC's motion to dismiss, but to grant PDC's motion to stay the class action pending the resolution of the West Virginia appraisal litigation by PDC against the Trust. The Court will recall that after attorney Marc Seltzer's

5

oral argument on the applicability of the Colorado River doctrine on federal abstention, it continued the original hearing on PDC's motion to stay for further briefing. Working with the Trust's local counsel in West Virginia, the Trust was able to get the West Virginia court to agree to schedule the hearing on the Trust's motion to dismiss or stay PDC's appraisal action until after the date that this Court was scheduled to hear PDC's motion to dismiss or stay. This Court on April 4, 2012 ultimately denied PDC's motion to dismiss or in the alternative to stay the *Schulein* class action complaint.

11. I traveled to West Virginia to attend the hearing on the motion to dismiss or in the alternative to stay, and to explain to the West Virginia court why this Court's ruling based on the Colorado River doctrine was correct. The West Virginia Court asked for additional briefing on the motion to dismiss, and also set a limited discovery schedule on factual issues related to the motion to dismiss. FBBC prepared the requested briefing on the Colorado River doctrine for review and approval by local counsel in West Virginia explaining this Court's insightful ruling in denying PDC's request for federal abstention.

12. Together with the Trust's local counsel I defended the deposition of Christopher Rodenfels, the trustee of the Trust, in the West Virginia appraisal litigation. On September 11, 2012, the Circuit Court of Kanawha County granted the Trust's motion to dismiss PDC's appraisal complaints against the Trust.

13. The total amount of time billed by FBBC lawyers and staff related to the defense of PDC's West Virginia appraisal litigation was $296,703.25, which amount is included in the total time of $2,391,225.00 set forth on Exhibit 1. The total costs expended by FBBC related to the West Virginia appraisal litigation are $3,288.87. It is my belief that the time expended by FBBC on the defense of PDC's West Virginia appraisal complaints benefited the class as it avoided the potential of inconsistent rulings between this Court and the Circuit Court of Kanawha County as to, inter alia, the value of the limited partners interests in the four PDC limited

6

partnerships in which the Trust was a limited partner, which partnerships were among the 11 limited partnerships involved in the *Schulein v. PDC* litigation.

14. The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the usual customary hourly rates charged for their services in business litigation cases in which my firm is retained on an hourly basis.

15. The total number of hours expended by my firm in this litigation from inception through January 28, 2015, less any time spent on plaintiffs' motion for attorneys' fees and expenses, is 6,174.63 hours. The total lodestar for the firm is $2,391,255.00. Should the Court request further supporting documentation for these amounts, the firm is prepared to provide it.

16. As detailed in Exhibit 3, my firm has incurred at total of $912,633.35 in unreimbursed expenses in connection with the prosecution of this litigation. This includes $72,633.35 of direct firm expenses and $840,000.00 which my firm contributed to the joint litigation fund.

17. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other materials that represent an accurate recordation of the expenses incurred. Should the Court request further supporting documentation for these amounts, the firm is prepared to provide it.

18. I respectfully request the Court to approve a thirty percent (30%) contingent fee for plaintiffs' counsel in this litigation based on the fact that there were: (a) a contested motion to dismiss or in the alternative stay the case filed by PDC, with further briefing requested by the Court on the Colorado River doctrine; (b) a contested motion for class certification; (c) a contested motion for summary judgment filed by PDC; and (d) a contested motion filed by PDC to decertify the class. Because the case did not settle prior to the initial trial date, all pre-trial work required by the FRCP and this Court's local rules were timely filed by Plaintiffs'

counsel, and objections were filed to Defendant PDC's motions in limine, and Plaintiffs' filed their own motions in limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2015, at Santa Barbara, California.


_/s/ Thomas G. Foley, Jr._
Thomas G. Foley, Jr.

# EXHIBIT 1

# EXHIBIT 1

| *Schulein, et al. v. PDC*<br>Firm Name: Foley Bezek Behle & Curtis, LLP<br>Inception of case through January 28, 2015 | | | |
|---|---|---|---|
| **Name (Status)** | **Cumulative Hours** | **Rate** | **Cumulative Lodestar** |
| Thomas G. Foley, Jr. (Partner) | 1973.35 | 600.00 | $1,184,010.00 |
| Peter J. Bezek (Partner) | 5.10 | 600.00 | $3,060.00 |
| Roger N. Behle, Jr. (Partner) | 0.70 | 525.00 | $367.50 |
| Robert A. Curtis (Partner) | 269.63 | 525.00 | $141,555.75 |
| Justin P. Karczag (Partner) | 394.70 | 525.00 | $207,217.50 |
| Kevin D. Gamarnik (Associate) | 853.15 | 350.00 | $298,602.50 |
| Muhammed T. Hussein (Associate) | 79.50 | 350.00 | $27,825.00 |
| Stephanie Hanning (Associate) | 8.60 | 350.00 | $3,010.00 |
| Amanda Naples (Associate) | 80.80 | 350.00 | $28,280.00 |
| Aaron L. Arndt (Associate – as of July 1, 2013) | 653.80 | 297.50 | $194,505.50 |
| Colleen Connors (Paralegal) | 222.50 | 190.00 | $42,275.00 |
| Paralegal | 7.70 | 190.00 | $1,463.00 |
| Document Clerk | 787.75 | 95.00 | $74,836.25 |
| Adam Chayes (Clerk) | 52.30 | 220.00 | $11,506.00 |
| Aaron L. Arndt (Clerk – up to June 30, 2013) | 785.05 | 220.00 | $172,711.00 |
| **Totals** | 6,174.63 | -- | $2,391,225.00 |

# EXHIBIT 2

# EXHIBIT 2

*Schulein, et al. v. PDC* (re Rodenfels West Virginia Action)
Firm Name: Foley Bezek Behle & Curtis, LLP
Inception of case through January 28, 2015

| Name (Status) | Cumulative Hours | Rate | Cumulative Lodestar |
|---|---|---|---|
| Thomas G. Foley, Jr. (Partner) | 287.95 | 600.00 | $172,770.00 |
| Robert A. Curtis (Partner) | 8.60 | 525.00 | $4,515.00 |
| Justin P. Karczag (Partner) | 24.15 | 525.00 | $12,678.75 |
| Kevin D. Gamarnik (Associate) | 211.80 | 350.00 | $74,130.00 |
| Stephanie Hanning (Associate) | 0.50 | 350.00 | $3,010.00 |
| Colleen Connors (Paralegal) | 37.55 | 190.00 | $7,134.50 |
| Adam Chayes (Clerk) | 4.5 | 220.00 | $990.00 |
| Aaron L. Arndt (Clerk – up to June 30, 2013) | 110.50 | 220.00 | $24,310.00 |
| **Totals** | 685.55 | -- | $296,703.25 |

# EXHIBIT 3

# EXHIBIT 3

*Schulein, et al. v. PDC*
*Firm Name: Foley Bezek Behle & Curtis, LLP*
*Costs Inception of case through January 28, 2015*

| Category | Class Action 1324.01 | Rodenfels 1324.02 | All cases |
|---|---:|---:|---:|
| Legal research | 2,470.11 | 117.86 | 2,587.97 |
| Telephone | 146.46 | | 146.46 |
| In house copies | 13,573.82 | 192.10 | 13,765.92 |
| Travel expenses | 35,069.12 | 2,661.56 | 37,730.68 |
| Postage | 122.29 | 6.15 | 128.44 |
| Filing fees | 100.00 | | 100.00 |
| Outside professional | 1,311.60 | | 1,311.60 |
| Attorney Service | 2,369.95 | | 2,369.95 |
| Transcripts | 288.79 | | 288.79 |
| Meals | 4,672.10 | 77.79 | 4,749.89 |
| Delivery Expense | 4,672.45 | 233.41 | 4,905.86 |
| Supplies | 172.50 | | 172.50 |
| Outside photocopy | 29.74 | | 29.74 |
| Expert fees | 4,058.49 | | 4,058.49 |
| **Totals** | **69,057.42** | **3,288.87** | **72,346.29** |

**Litigation fund payments**          **840,000.00**

Exhibit 3