**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiffs*

**POMERANTZ LLP**
Omar Jafri
(admitted *pro hac vice*)
Diego Martinez-Krippner
(admitted *pro hac vice*)
Genc Arifi
(admitted *pro hac vice*)
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:   ojafri@pomlaw.com
         dmartinezk@pomlaw.com
         garifi@pomlaw.com

*Lead Counsel for Lead Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN A. FELIPE,<br><br>*Plaintiff*,<br><br>v.<br><br>PLAYSTUDIOS, INC., *et al*.,<br><br>*Defendants*. | Case No: 2:22-CV-01159-RFB-NJK<br><br>HON. RICHARD F. BOULWARE II<br><br><u>CLASS ACTION</u><br><br>**REPLY IN SUPPORT OF PLAINTIFFS' (I) UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS** |

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class,  respectfully submit this reply in further support of their Motion for Final Approval of Class Action Settlement and Plan of Allocation and their Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs, which were filed on September 15, 2025.  *See* ECF Nos. 171, 172.  This reply[1] is supported by the Supplemental Declaration of Rochelle J. Teichmiller Regarding Notice Administration (the "Supp. Mailing Decl."), attached hereto as Exhibit 1.[2]

## I.    PRELIMINARY STATEMENT

Final approval is warranted because the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $6,500,000.  This cash payment represents approximately 18% of the roughly $35.42 million of Plaintiffs' estimated aggregate statutory damages for the Section 11 claims, and roughly 15% of the $42.7 million of Plaintiffs' estimated aggregate damages for the

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings set forth and defined in the Stipulation and Agreement of Settlement, filed on March 6, 2025 (the "Stipulation") (ECF No. 164-2).

[2] The "Settlement Class" means all persons and entities who: (a) purchased or otherwise acquired public shares in Playstudios, Inc. ("Playstudios") (including by way of exchange of publicly-listed Acies Acquisition Corp. ("Acies") shares) pursuant to or traceable to the Proxy/Registration Statement; (b) were solicited to approve the merger between Playstudios and Acies and who exchanged publicly-listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (c) purchased or otherwise acquired Playstudios common stock between August 11, 2021 and May 5, 2022, both dates inclusive; and as to any of (a)-(c) were damaged thereby.  Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Playstudios or Acies; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Playstudios, or was a Private Investment in Public Equities investor in Playstudios; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  As detailed herein, no Settlement Class Member has requested exclusion.

REPLY IN SUPPORT OF PLAINTIFFS' (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS
2:22-CV-01159-RFB-NJK

Section 14(a) claims (which estimates reflect concurrent and not additive damages). The recovery as a percentage of total estimated damages for the Section 10(b) claims is even higher. This is an excellent result for the Settlement Class. As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 171, 172), the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations. It represents a favorable result for the Settlement Class in light of the substantial challenges that Plaintiffs would have faced in proving liability and recovering damages.

Plaintiffs have satisfied all elements of the Notice program authorized by this Court in its Preliminary Approval Order, providing Settlement Class Members reasonable notice in plain language of the terms of the Settlement, the Plan of Allocation, and their opportunity to object to or seek exclusion from the Settlement. Approximately 16,053 Postcard Notices were mailed to potential Settlement Class Members and their nominees. Supp. Mailing Decl. at ¶4. Additionally, copies of the Notice and Proof of Claim, and other key documents were made available on a website for Settlement Class Members to review. *Id*. at ¶7. Finally, a toll-free hotline was established to answer questions of potential claimants. *Id*. at ¶6. Thus, the Notice provided constitutes the best notice practicable under the circumstances and satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and the Private Securities Litigation Reform Act of 1995.

The reaction of the Settlement Class confirms that the Settlement is an excellent result. The Court-ordered deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, Attorneys' Fees and Litigation Expenses, or Plaintiffs' requested reimbursement awards, or to opt-out of the Settlement, passed on September 16, 2025. ECF No. 170 at ¶25. As of this filing, the Claims Administrator has received 6,281 Proofs of Claim on behalf of purported Settlement Class Members seeking recovery under the Settlement, and no exclusions or objections to the Settlement have been received. Supp. Mailing Decl. at ¶¶8-10. The absence of objections from Settlement Class Members and total lack

of opt-outs, along with the benefits provided to the Settlement Class Members by the Settlement, support final approval of the Settlement by the Court.[3]

Accordingly, Plaintiffs and Lead Counsel respectfully submit that the reaction of the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees, expenses and reimbursement awards to Plaintiffs.

## II.    ARGUMENT

### A.    The Absence of Objections Strongly Supports Final Approval

The total absence of objections from Settlement Class Members is strong evidence of the fundamental fairness of the Settlement, Plan of Allocation, attorneys' fees and litigation expenses, and requests for reimbursement awards to Plaintiffs. *See Ching v. Siemens Indus., Inc.*, No. 11-CV-04838-MEJ, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) (lack of objections is a "positive response" and supports that "the settlement is favorable to the class members"). Where few or no class members object to a settlement, courts infer that the class as a whole approves of the settlement as fair, adequate, and reasonable. *See, e.g.*, *Int'l Bhd. of Elec. Workers Local 697 Pension Fund v. Int'l Game Tech., Inc.*, No. 3:09-CV-00419-MMD, 2012 WL 5199742, at *3 (D. Nev. Oct. 19, 2012) (ruling that only one objection to a settlement supports its fairness, reasonableness, and adequacy); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (finding that "the lack of objection from any Class Member supports the attorneys' fee award"); *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *16 (C.D. Cal. June 10, 2005) (observing that one objector to a settlement in which notice was disseminated to over 6,000 potential class members, "is remarkably small given the wide dissemination of notice [and] [a]ccordingly, the Court concludes that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund"); *Ching*,

---

[3] Attached as Exhibit 2 is a revised [Proposed] Order for final approval of the Settlement that adds applicable dates and specifies that no Settlement Class Member objected to the Settlement or excluded themselves from the Settlement, but is otherwise identical to the Proposed Order previously submitted and filed at ECF No. 164-8.

REPLY IN SUPPORT OF PLAINTIFFS' (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS
2:22-CV-01159-RFB-NJK

2014 WL 2926210, at *8 (finding "the lack of objection from the class after notice further demonstrates the reasonableness and fairness of Class Counsels' fee request"). The Court can infer from the absence of objections, too, that a class approves of the awards to representative plaintiffs. *See Jenson, v. First Tr. Corp.*, No. CV 05-3124 ABC (CTX), 2008 WL 11338161, at *16 (C.D. Cal. June 9, 2008) (no objections to awards to class representatives support their approval); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 6902856, at *9 (N.D. Cal. Nov. 21, 2016) (approving award to plaintiffs, in part, as "[n]o one has objected to the proposed incentive award").

### B.   The Total Absence of Exclusions Supports Final Approval

No request to be excluded from the Settlement has been received. *See* Supp. Mailing Decl. at ¶8. That all eligible investors remain in the Settlement Class also strongly supports final approval. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (holding that the fact that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1040 (N.D. Cal. 2007) (settlement found to be adequate, fair, and reasonable where there were only four requests for exclusion).

### C.   Non-Lead Counsel Cannot "Object" to Lead Counsel's Fee Request or Recover Attorneys' Fees for Merely Initiating this Action

Foley Bezek Behle and Curtis LLP ("FBBC") does not, and cannot, contest that its negligent failure to monitor the docket is an invalid reason for bringing an untimely motion for attorneys' fees. *See, e.g.*, *Roofer's Pension Fund v. Papa*, No. 16-2805 (RMB) (LDW), 2024 U.S. Dist. LEXIS 164194, at *41-42 (D.N.J. Sep. 12, 2024) (collecting cases that rejected excusable neglect claims where, like FBBC, non-lead counsel failed to monitor the docket of a class action). Nor does FBBC dispute that it could easily have filed an appearance and received automatic updates of any activity in this Action, but deliberately chose not to even after seizing an opportunity to demand payment from Lead Counsel six months before filing an untimely motion. Nor does FBBC dispute causing unnecessary expense by forcing Lead Plaintiffs and Lead Counsel to respond to its frivolous motion even after Lead Counsel explained to FBBC that its interpretation of the law was unsound. *See, e.g.*, *Harrington v. Tackett*, No. 3:18-cv-00028-WGC, 2020 U.S.

4

Dist. LEXIS 162780, at *15, *19-20 (D. Nev. Sep. 4, 2020) (ruling that repeated failure to follow the rules and cause unnecessary expense prejudices the other party). For these reasons, the Court can simply deny FBBC's motion as untimely.

To attempt to mask its blatant violation of this Court's deadlines, FBBC mischaracterizes its request to divert to itself part of the fee proposed by Pomerantz LLP as an "objection." Notwithstanding the fact that FBBC created no actual unique benefit at all for the Settlement Class and thus deserves nothing, it is not a proper objector under the Federal Rules of Civil Procedure. FBBC notably avoids mention of the Rule addressing class action fee requests, which expressly defines who may object: "A class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(2). FBBC's request is also internally inconsistent. If it actually created a unique benefit for the Settlement Class – which it did not – any fees awarded would come from the common fund, after providing proper notice to the class, not privately from whatever the Court determines should be awarded to Lead Counsel. Lead Counsel's well-substantiated request is already substantially below the Ninth Circuit's 25% benchmark, and should not be further reduced because FBBC decided to violate the rules.

Regardless, the specifics of FBBC's "objection" are contrived and make no sense. The lodestar cross-check is meant to test the appropriateness of the percentage requested as fees from the common fund, which here (20%) is already below the 25% benchmark set by the Ninth Circuit. Multipliers are also common in contingency cases. Had Lead Counsel spent even a third of the billable time, with a multiplier of 3, commonly awarded in settlements of this size, the fee award would then also be within the range of reasonableness. So, what is the point of scrutinizing Lead Counsel's "detailed billing statements?" ECF No. 188 at 3. There is none except that FBBC is willing to make up any excuse to have its untimely motion heard. FBBC is also fundamentally incorrect in claiming that Lead Counsel's fee request did not comply with LR 54-14. That Rule applies to prevailing parties seeking attorneys' fees and costs; not fee requests made by class counsel, who represent the class on an entirely contingent basis. In any event, "a reasonable description and itemization of the work performed," LR 54-14(a)(1), can already be found in two

declarations filed in support of Lead Counsel's fee requests. ECF Nos. 173 at ¶¶40-60, 173-2. Similar affidavits are routinely filed and accepted in virtually every securities case, including those filed in this District, a crucial fact FBBC never disputes. *See, e.g.*, *Ferris et al. v. Wynn Resorts Limited et al.*, No. 2:18-cv-00479, ECF Nos. 438-1, 438-2 (D. Nev.); *In re Paysign Inc. Sec. Litig.*, No. 2:20-cv-00553, ECF Nos. 66-1, 66-2 (D. Nev.). The Court should note that Christian Felipe, the initial plaintiff on whose behalf FBBC filed a complaint, who is also a Settlement Class Member, never objected to Lead Counsel's request for attorneys' fees and expenses, or to any other aspect of the Settlement. This damning fact seriously undermines FBBC's credibility in seeking relief from the Court.

FBBC's regurgitated arguments for seeking attorneys' fees are long on inflammatory rhetoric but empty on substance. It admits to relying exclusively on public information to draft a cursory complaint. The best that it can muster is that a perfunctory "event study" was prepared by an expert—whose work by the way is nowhere to be found in FBBC's initial complaint—but most securities litigation firms usually do that. Thus, FBBC has yet again failed to show that it provided any independent benefit to the Settlement Class that could not be easily duplicated by an average attorney. It does not even address this "independent benefit" standard. *See* ECF No. 181 at 10-11 (citing cases). "Diligently analyzing publicly available data" does not come close. ECF No. 188 at 10. And there is nothing "novel" or unique about identifying a change in launch timelines by reviewing multiple drafts of the same publicly filed document. FBBC is free to self-congratulate itself for that, but it is not a work of genius by any measure, and FBBC is not entitled to any attorneys' fees for doing what any ordinary attorney would do.

At the core, FBBC assumes that since no other law firm filed a complaint before FBBC did, no other law firm could duplicate its work or file a lawsuit raising the same allegations before the statute of limitations expired. That is not a valid reason to feel entitled to a windfall. In essence, FBBC asks the Court to create a new standard that disregards the substantial deference courts afford to lead counsel's decisions concerning the allocation of fees, and rewards the first filer based on the assumption that nobody else could have "discovered" the claims because the

first filer beat them to the courthouse. That standard is the exact opposite of the one adopted by the federal courts, and it would vitiate one of the principal purposes of the Private Securities Litigation Reform Act of 1995.

Finally, FBBC admittedly fails to show that its request for attorneys' fees is reasonable and fair. FBBC believes that it should not be required to do so, but the federal courts have held otherwise. *See, e.g.*, *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 88 (2d Cir. 2010) (holding that courts must assess whether non-lead counsel's fee request is reasonable even assuming non-lead counsel provided an independent benefit to the class). FBBC's refusal to show that its fee request is reasonable and fair, which it is not, forms an independent ground to deny FBBC's motion in full. *Id.*

**IV.    CONCLUSION**

For all the reasons stated herein, and in the memoranda of law in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and in their Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs (ECF Nos. 171, 172), Plaintiffs respectfully request the Court to enter the attached Proposed Order and Final Judgment.

[*signature page follows*]

REPLY IN SUPPORT OF PLAINTIFFS' (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS
2:22-CV-01159-RFB-NJK

Dated: October 7, 2025

Respectfully submitted,

**POMERANTZ LLP**

By: /s/ *Omar Jafri*

Omar Jafri (*pro hac vice*)
Diego Martinez-Krippner (*pro hac vice*)
Genc Arifi (*pro hac vice*)
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: ojafri@pomlaw.com
      dmartinezk@pomlaw.com
      garifi@pomlaw.com

*Lead Counsel for Plaintiffs*

**MUEHLBAUER LAW OFFICE, LTD.**
Andrew R. Muehlbauer
Nevada Bar No. 10161
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

*Liaison Counsel for Plaintiffs*

REPLY IN SUPPORT OF PLAINTIFFS' (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS
2:22-CV-01159-RFB-NJK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2025, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS' (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will send notification of such to all CM/ECF participants.

/s/ *Andrew R. Muehlbauer*
Andrew R. Muehlbauer

9