# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

CHRISTIAN A. FELIPE, *et al.*,

Plaintiffs,

v.

PLAYSTUDIOS, INC., *et al.*,

Defendants.

Case No. 2:22-cv-01159-RFB-NJK

**FEE ORDER**

Before the Court is Foley Bezek Behle & Curtis, LLP ("FBBC")'s Motion for Attorneys Fees and Objection to Request of Attorneys' Fees by Lead Counsel (ECF No. 174). For the following reasons, the Court denies this motion.

## I.    BACKGROUND

FBBC's motion for attorney's fees is the final act of a multi-year, class-action lawsuit against Defendants for violations of securities laws.

On April 5, 2022, Plaintiff Christian A. Felipe filed suit against Defendants by and through FBBC. See ECF No. 1. Originally, this case was brought in the U.S. District Court for the Northern District of California, and it was overseen by the Honorable Vince G. Chhabria. See ECF No. 10.

On July 12, 2022, Judge Chhabria appointed The Phoenix Insurance Company Ltd. and The Phoenix Provident Pension Fund Ltd. as lead plaintiffs. See ECF No. 44. Simultaneously, Judge Chabbria appointed Pomerantz LLP as lead counsel. See id.

On July 18, 2022, Judge Chhabria granted the Parties' Stipulation to Transfer Venue, and this case was transferred to the U.S. District Court for the District of Nevada. See ECF No. 48. It was then assigned to the Honorable Richard F. Boulware, II. See ECF No. 51.

For nearly 3 years thereafter, the Parties vigorously litigated this case. Then, on January 27, 2025, the Parties filed a stipulation to stay proceedings because they reached a tentative settlement agreement. See ECF No. 162. The Court granted this stipulation. See ECF No. 163.

On March 6, 2025, Lead Plaintiffs filed an unopposed motion for preliminary approval of a proposed class action settlement. See ECF No. 164. The Court approved their motion on June 27, 2025, and it scheduled a final approval hearing on October 14, 2025. See ECF No. 170. Subsequently, notice of the proposed settlement was disseminated to thousands of prospective claimants (collectively, the "Settlement Class"). See ECF No. 171 at 13.

On September 15, 2025, Lead Plaintiffs filed an unopposed motion for final approval of the proposed settlement. See id. Simultaneously, they moved the Court to award attorney's fees and expenses to Lead Plaintiffs and Lead Counsel. See ECF No. 174.

The next day, FBBC filed its motion for attorney's fees. See ECF No. 174. Through it, FBBC seeks $101,349 for its pre-appointment work and $31,200 for motion practice stemming from its fee request. See ECF Nos. 174, 188. In FBBC's eyes, these fees should be drawn from Lead Counsel's award. See ECF No. 174 at 2. Lead Plaintiffs responded on September 30, 2025. See ECF No. 181. FBBC replied on October 7, 2025. See ECF No. 188. The Court heard argument on this motion on October 14, 2025.

Since the Court cannot approve the Parties' proposed settlement unless and until it determines the appropriate fee award, it must address FBBC's motion first. The Court's order on this motion follows.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 23, district courts may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). In the Ninth Circuit, "non-class counsel can be entitled to attorney's fees" in certain circumstances, namely when they "contribute[ ] to the creation of a common fund or otherwise benefit[ ] the class." In re Volkswagen "Clean Diesel" Marktg., Sales Practs., and Prods. Liab. Litig., 914 F.3d 623, 641 (9th Cir. 2019). Nonetheless, courts have an independent obligation to

ensure that any fees awarded pursuant to Rule 23(h) are reasonable, See In re Optical Disk Drive Prods. Antitrust Litig., 959 F.3d 922, 929 (9th Cir. 2020), especially in the context of private, securities class action lawsuits. See 15 U.S.C. § 78u-4(a)(6). Accordingly, this Court has discretion to award—or not award—fees to non-lead counsel. See In re Optical Disk Drive Prods. Antitrust Litig., 959 F.3d at 929; see also In re Cendant Corp. Litig., 404 F.3d 173, 187 (3rd Cir. 2005) ("[C]ourts have significant flexibility in setting attorneys' fees" in common fund, class action cases); id. at 197 ("[R]esponsibility for determining fees for the work of non-lead counsel performed before the appointment of the lead plaintiff will rest, in the first instance, with the district court."); see also In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 993 (9th Cir. 2010) ("[A] district court has broad discretion to determine attorneys' fees.") (citation omitted).

## III.    DISCUSSION

The Court finds that FBBC's request for attorneys' fees is procedurally and substantively unreasonable because it is an exceedingly belated request that threatens to disrupt the settlement process based on an unreasonable projection of billable hours.

### A.  FBBC's Motion Is Procedurally Unreasonable

As a preliminary matter, FBBC's motion is exceedingly, and inexplicably, belated. FBBC has been aware of the proposed settlement since at least March of this year. See ECF No. 181-2 (email exchange between FBBC and Lead Counsel discussing fees stemming from the settlement). At that time, FBBC engaged in extensive discussions with Lead Counsel regarding its fee request, and it knew that Lead Counsel would not include FBBC in its own motion for attorney's fees. See id. Furthermore, FBBC knew—or should have known—that the Settlement Class is entitled to review FBBC's fee request. See infra. Nonetheless, FBBC brought nothing to this Court's attention until September 16, 2025. See ECF No. 174. By then, this Court had already approved a preliminary version of the proposed settlement and authorized Lead Counsel to disseminate its own fee-and-reimbursement application to the Settlement Class. See ECF No. 170. FBBC has failed to provide an adequate explanation for this delay or why it did not file an identical motion months ago. At that point, the Court could—and would—have ironed out any fee disputes before

the settlement approval process was all but complete. That is no longer possible. Under these circumstances, it is unreasonable for FBBC to file a last-minute motion to secure attorney's fees from a proposed settlement that has already been negotiated, finalized, and reviewed. Cf. Mitchell v. Keith, 752 F.2d 385, 392 (9th Cir. 1985) (suggesting that an unnecessary delay in filing a motion for attorney's fees can render it unreasonable).

After all, the Court finds that FBBC's motion would deliberately disrupt—if not undo—the settlement reached in this case. The Court cannot award any fees to FBBC unless and until the firm provides proper notice to the Settlement Class, which has not been made aware of the fee dispute unfolding before this Court. Under the Private Securities Litigation Reform Act ("PSLRA"), an attorney who intends to seek fees or costs from a settlement fund must provide notice of their request to the class. See 15 U.S.C. § 78u-4(a)(7)(c) ("If any of the settling parties or their counsel intend to apply . . . for an award . . . from any fund established as part of the settlement, [they must provide a statement clearly summarizing their request] on the cover page of any notice to a party of any proposed or final settlement agreement."). To date, FBBC has provided no such notice. Thus, the Court would necessarily have to place a nearly finalized settlement agreement on hold, and it has no guarantee that the agreement would survive extended proceedings. At this late stage of the game, the Court finds that this course of action is unreasonable.

In response to these procedural concerns, FBBC contends that the Settlement Class does not need further notice because the Settlement Class's recovery is unaffected by this fee dispute. Admittedly, the Settlement Class's payout would remain the same if the Court grants FBBC's motion because FBBC's fees would be drawn from Lead Counsel's award. See ECF No. 172 at 2. Nonetheless, the Court declines to unilaterally approve a distinct fee request that has not been viewed—much less considered—by the very class of people who are paying for it. The entire point of PSLRA's "notice requirement is to allow class members to evaluate a proposed settlement." In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 970 (9th Cir. 2007). A request for attorney's fees is part and parcel of a proposed settlement in this context. See 15 U.S.C. § 78u-4(a)(7). Thus, the Settlement Class is entitled to evaluate FBBC's request, and putative class members are entitled

to object to it if they do not want to compensate FBBC. See FED. R. CIV. P. 23(h)(2) ("A class member . . . may object to [a motion for attorney's fees]."). The Court is in no position to disregard these procedural requirements by redirecting a portion of the proposed settlement to a firm that the Settlement Class has not agreed to pay. To do so would be to disregard PSLRA, the Federal Rules of Civil Procedure, and this Court's fiduciary responsibility toward the Settlement Class. See In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 994–95 (9th Cir. 2010) ("As a fiduciary for the class, the district court must act with a jealous regard to the rights of those who are interested in the fund . . . . Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests.") (citations omitted).

### B.  FBBC's Motion Is Substantively Unreasonable

As a final note, the Court also finds that FBBC's request is substantively unreasonable because it is premised on an irrational projection of billable hours. FBBC is seeking an award of $101,349 for its pre-appointment work. The Court is not convinced that it took 171 billable hours to research, draft, and file a 36-page complaint. See ECF No. 1. The Court finds much of the information in the complaint could be readily gleaned from public information. The Court finds that FBBC is requesting an unreasonable amount of fees for the minimal amount of work it performed at the dawn of this litigation. Since FBBC has presented such an inflated request for fees, the Court finds that it would be unreasonable for the Court to award them.

### IV.   CONCLUSION

For the foregoing reasons, the Court finds that FBBC's request for attorney's fees is unreasonable. Therefore, **IT IS HEREBY ORDERED** FBBC's Motion for Attorneys Fees and Objection to Request of Attorneys' Fees by Lead Counsel (ECF No. 174) is **DENIED**. A separate order shall issue dealing with the remaining motions related to the proposed settlement agreement.

**DATED:** November 25, 2025.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**