UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

CHRISTIAN A. FELIPE, *et al.*,

　　Plaintiffs,

　　v.

PLAYSTUDIOS, INC., *et al.*,

　　Defendants.

Case No. 2:22-cv-01159-RFB-NJK

**SETTLMENT APPROVAL ORDER**

**ORDER AND FINAL JUDGMENT**

On October 14th, 2025, this Court held a hearing to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 5, 2025 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether, and in what amount, to award Lead Counsel fees and reimbursement of expenses; and (5) whether, and in what amount, to award Plaintiffs reimbursement awards; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Postcard Notice, substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement dated June 27, 2025 ("Preliminary Approval Order"), was mailed to all reasonably identifiable Settlement Class Members; and the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") was posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice of Pendency and Proposed Class Action Settlement substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

**IT IS HEREBY ORDERED**:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation (ECF No. 164-2), and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and the Defendants.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

   (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

   (b) there are questions of law and fact common to the Settlement Class;

   (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

   (d) Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

   (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

   (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

      i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

      ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

      iii. the desirability or undesirability of concentrating the litigation of these

claims in this particular forum; and

  iv. the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only, the Court hereby finally **CERTIFIES** this action as a class action for a Settlement Class consisting of all persons and entities who: (a) purchased or otherwise acquired public shares in PLAYSTUDIOS, INC. ("Playstudios") (including by way of exchange of publicly-listed Acies Acquisition Corp. ("Acies") shares) pursuant to or traceable to the Proxy/Registration Statement (as defined in the Stipulation); (b) were solicited to approve the merger between Playstudios and Acies and who exchanged publicly listed Acies shares for Playstudios Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (c) purchased or otherwise acquired Playstudios common stock between August 11, 2021, and May 5, 2022, both dates inclusive ("Settlement Class Period"); and as to any of (a)–(c) who were allegedly damaged thereby. Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Playstudios or Acies; (c) any entity that has entered into a stockholder agreement or co-venture agreement with Playstudios, or was a Private Investment in Public Equities ("PIPE") investor in Playstudios; and (d) any entity controlled, majority-owned or wholly owned, or affiliated with any of the above. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for settlement purposes only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, Pomerantz LLP, previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the

circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

6. There have been no objections to the Settlement.

7. In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Settlement is approved as fair, reasonable, and adequate, under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and all claims contained therein, as well as all the Released Claims, are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment

shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be, and hereby are, permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to, or concerning such Persons' participation in any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation. Defendants have no responsibility with respect to the Plan of Allocation.

13. The Court finds that all Parties and their counsel have complied with all

requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

      14.    Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

      (a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action or of any wrongdoing, liability, negligence or fault of the Defendants, the Released Parties, or any of them;

      (b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved, or made by any of the Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal;

      (c)    is or may be deemed to be or shall be used, offered, or received against the Parties, Defendants, or the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

      (d)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than, or greater than the amount which could

1    have or would have been recovered after trial.

2    15.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their respective Released Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their respective Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

16.    Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

17.    Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.    Without further order of the Court, the Defendants and Class Representative may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    The finality of this Order and Final Judgment shall not be affected, in any manner,

by rulings that the Court may make on Class Counsel's application for an award of attorney's fees and expenses or an award to the Class Representatives.

20. Lead Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs (ECF No. 172) is **GRANTED**. Class Counsel are hereby awarded **20%** of the Settlement Fund in fees (i.e., $1,300,000), which the Court finds to be fair and reasonable, and **$140,596.48** in reimbursement of expenses plus interest earned on such amounts while deposited in the Settlement Fund. Defendants shall have no responsibility for any allocations of attorney's fees and expenses and shall have no liability to Class Counsel or any other person in connection with the allocation of attorney's fees and expenses. Class Representatives are hereby awarded **$10,000** each, which the Court finds to be fair and reasonable.

21. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, or the Effective Date does not occur, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to January 20, 2025, pursuant to the terms of the Stipulation.

**DATED**: December 7, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**